**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  BADWI          RAMZI          AHMED
(Last)              (First)           (Initial)

Prisoner Number  CDC # K-81555

Institutional Address  SALINAS VALLEY STATE PRISON
P. O. BOX 1050   Soledad CA 93960

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RAMZI BADWI
(Enter the full name of plaintiff in this action.)

vs.

(WARDEN) MR. EVANS, (Acting)
(WARDEN) MR. MOORE and G. LEWS
DR. CHARES LEE, DR. BOWMAN, DR. KUMAR
(Sgt) OYAR ZABAL (Lt) KESSLER 1 to 60 (AND JOHN DOE)
(AGPA) MS. KATES  See EXHIBIT 1 Page 1 to 6
(Enter the full name of the defendant(s) in this action)

CV 08 2221

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

**E-filing**

SBA
(PR)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

   [**Note:** You must exhaust your administrative remedies before your claim can go
   forward. The court will dismiss any unexhausted claims.]

   A.   Place of present confinement  Salinas Valley State Prison

   B.   Is there a grievance procedure in this institution?

         YES (✓)     NO ( )

   C.   Did you present the facts in your complaint for review through the grievance
        procedure?

         YES (✓)     NO ( )

   D.   If your answer is YES, list the appeal number and the date and result of the
        appeal at each level of review. If you did not pursue a certain level of appeal,
        explain why.

COMPLAINT                               - 1 -

1. Informal appeal *LEVEL BYPASS ON MARCH 29, 2007* Log No: 07-00445, Single Cell Status, Safety Concerns FROM Sexual Assoult

2. First formal level *DENIED ON 2-15-2007*

3. Second formal level *DENIED ON 3-12-2007* Log No: 07-00 445. Single Cell Status, Sefety Concerns FROM Sexual Assoult

4. Third formal level *DENIED ON 4-18-2007*. Log No: 07-00 445. Single Cell Status, Sefety Concerns FROM Sexual Assoult. *PLAINTIFF RECEIVED 602* Appeal on Appil 25, 2007 See EX 2 page 419

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)     NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why. _____

_____

_____

II.   Parties.

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

RAMZI BADWI. SALINAS VALLEY STATE PRISON P.O. Box 1050, SOLEDAD, CALIFORNIA 93960

B.   Write the full name of each defendant, his or her official position, and his or her place of employment.

(WARDEN) MR. EVANS, (Acting) MR. MOORE and G. Lews, DR. CHARLES LEE

MR. KATES (Acting) MR. E. JONES, MR. HJEIDEN, (Lt) KESSLER
DR. BOWMAN, MS. KATES, DR. KUMAR, (captain) MS. MANTEL,
(counselor) E. MEDINA, (Sgt) D. GALLOWAY, (Sgt) MR. HOGAN,
(Sgt) MR. OYARZABAL, (Sgt) MR. HUBBARD, (Sgt) GONSAN,
(captain) MR. HATTON, (Lt) MR. R. MOJICA, AND DEFENDANTS witch

III.     Statement of Claim.     AND JOHN DOE 1 to 60    See EXHIBIT 1 page 1-6

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

ON APRIL 24, 2007 PLAINTIFF WAS RAPED IN
HIS CELL BY HIS CELLMATE, INMATE BONILLA,
P-70348. ON APRIL 26, 2007 INMATE BONILLA,
WAS PAID $1.000 DOLLER WRETH OF
TOBACC FROM ISU STAFF AT SALINAS
VALLEY STATE PRISON AFTER A NIGHT
TIME INTERVIEW WITH ISU STAFF
JOHN DOE'S NUMBER (1 to 4) THIS IS A
SWEARING STATEMENT UNDER PENALTY
OF PERJURY OF INMATE FRIERSON,
C-24469 WITH HIS THUMB PRINTS ON
A SWEARING DOCUMENTS DATED MAY 11,
2007 (See EXHIBI 6 PAGE 1-2). ISU STAFF

IV.     Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

FEDERAL COURT ORDER, TO GRANT INJUNCTIVE RELIEF
① TO OPPOINTE U.S. FEDERAL DISTRICT ATTORNEY, Because
THE RAPE WAS NOT ACCIDENT, ② ∎ FEDERAL Protecsion

COMPLAINT                                    - 3 -

STATEMENT OF CLAIM

1  JOHN DOE'S NUMBER (1 to 4) PAID INMATE BONILLA,
2  RIGHT AFTER PLAINTIFF BEENING RAPED.
3  BEFORE THE RAPE ACCORD PLAINTIFF WAS ASKING
4  FOR EMERGENCY HELP, BECAUSE PLAINTIFF SAFETY
5  IS IN EMINENT DANGER WHENEVER INMATE BONILLA,
6  IS ON CRYSTAL METH, PLAINTIFF SAFETY IS IN
7  DANGER FROM SEXUAL ASSAULT OR RAPE. ON
8  APRIL 16 2007 PLAINTIFF WAS INTERVIEWED
9  BY SERGEANT OYARZABAL, PLAINTIFF COMPLAINT
10 TO SERGEANT THAT BONILLA, IS ON CRYSTAL METH
11 AND PLAINTIFF TOLD SERGEANT IF HE CAN MOVE
12 I/M BONILLA OUT OF THE CELL, SERGEANT
13 RESPONSE WAS NO, ADN ASK PLAINTIFF TO GO
14 BACK TO THE CELL (SEE EXHIBIT 2 PAGE 13-14).
15 ON FEBAUARY 8, 2007 PLAINTIFF WAS INTERVIEWED
16 BY DR. BOWMAN, DURING THE INTERVIEWE, PLAINTIFF
17 SAFETY CONCERNS WERE NOT AT ALL ANY CONCERN
18 OF HIS IN REGARDS TO PLAINTIFF SINGLE CELL
19 STATUS, DUE TO PLAINTIFF MEDICAL DISABILITY
20 NEEDS. DR. BOWMAN IS AWARE OF PLAINTIFF
21 DISABILITY, BECAUSE DR. BOWMAN IS THE ADA
22 DOCTOR FOR INMATES WITH DISABILITY,S
23 (SEE EXHIBIT 2 PAGE 2-18). DR. BOWMAN
24 PREVIDED PLAINTIFF WITH MEDICAL CHRONO
25 FOR A WEEKLY MEDICAL SUPPLIES, CONDOM
26 CATHETERS, DIAPERS, ADDITIONAL LINEN,
27 EXTRA SHEETS AND EXTRA ROLE OF TOILET
28 PAPER (SEE EXHIBIT 2 PAGE 17-18). DR. BOWMAN

STATEMENT OF CLAIM

1  ▓▓▓▓▓▓ RESPONDS TO PLAINTIFF SINGLE
2  CELL STATUS FOR SAFETY CONCERNS IS, THE ONLY
3  WAY PLAINTIFF CAN GET SINGLE CELL STATUS
4  IS, IF PLAINTIFF WAS SERIOUSLY ASSAULTED
5  OR ATTEMPTED MURDER INSIDE THE CELL BY
6  PLAINTIFF OR A CELLMATE. WHEN PLAINTIFF
7  WAS RAPE ON APRIL 24, 2007 PLAINTIFF SUFFERED
8  FROM THE RAPE, PLAINTIFF COMPLAINT OF THE
9  RAPE (SEE EXHIBIT 5 PAGE 1-5) WHEN I/M BONILLA
10 SEXUALLY ASSULTED PLAINTIFF SEVERAL TIME
11 BETWEEN THE HOURS OF 11:00 AM AND 5:00 AM
12 DUE TO PLAINTIFF HANDICAP CONFINED TO A
13 WHEELCHAIR, WHEN I/M BONILLA SEXUALLY
14 ASSULTED PLAINTIFF THE WHOLE TIME I/M
15 BONILLA WAS ON CRYSTAL METH, BETWEEN THE
16 HOURS OF 1:00 AM TO 5:00 AM PLAINTIFF WAS
17 HOPING AND PRAYING THAT A C/O STAFF JOHN
18 DOE NUMBER (5) WOULD WALK BY AND STOP I/M
19 BONILLA FROM SEXUALLY ASSULTING PLAINTIFF
20 BUT THE ONLY C/O STAFF JOHN DOE NUMBER (6) WAS
21 AT THE CONTREL BOOTH, PLAINTIFF WAS HOPING WHEN
22 THE C/O STAFF JOHN DOE NUMBER (5) RELEASE THE
23 KITCHEN WORKER'S AT 5:30 AM THE C/O STAFF JOHN DOE
24 NUMBER (5) WOULD WALK IN THAT AREA OF PLAINTIFF
25 CELL, BUT THE STAFF WAS TO FAR FOR PLAINTIFF TO
26 GET HIS ATTENTION, I/M BONILLA WAS STANDING
27 BY THE DOOR, SO PLAINTIFF JUST SITTING IN ▓▓
28 HIS BED, AND HOPING AT 6:00 AM A ▓▓ NEW STAFF

Page 2 of 3

STATEMENT OF CLAIM

WILL ▓▓▓ STARTS AT WORK, AN HOPING AT 6:am THE
DOOR WELL OPEN FOR BREAKFAST, WHEN THE DOOR
DID FINALLY OPEN PLAINTIFF WENT TO THE
C/O STAFF JOHN DOE NUMBER (7) AND PLAINTIFF
TELO HIM THAT I AM SUICIDAL, PLAINTIFF
DIDN'T WANT TO TELL THE STAFF ANYTHING
ABOUT THE RAPE PLAINTIFF WANTED TO TAK THIS
RAPE ASSULT TO HE GRAVE WITH HAME. SO
WHAT THE C/O STAFF JOHN DOE NUMBER (7)
DID HE SAID TO PLAINTIFF TO GO BACK TO YOUR
CELL AT WHICH TIME PLAINTIFF RAFUSED AND
THEN THE C/O STAFF ▓▓▓ JOHN DOE NUMBER
(7) GO LOCK UP IN THE SHOWER, BECAUSE THERE
IS KNOW DOCTOR HERE YET. ABOUT 15 MINUTES
LATER THE CONTREL BOOTH C/O STAFF JOHN
DOE NUMBER (8) HE ASK PLAINTIFF TO GO TO
MEDICAL. WHEN PLAINTIFF WANT TO MEDICAL
ON APRIL 24, 2007 (SEE EXHIBIT 15 PAGE 13-14)
PLAINTIFF WAS HOPING THAT HE WOULD STAY
AT CTC MEDICAL INFIRMARY ON SUICIDE WATCH
FOR 2 TWO WEEKS BY THEN CUSTODY WELL ROLE
UP PLAINTIFF PROPERTY FROM HIS CELL AT
A-2-142 AND A NEW INMATE WELL MOVE IN
THE CELL, BUT PLAINTIFF WAS DISCHARGED BACK
TO THE SAM YARD TO SAM CELL A-2-142 ON
APRIL 25, 2007. WHEN PLAINTIFF WANT BACK
TO THE SAM YARD PLAINTIFF WANT TO SARGENT
GALLOWAY PLAINTIFF TOLD SARGENT GALLOWAY

Page 3 of 3

## STATEMENT OF CLAIM

1. EVERYTHING ABOUT THE RAPE, SARGENT GALLOWAY
2. WANT TO HIS LIEUTENAT STAFF JOHN DOE NUMBER
3. (9) SARGENT GALLOWAY TOLD PLAINTIFF THAT
4. I/M BONILLA WELL MOVE TO BULDING 3 THREE
5. AND PLAINTIFF WELL GO BACK TO THE CELL
6. IN A-2-142, INMATE BONILLA TOLD PLAINTIFF
7. BEHIND THE FENCE THAT HE WELL HURT PLAINTIFF
8. FOR TELLING SARGENT GALLOWAY OF THE RAPE.
9. ON APRIL 25, 2007 ISU Ms. McKINNELY AND
10. STAFF JOHN DOE NUMBER (10) INTERVIEWED
11. PLAINTIFF REGARDING THE RAPE THAT INMATE
12. BONILLA DID TO PLAINTIFF SEE COPY OF THE
13. COMPLAINT (See EXHIBIT 5 PAGE 1-5) PLAINTIFF
14. TOLD ISU OF THE EVIDENCE THAT PLAINTIFF
15. WAS WEARING THE SWEAT PANTS HEAD
16. I/M BONILLA SEMAN ON IT, IN PLAINTIFF
17. CELL I/M BONILLA SEMAN ON THE FLOOR
18. THE SHEETS BLANKTE. WHEN PLAINTIFF TOLD
19. ISU OF THE RAPE THAT I/M BONILLA USEING
20. HIS FINGERS TO RAPE PLAINTIFF, STAFF JOHN
21. DOE NUMBER (10) STARTED LEFING HE SAID
22. THESE NOT RAPE USEING HIS FINGERS. WHEN THE
23. INTERVIEW WAS OVER FROM ISU Ms. McKINNELY
24. AND JOHN DOE NUMBER (10) THEY WANT TO PLAINTIFF
25. CELL A-2-142 WITH THERE BRIEFCASE, CUSTODY
26. TOOK PLAINTIFF BACK TO HIS CELL, A-2-142
27. WHEN PLAINTIFF WANT BACK TO HIS CELL
28. PLAINTIFF SAW THE CELL EMTE, THE SHEETS

<u>STATEMENT OF CLAIM</u>

1. AND BLANKTES OUT SIDE THE CELL ON THE
2. FLOOR PLAINTIFF PROPERTY WAS ROLED UP IN
3. BOX'S. ON APRIL 26, 2007 CUSTODY TOOK
4. PLAINTIFF TO CTC MEDICAL FOR MEDICAL
5. EXAMINATION BY DR. MILLNER, DR. MILLNER
6. RECOMMENDED THAT PLAINTIFF BE EXAMINAT
7. BY NATIVIDAD MEDICAL CENTER FOR FURTHER
8. TREATMENT AND EXAMINATION (see EXHIBIT 3
9. PAGE 1-2). BUT CAPTAIN OR THE LIEUTENAT
10. FROM ISU STAFF JOHN DOE NUMBER (11) HE WAS
11. ARGUING WITH DR. MILLNER NOT TO SENT
12. PLAINTFF TO NATIVIDAD MEDICAL HOSPITAL
13. FOR 40 MINUTES OF ARGUMENT WITH THE DR.
14. MILLNER NOT TO SANT PLAINTIFF OUT FOR
15. EXAMINATION, HOWEVER PLAINTIFF DID GO
16. TO NATIVIDAD MEDICAL HOSPITAL RECOMMENDED
17. BY DR. MILLNER. WHEN PLAINTIFF WAS BEING EXAMINAT
18. BY SEXUAL ASSAULT RESPONSE TEAM, LEGAL EVIDENCE
19. WAS OBTAINAD, INJURIES WERE PRESENT AND
20. PICTURES WORE TAKEING, BLOOD TEST FOR
21. TRANSMITTED DISEASS OR INFECTIONS, AND
22. TESTED FOR D.N.A. EVIDENCE FOR INMATE BONILLA
23. SEMEN. BUT THE DOCTOR DID THE TESTE SHE SAID
24. SHE WELL TURN THE EVIDENCE TO THE ATTORNEY
25. GENERAL, BUT ISU STAFF JOHN DOE NUMBER
26. (12 AND 13) REFUSED THE DOCTOR FROM TURNING
27. THE EVIDENCE TO THE ATTORNEY GENERAL, ISU
28. STAFF JOHN DOE'S NUMBER (12 AND 13) TOOK THE

<u>STATEMENT OF CLAIM</u>

EVIDENCE FROM THE DOCTOR AND TOOK THE
EVIDENCE TO PRISON WITH PLAINTIFF. WHEN
DR. MILLNER RECOMMENDED PLAINTIFF TO BE
EXAMINAT BY NATIVIDAD MEDICAL HOSPITAL
TO SEE SEXUAL ASSAULT RESPONSE TEAM FOR
FURTHER TREATMENT AND DR. MILLNER ARGUD
WITH ISU STAFF JOHN DOE NUMBER (11) IN
BEHIVE OF PLAINTIFF. 2 TWO MONTHS LATER
DR. MILLNER WAS REQUESTING FROM ISU
STAFF JOHN DOE NUMBER (14) THE RESULTS OF
PLAINTIFF BLOOD TEST FROM NATIVIDAD MEDICAL
HOSPITAL AND DOCUMENTS OF THE RAPE AND
EXAMINATION, ISU STAFF REFUSED DR. MILLNER
REQUESTE FOR THE RESULTS OF THE TEST FROM
NATIVIDAD MEDICAL HOSPITAL. DR. MILLNER
DID HIS OWN BLOOD TEST FROM THE PRISON ON
JUNE 5, 2007 (See EXHIBIT 3 PAGE 3-7) ON JULY
OR AUGUST OF 2007 DR. MILLNER WAS FIRED
FROM HIS JOB FOR HELPING, RECOMMENOEDING
AND REQUESTING FROM ISU DOCUMENTS OF THE
RAPE EXAMINATION. PLAINTIFF WAS
INFORMED OF DR. MILLNER OF BEING FIRED
FROM HIS JOB, INFORMED BY STAFF JOHN DOE
NUMBER (15). SINCE APRIL 25, 2007 PLAINTIFF
BEEN IN SOLITARY CONFINEMENT AD/Seg FOR
SAFETY CONCERNES FROM A YARD INMATES.
AND PLAINTIFF HIS BEEN IN AND OUT OF CTC
MEDICAL INFIRMARY, ON JUNE 17, 2007

<u>STATEMENT OF CLAIM</u>

1. PLAINTIFF WANT ON HUNGER STRIKE TO FIGHT
2. FOR JUSTICE. WHEN PLAINTIFF FOUND OUT
3. OF INMATE BONILLA CDC # P-70348 WAS
4. PAID TOBACC WRETH $1.000 RIGHT AFTER
5. PLAINTIFF WAS BEEN RAPED AND I/M
6. BONILLA WAS ~~BEING~~ INVESTIGCTION BY
7. <u>ISU STAFFS</u>, AND A COVER-UP OF THE RAPE
8. AND NO DOCUMENTATION OF THE INVESTIGATION,
9. NO DOCUMENTATION FROM NATIVIDAD MEDICAL
10. HOSPITAL EXAMINAT OF THE RAPED ACCORD
11. (See EXHIBIT 15 PAGE 22-28). WHEN, BEFOR
12. PLAINTIFF HUNGER STRIKE PLAINTIFF WEGHT
13. 188.00 POUNDS ON JUNE 17 2007 AND AFTER
14. THE HUNGER STRIKE PLAINTIFF WEGHT 136.6
15. POUNDS ON OCTOBER 3, 2007. ON APRIL 25, 2007
16. PLAINTIFF RECEIVED A LOCKED UP ADMINISTRATIVE
17. SEGREGATION FROM SARGENT GALLOWAY AND
18. LIEUTENAT MOJICE FOR SAFETY CONCERNS (See
19. EXHIBIT 4 PAGE 1) THERE IS NO MANCHAED
20. OF THE RAPE OR ATTEMPTED RAPE TO PLAINTIFF
21. AND THERE IS NO MANCHAED OF I/M BONILLA,
22. THAT A RAPE ACCORD TO PLAINTIFF ON THE
23. DOCUMENT. PLAINTIFF WAS TOLD BY SARGENT
24. GALLOWAY THAT IF PLAINTIFF REFUSE TO
25. SIGNAT THE ROCKED UP DOCUMENT THAT PLAINTIFF
26. WILL GO BACK TO THE YARD, SO PLAINTIFF
27. SIGNAT THE DOCUMENT FOR SAFETY CONCERNS.
28. ON APRIL 25, 2007 INMATE BONILLA WAS MOVED

STATEMENT OF CLAIM

TO BUILDIND (3) WITH INMATE FRIERSON CDC #C-24469, INMATE FRIERSON HIS PICTURES OF HIS CHILDREN ON THE WALL WHEN INMATE FRIERSON WAS SLEEPING AND INMATE BONILLA WAS MASTERBATING TO THE PICTURES ON THE WALL OF INMATE FRIERSON CHILDREN; WHEN INMATE FRIERSON WHOK-UP AND SEEING INMATE BONILLA MASTERBATING TO HIS PICTURES OF HIS CHILDREN. INMATE FRIERSON AND BONILLA ███████ STARTED TO ARGUING, INMATE BONILL WAS ARMED WITH A RAZOR BLADE IN HIS HAND AND STARTED TO FIGHTING WITH INMATE FRIERSON. INMATE FRIERSON WAS LOCKED UP IN SOLITARY CONFINEMENT FOR A CELL FIGHT, INMATE BONILLA NEVER BEEN ANY DISCIPLINARY FOR CELL FIGHT WITH INMATE FRIERSON AND NO CHARGED FOR RAPEING PLAINTIFF ON APRIL 24, 2007 AND ON CRYSTAL METH, EVEN WAN ISU STAFF JOHN DOE'S NUMBER 16 AND 17 TESTE INMATE BONILLA FOR CRYSTAL METH AND UPTAINED HIS D.N.A. AT NATIVIDAD MEDICAL HOSPITAL AFTER THE RAPE. THE STAFF ATTEMPTED TO MANIPULATE INMATE FRIERSON TO SIGN A DOCUMENT THAT INMATE FRIERSON AND PLAINTIFF ARE ENEMIES (SEE EXHIBIT 7 PAGE 1-2 ) AND HIS THUMB PRINT AND A ███████

Page 8 of 3

STATEMENT OF CLAIM

1. ~~HE IS A~~ SWEARING STATEMENT UNDER PENALTY
2. OF PERJURY OF INMATE FRIERSON CDC#C-24469.
3. INMATE FRIERSON WAS BEING VICTIMIZE AND
4. PUNISH FOR NOT BEING A PART OF SOME TYPE
5. OF COVER-UP, INMATE FRIERSON REFUSE TO
6. LIE AND SIGN DOCUMENTS, THIS IS HIS SWEARING
7. STATEMENT UNDER PENALTY OF PERJURY OF
8. INMATE FRIERSON CDC#C-24469 WITH HIS THUMB
9. PRINT'S ON A SWEARING DOCUMENTS DATE JUNE
10. 26, 2007 (See EXHIBIT 8 page 1). ON JULY
11. 12, 2007 INMATE FRIERSON WAS CALLED TO
12. CLASSIFICATION FOR PROGRAMING REVIEW,
13. WHICH INMATE FRIERSON DID'T UNDERSTAND
14. ISU STAFF SARGENT GOMEZ AND ISU STAFF
15. MS. MCKINNELY TELLING INMATE FRIERSON
16. WHEN THEY RELEASE INMATE FRIERSON
17. BACK TO "A YARD FAC" AND TO KEEP HIS MOUTH
18. CLOSED, THIS IS HIS SWEARING STATEMENT
19. UNDER PENALTY OF PERJURY OF INMATE
20. FRIERSON CDC#C-24469 WITH HIS THUMB PRINTS
21. ON A SWEARING DOCUMENTS (See EXHIBIT 9 page
22. 1) WHEN PLAINTIFF WAS ON HUNGER STRIKE
23. AND WAS ADMID TO CTC MEDICAL INFIRMARY
24. PLAINTIFF WAS INTERVIEWED BY SPECIAL
25. AGENT MR. M. SICHLER ON OCTOBER 30, 2007
26. THIS WAS TAPE RECORDED OF THE INTERVIEW
27. REGARDING PLAINTIFF RAPE, MR. SICHLER
28. SAID TO PLAINTIFF THAT HE IS FROM THE

STATEMENT OF CLAIM

1  INTERNAL AFFAIRS OFFICE, LATE ON
2  NOVEMBER OR DECEMBER OF 2007 PLAINTIFF
3  FOUND OUT THAT MR. SICHLER IS FROM
4  CALIFORNIA DEPARTMENT OF CORRECTIONS FROM
5  SACRAMENTO, MR. SICHLER WRIT HIS OWN
6  NAME ON A PAPER FOR PLAINTIFF (See EXHIBIT
7  10 PAGE 1). ON JULY OF 2007 PLAINTIFF
8  WAS INTERVIEWED BY MS. MEGAN HAGLER
9  FROM PRISON LAW OFFICE, PLAINTIFF REQUESTED
10 MS. HAGLER HOLP, IF SHE CAN CONTACTE THE
11 OFFICE OF INTERNAL AFFAIRS, ON AUGUST
12 2, 2007 MS. HAGLER REQUESTED THAT THE OFFICE
13 OF INTERNAL AFFAIRS INVESTIGATE SALINAS
14 VALLEY'S A REVIEW OF PLAINTIFF ALLEGATION
15 OF SEXUAL ABUSE, TO DATE PLAINTIFF DID
16 NOT RECEIVED A RESPOND FROM THE
17 OFFICE OF INTERNAL AFFAIRS (See EXHIBIT
18 11 PAGE 1-8). ON MAY 7 2007 PLAINTIFF FILED
19 IS FIRST INMATE APPEAL 602, BUT PLAINTIFF DID
20 NOT RECEIVE OR HEAR A RESPONES BACK FROM
21 THE ASSIGNED STAFF FOR FIRST LEVEL RESPONSE
22 WHEN PLAINTIFF WAS IN SOLITARY CONFINEMENT
23 AD/Seg, PLAINTIFF 602 APPEAL WAS BEING
24 DISPOSED OF, SO ON AUGUST 7 2007 PLAINTIFF
25 WAS AT CTC MEDICAL INFIRMARY PLAINTIFF
26 FILED HIS SECOND 602 APPEAL, BUT THE APPEALS
27 COORDINATOR REFUSED TO RESPONE OR ASSIGNED
28 THE 602 APPEAL TO A STAFF FOR A FIRST LEVEL

<u>STATEMENT OF CLAIM</u>

1  RESPONES (See EXHIBIT 12 PAGE 1-13) PLAINTIFF
2  MAILED A COPY OF THE 602 APPEAL TO THE CALIFORNIA
3  DIRECTOR OF CORRECTIONS AT SACRAMENTO LOG
4  NO: 07-04117 (See EXHIBIT 17 PAGE 4-9).
5  PLAINTIFF DID MAILE A COPY TO THE U.S.
6  DEPARTMENT OF JUSTICE ASKING FOR THERE
7  HOLP TO INVESTIGATEION OF SEXUAL ABUSE AND
8  A COVER-UP BY SALINAS VALLEY STATE PRISON
9  OF THE RAPE (See EXHIBIT 17 PAGE 11-13). WHEN
10 PLAINTIFF RECEIVED HIS COPY FROM CALIFORNIA
11 DIRECTOR OF CORRECTIONS, PLAINTIFF FILED HIS
12 602 APPEAL LOG NO: 07-04117 TO THE APPEALS
13 COORDINATOR, BUT THE APPEAL COORDINATOR
14 REJECTED BECAUSE THERE HAS BEEN A TIME LAPSE
15 BETWEEN THE RAPE AND THE APPEAL FILED LOG NO:
16 07-04117 (See EXHIBIT 17 PAGE 1-3). WITH
17 SALINAS VALLEY STATE PRISON STAFF DID IS AT
18 SOLITARY CONFINEMENT NOSeg, IS EVERY TIME
19 PLAINTIFF FILE A 602 APPEAL REGARDING THE
20 RAPE, THE STAFF DID IS DELIBERATELY DISPOSED
21 OF PLAINTIFF 602 APPEAL UNTIL AT IS TO LITE
22 TO FILE AN APPEAL, BECAUSE OF STATUTE OF LIMITATIONS
23 WITH PLAINTIFF WAS ASK THE PRISON STAFF EN
24 HIS 602 APPEAL IS IF PLAINTIFF IS BEN INTITOL
25 FOR INVESTIGATEION FROM INTERNAL AFFAIRS IF
26 DEAR IS EVIDENCE OF STAFF MISCONDUCT. AFTER
27 PLAINTIFF WAS RAPE THE PRISON STAFF GRANTED
28 PLAINTIFF SINGLE-CELL STATUS (See EXHIBIT 16 PAGE

<u>STATEMENT OF CLAIM</u>

1  **2-3)**. ON MARCH 5, 2000 PLAINTIFF WAS AT
2  CORCORAN STATE PRISON WHERE PLAINTIFF RECEIVED
3  A CHRONO FOR SINGLE CELL STATUS PERMANENT
4  BY MEDICAL BECAUSE PLAINTIFF IS PARALYZED
5  FROM THE WAIST DOWN AND HIS NO CONTROL
6  OVER HIS BOWEL MOVEMENTS (See EXHIBIT 2
7  PAGE 15). ON MARCH 27, 2001 PLAINTIFF
8  ARRIVED TO SALINAS VALLEY STATE PRISON
9  AND PLAINTIFF WAS PUT ON SINGLE CELL STATUS
10 REGARDING MEDICAL CANCERNS DUE TO DISABILIT
11 (See EXHIBIT 2 PAGE 16). ON FEBRUARY OF
12 2006 PLAINTIFF WAS CALLED TO THE PROGRAEM
13 OFFICE FOR INTERVIEW WITH CAPTAIN MS.
14 MANTEL AND ACDING WARDEN JOHN DOE NUMBER
15 (18) TOLD PLAINTIFF THAT HE IS NO LONGER
16 SINGLE CELL STATUS WITHOUT MEDICAL EXMINATION
17 BY ADA MEDICAL DOCTOR BECAUSE MEDICAL
18 STAFF DOCTOR GRANTED PLAINTIFF SINGLE CELL
19 STATUS FROM MARCH 5, 2000 TO FEBRUAR OF
20 2006, AND CUSTODY STAFF CAPTAIN MS. MANTEL
21 AND ACDING WARDEN JOHN DOE NUMBER (18) TAKEN
22 PLAINTIFF SINGLE CELL STATUS ON FEBRUARY OF
23 2006. PLAINTIFF FIRST ROOMMATE ENDED UP
24 LEAVING AFTER 2-3 WEEKS. PLAINTIFF HAD NO
25 ROOMMATE PRIOR TO THIS. ON MARCH 20, 2006
26 PLAINTIFF INJURED HIS RIGHT ARM (See EXHIBIT
27 15 PAGE 10) SHOULDER. PLAINTIFF RIGHT ARM
28 SHOULDER INJURE OF ROTATOR CUFF TENDON TEAR

# STATEMENT OF CLAIM

1. PLAINTIFF INJURED HIS SHOULDER "PULLING
2. ON THE FENCE" WHICH PLAINTIFF TYPICALLY
3. DOES TO MOBILIZED HIS WHEELCHAIR, BECAUSE
4. OF PLAINTIFF'S WEAKNESS OF HIS LEFT
5. SHOULDER ARM. AFTER PLAINTIFF INJURE OF
6. HIS SHOULDER ARM ON MARCH 20, 2006 PLAINTIFF
7. WAS TRANSFERR TO CTC MEDICAL INFIRMARY
8. WERE PLAINTIFF WAS ADMITED TO CTC FOR
9. TREATMENT. PLAINTIFF WAS IN-PATIENT
10. FROM MARCH 20, 2006 TO OCTOBER OF 2006
11. PLAINTIFF WAS SENT BACK TO "A YARD" CELL
12. A-2-142, AND WAS HOUSED WITH A "CHILD
13. MOLESTER" PLAINTIFF IMMEDIATELY EXPERIENCED
14. PROBLEMS WITH THIS ROOMMATE. WHENEVER
15. PLAINTIFF WOULD HAVE TO EXPOSE HIS PRIVATE
16. AREA TO CHANGE HIS "DIAPPERS" OUT OF
17. NECESSITY PLAINTIFF CELL MATE WOULD CLIMB
18. FROM TOP BUNK AND SIT ON THE TOILET WITH A
19. MAGAZINE IN FRONT OF HIS FACE PRETENDING
20. TO READ IT WHILE PEEKING AROUND THE SIDE
21. TO VIEW WHAT HE WAS DOING IN HOPES OF
22. GETTING A GLANCE AT PLAINTIFF PRIVATE
23. AREA. PLAINTIFF REPORTS COMPLAINING TO
24. C/O STAFF MR. MENDOZA AND C/O STAFF MR. MORCSIL
25. AND REQUESTING THE REMOVAL OF THIS INMATE
26. TRUEMAN OUT OF CELL A-2-142, THIS DID NOT
27. OCCUR 3 WEEKS LATER C/O STAFF MR. MENDOZA
28. RECOMMENDED THAT HE SPEAK WITH ONOTHER

<u>STATEMENT OF CLAIM</u>

1  INMATE IN CELL #104, PLAINTIFF APPROACHED
2  THE INMATE IN CELL A-2-104 TO SEE IF A SWAP
3  COULD OCCUR INMATE BONILLA AGREED TO
4  DUE A SWAP WITH THE CHILD MOLESTER INMATE
5  TRUEMAN BUT BONILLA "CELLIE" INMATE CONAJO
6  THIS IS NICKNAMED DID NOT WANT "THE CHILD
7  MOLESTER" <u>PLAINTIFF</u> PREVIOUSLY PURCHASED
8  A GOLD NECKLACE WITH A CROSS AND SINE
9  PLAINTIFF IS A MUSLIM PLAINTIFF DID NOT
10 WEAR IT SO PLAINTIFF GAVE THE NECKLACE
11 TO INMATE CONAJO AS PAYMENT TO ACCEPTED
12 THE "CHILD MOLESTER" PLAINTIFF OBTAINED
13 INMATE BONILLA CDC #P-70348 AS HIS CELLIE.
14 PLAINTIFF AND BONILLA WERE CELL MATES
15 FOR 1½ MONTHS BEFORE PLAINTIFF WAS
16 RAPED. AFTER THE RAPE PLAINTIFF RECEIVED
17 HIS SINGLE CELL STATUS AGAIN. INMATE
18 BONILLA CDC # P-70348 THE PERPETRATOR HAS
19 BEEN ALLOWED TO ROAM FREELY ON THE YARD
20 AND NO CHARGES HAVE BEEN BROUGHT AGAINST
21 INMATE BONILLA CDC #P-70348, EVEN WHEN
22 INMATE BONILLA UNDER THE INFLUENCE OF
23 CRYSTAL METH AND INMATE BONILLA WAS TESTED
24 FOR CRYSTAL METH BECAUSE PLAINTIFF TOLD
25 SARGENT OYARZABAL ON APRIL 16, 2007 AND
26 ISU STAFF MS. MCKINNELY AND STAFF JOHN DOE
27 NUMBER (10) OF INMATE BONILLA BEING ON THE
28 INFLUENCE OF CRYSTAL METH INMATE BONILLA

# STATEMENT OF CLAIM

1. WAS TESTED FOR CRYSTAL METH ON APRIL 26, 2006
2. BY ISU STAFF JOHN DOE NUMBER (16 AND 17) INMATE
3. BONILLA WAN'T TO NATIVIDAD MEDICAL HOSPITAL
4. FOR THE TEST AFTER THE RAPE. THE PRISON LAW
5. OFFICE CONTACTING THE INTERNAL AFFAIRS TO
6. INVESTIGATE SALINAS VALLEY'S PRISON FOR
7. DELIBERATE FAILURE TO INVESTIGATE SEXUAL
8. ABUSE FULLY. PLAINTIFF DID NOT RECEIV A
9. RESPONOS FROM INTERNAL AFFAIRS AND PRISON
10. LAW OFFICE SINCE OCTOBER OF 2007. THERE
11. IS EVIDENCE THAT DEFEDANTS DELIBERATELY
12. KNOW THAT PLAINTIFF IS FACEING A SUBSTANTIAL
13. OF RISK OF SERIOUS HARM (See EXHIBIT 2 PAGE
14. 2-18) AND DEFENDANTS DISREGARDS THAT
15. RISK BY FAILING TO TAKE REASONABLE
16. STEPS TO ABATE IT See FARMER V. BRENNAN,
17. 511 U.S. 825, 837 (1994) PLAINTIFF CLAIM
18. UNDER THE FOURTEENTH AMENOMEN DEFENDANTS
19. WRONGFUL ACT OF "DELIBERATELY
20. INDIFFERENT TO THE PLAINTIFF. PLAINTIFF
21. LISTS THE FOLLOWING ABOVE EVIDENCE
22. WHICH ESTABLISH THAT HE SUFFERRED A
23. FUNDAMENTAL MISCARRIAGE OF JUSTICE as
24. A RESULT OF DEFENDANTS.
25.
26.
27.
28. APRIL 22, 2008                    Benny Bader

Page 15-of-3

from Serious Badle harm of Injury from STAFF
Defedants and INMATE'S. ③ S.V.S.P., THE IDENTIFICATION
of Defendants John Doe's Number 1 to 18. ④ Defendants
To RESPON TO PLAINTIFF COMPLAINT. ⑤ ⟶

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___22___ day of ___APRIL___, 20___

_Barry Badir_

(Plaintiff's signature)

**COMPLAINT**      - 4 -

## FELIEF FOR COURT ORDER

1  ~~PLAINTIFF~~ OF THE 602 APPEAL Log NO:D-07-0
2  4152 REGARDING PLAINTIFF BEING RAPE THAT
3  ACCORD ON APRIL 24, 2007 (See EXHIBIT 12 PAGE
4  1-13) So PLAINTIFF CAN EXHAUSTING HIS
5  ADMINISTRATIVE APPEAL REMEDIES AS REQUIRED
6  UNDER THE (PLRA). ⑥ DEFENDAN PROVIDE PLAINTIFF
7  WITH ALL COMPLETION OF DISCOVERY OF THE
8  DOCUMENTS INVESTIGATEION OF THE RAPE ALL
9  EVIDENCE INCLUDING TAPES RECORDING
10 INTERVIEWS, D.N.A. TESTING OF INMATE BONILLA
11 CDC # P-70348 AND TESTING OF THE AND CRYSTAL METH
12
13 ⑦ PLAINTIFF RESPECTFULLY REQUEST THIS COURT
14 TO GRANTE PLAINTIF REQUEST LEAVE TO AMEND
15 HIS CIVIL RIGHTS COMPLAINT "AFTER" COMPLETION
16 OF DISCOVERY OF THE EVIDENCE INVESTIGATEION
17 OF IDENTIFICATION OF JOHN DOE'S NUMBER'S
18 1 to 18
19
20 ⑧ PLINTIFF RESPECTFULLY REQUEST FOR A
21 COURT ORDER FOR ACCESS TO LAW LIBRARY,
22 BECAUSE SALINAS VALLEY STATE PRISON DENIED
23 PLAINTIFF ACCESS.
24
25
26
27
28

CV 08     2221





# Salinas Valley State Prison Staff-Counselor's

| Title | Name | Position | Date | |
|-------|------|----------|------|---|
| CC II | E. Medina | Counselor | 4-16-07 | Single-Cell ✗ |
| CC II | E. Durgow | | | |
| CC II | Mr. A. Williams | Counselor (SUP) | 5-3-07 5-10-07 | Fac "D-8" |
| FC(A,W) | E. Jones | ~~█████~~ | 5-3-07 5-10-07 | Fac "D-8" CTC on 11-20 10-29,30,11-2-07 ✗ |
| CDW(A) | G. Lews | | 5-3-07 5-10-07 | Fac "D-8" |
| Psy.D | S. Torrez | | 5-10-07 | Fac "D-8" |
| CC I | Mr. S. Hjeiden | on 6-13-07. Attempted to | | |
| | manipulate I/m FRIERSON CDC NO C24469 to | | | |
| | Sign a Document | | | |

# Salinas Valley State Prison I.S.U. Staff

| Title | Name | Position | Date | |
|-------|------|----------|------|---|
| Captain ISU | Refused his name | I.S.U | 4-26-07 | ~~███~~ Interviewed at CTC RE: RAPE |
| Sgt ISU | Mr. Gomez | I.S.U | 4-26-07 | |
| I.S.U. C/O | Refused his name | I.S.U | 4-25-07 | 4-25-07, 4-26-07 at Fac A Rape Interferrin |
| I.S.U. C/O | Mckinnely | I.S.U | 4-25-07 | RAPE Interferring Fac "A" |
| I.S.U. C/O | ~~Saltoe~~ Solano | I.S.U | 4-26-07 | Hospital-EXAM |
| I.S.U. C/O | Refused his name | I.S.U | 4-26-07 | Hospitol-EXAM |
| ~~I.S.U. C/O~~ | ~~████████~~ | | | |
| E.S.U. | MR. McCall | CTC Interviewed | ~~Investigate~~ the RAPE on 7/17/07 | |

Pg 1

CX-1-pg 1

## Salinas Valley State Prison
## Correctional Officers' and Staff

| Title | NAMES | POST. POS. | |
|-------|-------|-----------|---|
| Warden | MR. EVANS | Adm | |
| Captain | Ms. MANTEL | FAC "A" | Program Office 2/W single cell f-26 |
| C.D.W | MR. MOORE | Adm-1. | |
| Captain | HATTON | D9 | 4-27-07          2/W |
| Lieutenant | MR. KESSLER | FAC "A" | Program office 2/W |
| Lieutenant | MR. R. MOJICA | FAC "A" | Program Office 3/W |
| Sargent | MR. D. Galloway | FAC "A" X | Program Office 2/W |
| Sgt. | MR. OYARZABAL | FAC "A" X | Single-cell 4-16-07 |
| Sgt. | MR. HOGAN | FAC "A" | Program Office 3/W |
| Sgt. | MR. HUBBARD | CTC X | ON 4-26-07     property |
| C/O | MR. RINCAN | FAC "A" | |
| C/O | MR. FRANCO | CTC X | ON 4-26-07     property |
| C/O | Mr. CHIN | FAC "A" | A2- for my property on 4-25-07 |
| C/O | MR. ORRIONDE | FAC "A" | A2- for property on 4-25-07 |
| C/O | MR. MUNGER | FAC "A" | A2-STAFF |
| C/O | MR. MENDOZA | FAC "A" | A2-STAFF 3/07 |
| C/O | MR. MORCSIL | FAC "A" | A2-STAFF 3/07 |
| C/O | MR. CARY | FAC A X | medical on 4-25-07 property |
| C/O | MR. Bowers | | medical on 4-25-07 |
| C/O | Hicks | FAC "A" | A3-STAFF |
| C/O | mr. Roach | FAC "A" | A3-STAFF |
| Sgt. | MR. GONSAN | D-9 | 4-27-07 |
| Sgt. | MR. LUNA | CTC | 7/16-07 |
| A.W. | MR. Trexler | CTC WArden | medical A.W. Warden 7-16-07 7-30-07 |
| ISU | MR. McColl McColl | CTC Interviewed | Investigate the RAPE on 7-17-07 |
| F.C. | B. Rankin | ICC/D.2 | |

SX-1-P52  Pg2

# Salinas Valley State Prison

| Title | Name | Position | |
|-------|------|----------|---|
| Captain | Rinken | 2/W D8 | D-Yard |
| Lt. | Shelby | 2/W | Fac. D |
| Sgt | Richardson | 2/W | Fac. D8 |
| Lt. | Stevenson | 3/W | Fac. D8 |
| Sgt. | Setzer | 3/W | Fac. D8 |
| C/O | Milhouse | 2/W | D8 |
| C/O | Bryant | 2/W | D8 7-12-07 |
| C/O | Wolf | 2/W | D8 |
| C/O | Blanco | 2/W | D8 |
| C/O | Sparling | 2/W | D8 |
| C/O | Cosmo | 3/W | D8 Control Booth |
| C/O | Espey | 3/W | D8 |
| C/O | Tran | 3/W | D8 |
| C/O | Ramos | 3/W | D8 |
| C/O | Brown | 3/W | D8 |
| C/O | Gonzalas | 3/W | D8 |
| C/O | Ruiz | 3/W | D8 Control Booth |
| C/O | Reaner | 2/W | AD Seg-Proprety Officer |
| C/O | Mendez | 2/W | AD Seg-Proprety Officer |
| CCI | J. Martin | | Appeals Coordinators |
| CCII | T. Variz | | Appeals Coordinators |
| CCII | E. Medina | | |
| Lieutenant | L.A. Negron Jr. | | |
| CSR | J. Short | | |
| CCII | A. Meden (sup) | ICC | |
| X6005 | Isaacs | CTC | CTC 4-26-07 |

EX-1- Pg 3

# SALINAS VALLEY STATE PRISON
## Medical Department, Staff/Employees

| Title | Name | Position | Date | |
|-------|------|----------|------|---|
| CMO | Charles Dudley Lee | M. D CMO | | CTC single cell 602 |
| Doctor | Robert Bowman | M.D | 2-15-07<br>2-8-07 | CTC single cell 602<br>And Fac "D-8" |
| Doctor | Carl Millnar | M.D | 4-3-07<br>4-26-07 | CTC |
| Doctor | Helmer | M.D | 9-1-06 | CTC |
| Doctor | Kumar | M.D | 3-12-07 | CTC single cell 602 |
| Doctor | Perason | M.D | 4-4-07 | CTC |
| Doctor | E. Eskandar | Ph.D | | CTC |
| Doctor | Hobar | M.D | 4-4-07<br>4-27-07 | CTC |
| Doctor | P. Bonilla | Ph.D | | Fac "D-8" |
| Doctor | Exum | M.D | | CTC |
| Doctor | E. Gregory | M.D | | CTC |
| Doctor | Keily | M.D | | CTC |
| Doctor | V. Norum | M.D | | CTC |
| Doctor | Sandrs | M.D | | CTC |
| Doctor | Ms. Bey's | M.D | 11-2-06 | Fac "A" |
| Doctor | R. Orling | M.D | 5-3-07 | Fac "D-8" Psy.D |
| Doctor | Sid RA | M.D | | Fac "D-8" |
| Doctor | Peterson | M.D | | CTC |
| Doctor | Gange | M.D. | | CTC |
| Doctor | Norum | M.D. | 4-26-07 | CTC |
| Doctor | CARd. | M.D. | 7-12-07 | Fac "D-8" |
| Doctor | NGUYEN | M.D | | CTC Infirmary |
| Doctor | Torrez, | M.D | | Mental Health 02 |
| Doctor | Ms. Brannon | ACMO | 10/18/07 | CTC |
| Doctor | MR. Wallesan | M.D in CTC | | Mental Health Supervisors |
| Doctor | | | | |

5'X-1                    Pg 4

# SALINAS VALLEY STATE PRISON
## Medical Department, Staff/Employees

| Title | Name | Position | Date | |
|-------|------|----------|------|---|
| Nurse | A. Alton | R.N | | CTC |
| Nurse | Beguetle | R.N | | Fac "A" |
| Nurse | David Alderson | R.N | | CTC |
| Nurse | A. Kuhnert | R.N | | CTC |
| Nurse AKA | Ms. G — or — Linda | R.N | 4-4-07 4-27-07 | CTC Mental Health |
| Nurse | Mohummade | R.N | 6-17-07 | Fac "D-8" |
| Nurse | Sylvester | R.N | 6-20-07 | Fac "D-8" |
| Nurse | L. Fox | R.N | 9-5-07 | Typewriter 602 Log D-07-03579 |
| Nurse | Linda | R.N CTC | Ph:(831) 678-5524 | Supervisors for Nurses |
| Nurse | avelen | | | |
| Nurse | | | | |
| Nurse | | | | |
| Nurse | | | | |
| AGPA | C. Kates | Medical Appeals Analyst | 2-5-07 2-15-07 | CTC |
| Psy. D | R. Orting | | 5-3-07 | Fac "D-8" |
| Nurse | ALLAN | R.N CTC | | CTC |
| Nurse | AIDA — CNA | CTC | | CTC |
| Nurse | Sovey — CNA | CTC | | CTC |
| Nurse | Morsely CNA | CTC | | |
| Nurse | CRes | CTC R.N | | |
| Nurse | Danes | CTC R.N | | |
| Nurseing Manager | Mr. Morek | CTC | 11-2-07 11-8-07 | |

Pg 5

Cx-1-Pg 5

# SALINAS VALLEY STATE PRISON
# CORRECTIONAL OFFICER AT CTC

|  |  |  |  |
|---|---|---|---|
| ① | DR. Wallesen | CTC | on 9/24/07 and 10/9/07 Mental Health |
| SARGent 6005 | MR. ALLAN ISAACS | CTC 4/26/07 |  |
| C/O | Mr. RUDD | CTC | 3/W on 9/10/07 |
| C/O | Mr. MOORE | CTC | 3/W on 9/10/07 |
| C/O | Mr. SUAZO | CTC |  |
| C/O | Mr. HOOD | CTC |  |
| C/O | Mr. chaves | CTC |  |
| C/O | Mr. WReth |  |  |
|  | J. Short, | CSR | Classification |
| CC-I | Ms. Ponder | at D-2-111 on 4/11/08 | Canselor |
| C/O | MR. Vasquaz | 4/15/07 | PROPReTY 4/5/07 and 4/15/07 |
| C/O | Remer |  |  |
| C/O | MR. KELL | 4/16/08 | LAW LIBRARY at D-2 |
| STAFF | MS. MOREND | 4/16/08 | LAW LIBRARY at D-2 |

Pg 6

Cx - 1 -

# Exhibit

2

EX-2- Pg 1

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA 94283-0001

# CONFIDENTIAL

A2- 142

FIRST CLASS





UNITED STATES POSTAGE
02 1A
000435931 9                    $ 00.00⁰
                    APR 20 2007
MAILED FROM ZIP CODE 95814
PITNEY BOWES



ENTERED
APR 25 2007

CTC-2nd (BZ)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| 5VSP -A | 07- 00445 | 18. ADA |

DPP Code is DPW                    CTC eval

CAt 18t

NOTE:  THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

Rx reasonable Acc. - Single cell based on disability

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Badwi Ramzi | K81555 | | | A2-142 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office.  A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review.  The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Converted from 602 to ADA. 2-5-07

See attached 602 dtd. 2-5-07 issue: requests

DESCRIBE THE PROBLEM:

Rx Single cell based on disability

RECEIVED
MAR 29 2007
INMATE APPEALS BRANCH

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

RECEIVED FEB 26 2007        RECEIVED FEB 26 2007

INMATE/PAROLEE'S SIGNATURE                    DATE SIGNED

EX-2- P92

(B2)
2

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

## REVIEWER'S ACTION

| | |
|---|---|
| DATE ASSIGNED TO REVIEWER: | 2/5/07 |
| DATE DUE: | 2/28/07 |

**TYPE OF ADA ISSUE**

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☒ Other *Single Cell Status*

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:**

*See Attached Memorandum*
*SVSP-A-07-0045)*

*Feb. 8, 2007*
DATE INMATE/PAROLEE WAS INTERVIEWED

*Dr. R. Bowman*
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☒ DENIED    ☐ PARTIALLY GRANTED

BASIS OF DECISION: *UHR, Face to face interview*

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| *R. Etes* | *AGPA* | *SVSP* |

## APPROVAL

ASSOCIATE WARDEN'S SIGNATURE

*Robt Bowman*

DATE SIGNED: *2/15/07*

DATE RETURNED TO INMATE/PAROLEE

RECEIVED FEB 2 0 2007    P9 3

EX-2-

EMERGENCY MEDICAL ㊶3
DNMC APPEAL

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No. 07-00445    Category 18
1. SVSP-A    1. 07-00445    CTC-2nd
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Badwi, Ramzi | K-81555 | Unassigned | A2-142 |

A. Describe Problem: Appellant wishes to file this appeal under EMERGENCY CIRCUMSTANCES 3084.7(A)(1) as his safety is in eminent danger of being IRREPARABLE harm, and need for immediate resolution.

As described in CCR 3371.1 Inmate Custody Designation, "An *S* suffix may be affixed by a classification committee to the inmates Custody Designation to alert staff of an inmates need for single

If you need more space, attach one additional sheet. (see attached conclusion of appeal)

B. Action Requested: That PERMANENT SINGLE CELL status be immediately reinstated as imminent harm and safety concerns are in jeopardy

REC'D JAN 29 2007

Inmate/Parolee Signature: Ramzi Badwi    REC'D FEB 05 2007    Date Submitted: 1/28/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Converted from 602 to ADA
See attached 1824 dtd
2-5-07

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED
INMATE APPEALS BRANCH
MAR 29 2007

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

8X-2- P9 4

(B2)
4

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____    2|5|07
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: 2|28|07

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DURING THE INTERVIEW WITH DR. BOWMAN MY SAFETY CONCERNS WERE NOT AT ALL ANY
CONCERN OF HIS IN REGARDS TO MY CHRONO FOR SINGLE MAN CELL DO TO MY MEDICAL
NEEDS... DR. BOWMAN IS AWARE OF THE SERIOUSNESS OF MY CONDITION, BUT THINKS
IT IS ONLY APPROPRIATE TO PROVIDE ME WITH AN EXTRA ROLE OF TOILET PAPER AND>>

Signature: Ramy Bacher    Date Submitted: 2/25/2007

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____    3.12.07
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2.26.07    Due Date: 3.12.07
☒ See Attached Letter

Signature: Kumar MD    Date Completed: 3/13/07
Warden/Superintendent Signature: _____ CHSA HCM/A    Date Returned to Inmate: MAR 1 6 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

AT MY FIRST RESPONSE WITH DR. BOWMAN, THE ONLY WAY I AM GOING TO GET
SINGLE CELL STATUS, IF I WAS SERIOUSLY ASSAULTED OR ATTEMPTED MURDER INSIDE
THE CELL BY MYSELF OR A CELLMATE. BECAUSE OF MY DISABILITY. IF AND ANYTHING
HAPPENS IN THAT CELL BECAUSE OF MY DISABILITY. I WOULD LIKE THE PEOPLE HELD
RESPONSIBLE FOR THEIR DENIAL ON THIS APPEAL. BASED ON THE FACT THAT I AM BEING
TOLD I HAVE TO EITHER BE HURT BY A CELLMATE OR......( SEE ATTACHED CANCLUSION )
OF APPEAL.

Signature: Ramy Bacher    Date Submitted: 3/21/2007

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter    Date: APR 1 8 2007
CDC 602 (12/87)

SX-2- Pg5

(Continued From CDC602 Appeal)
Log No. 07-00445

BZ
5

cell housing". This suffix was issued on 3-5-00 and Permanent Single Cell housing Chrono. (See attached Exhibit "A" of Health Services Chrono CDC 128-C dated 3-5-00. Also see attached Exhibit "B" of Classification Chrono CDC 128-G dated 4-17-01 (noting suffix next to Custody Designation). Further on, and in part, this CCR also states that, based on documented evidence by either custody staff or health clinician". that the inmate may not be safely housed in a double cell situation", thereby prompting the issuance of the "S" suffix to custody.

As stated, appellants "S" suffix and Single cell status was updated upon arrival here at SUSP and appellants safety concerns have been, since January of 2006, severely comprimized and in imminent danger, and cannot be held liable for my actions.

This facility "A" yard (Sensitive needs) is, and has been on constant Lockdown status for numerous safety and security reasons (approx 7-8 months and cellmates are forced to smell my uncontrolled bowel movements as well as diaper cleanings throughout and during in-cell feedings and meals.

I have no privacy to properly clean feces as I always feel as I am being watched and sneered at. (See Exhibit "C" of daily diaper exchange.

I am paralyzed from the waist down and because of my severe physical limitations feel

changes.
(which I receive on a weekly basis) and do not (33)6
require the assistance of caregivers because of
the sensitive and personal nature in cleanings.

   Enough emphasis cannot be placed on the immed
iate reinstatement of my Single cell rights;
dignity as a Permanently Disabled Inmate
under ADA. My Permanent Single cell
status was abruptly stripped from me rais-
ing due process violations as well as ADA vio-
lations.

   The Armstrong Remedial Plan (ARP II H. 1.)
states, in part, that " the public safety
and the health, safety and security of all
inmates and staff shall remain the over-
riding consideration". According to memor-
andum dated August 21, 1998, by David Tri-
stan, Deputy Director Institutions Division
" staff are directed to review and determine an
inmates need for single cell status as part of the com-
mittees review"... this was not the case when Perm-
anent Single cell status got rescinded.

   Another memorandum dated May 9, 2000 author-
ed by David Tristan, in part, states that, " It
is the Department of Corrections policy that
all inmates in a general population setting
will double cell unless specifically prohibited
by an "S" designation.

   Thank you for your time & consideration

                        Barry Barker
                        1/28/07 EX-2-pg7

State of California                                California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**  February 15, 2007

**NAME:**  Badwi  **CDC # K81555**

**APPEAL #:**  ADA FIRST LEVEL APPEAL LOG #SVSP- A-07-00445

**APPEAL DECISION:** Denied.

**SUMMARY OF APPEAL:**  The appellant states that he has filed his appeal as his safety is in eminent danger of irreparable harm and need for immediate resolution.  The appellant states that due to paralysis he has no control over his bowel movements and his assigned cellmates are forced to smell his uncontrolled bowel movements, as well as diaper cleanings throughout and during in-cell feedings and meals while the facility is on lockdown.  It is the appellant's position that he has no privacy to properly clean feces and feels that he is always being watched and sneered at.

**The appellant requests that single cell status is immediately given to him.**

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on February 8, 2007.  While the appellant's sensitivity to his cellmate's welfare is noted.  This is not a medical condition which requires that Health Care Services be involved in the request for a single cell status due to the overriding safety concerns which were expressed by the appellant.

**APPEAL RESPONSE:**  The appellant's incontinence does not constitute a medical need to allow him a single cell.  A single cell cannot be recommended by medical and the appellant is advised to discuss his concern for a single cell status with the custodial component.  The request for a single cell recommendation from medical is denied.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

Carolina Kates, AGPA
Medical Appeals Analyst
Salinas Valley State Prison

Dr. R. Bowman, MD
Physician and Surgeon

EX-2- Pg 8

(B2)
B

(Continued From CDC Form 602 Appeal (SECOND LEVEL REVIEW)
(Log No. 07-00445)


LINEN (SEE ATTACHED EXHIBIT "D"). AND SINCE 3/5/2000 MEDICAL
GRANTED ME SINGLE CELL STATUS "PERMANENTLY" XXXXXXXXXXXXXXXXXXXXX
(SEE ATTACHED EXHIBIT "A") AND WHEN I ARRIVED TO SALINAS VALLEY
STATE PRISON THE MEDICAL AND CUSTODY ALSO APPROVED ME PERMANENT
SINGLE CELL STATUS (SEE ATTACHED EXHIBIT "B"), BUT IN XXXXXXXXXX
FEBRUARY OF 2006 MY SINGLE CELL STATUS WAS TAKEN AWAY FROM ME
AND MY MEDICAL DISABILITY HAS NOT CHANGED ONLY WORSENED SINCE
MAY OF 1998.




Sincerely,

*Ramzi Badwi* 2/25/07
RAMZI BADWI, K-81555




cc: retained

Ex-2- Pg 9

State of California                                              Department of Corrections and Rehabilitation

# Memorandum

Date:  March 12, 2007

To:    Inmate Badwi, K81555
       Salinas Valley State Prison

Subject: **ADA** SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-07-00445

### ISSUE:
The appellant states that he wishes to file an appeal under emergency circumstances as his safety is in eminent danger of being irreparable harm and need for immediate resolution.

The appellant is requesting on appeal that permanent single cell status be immediately reinstated as imminent harm and safety concerns are in jeopardy.

**INTERVIEWED BY**: Dr. R. Bowman on February 8, 2007.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**ARMSTRONG REMEDIAL PLAN**
II <u>STANDARDS</u>
    F.  Reasonable Accommodations/Modification

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on February 15, 2007.  DR. Kumar, Chief Physician and Surgeon was assigned to investigate this appeal at the Second Level of Review.  All submitted documentation and supporting arguments have been considered.  Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant was advised at the First Level of Review that while his sensitivity to his cellmate's welfare is noted, his condition is not a medical condition which requires that Health Care Services be involved in the request for a single cell

EX-2- Pg 10

Inmate Badwi, K81555
Log No.: SVSP-A-07-00445
Page 2

status due to the overriding safety concerns which the appellant expressed in his appeal.

There is no change to the First Level decision at the Second Level of Review. The appellant at the Second Level states that it is not the doctor's concern in regards to his safety concerns.    The appellant is correct in this view, and as the appellant's request for single cell status is clearly related to his safety and security, this issue should be addressed with the custodial component.    The institution does double cell inmates who are DPW.  The issue of privacy is not a medical issue, and safety and security are under the supervision of the correctional component and therefore, the appellant's request for a single cell designation from Health Care Services is denied for the above noted reasons.

**DECISION**:  The appeal is **Denied.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

EX-2 — Pg 11



( Continued From CDC 602 Appeal (THIRD LEVEL REVIEW)
(Log No. 07-00445)

HURT A CELLMATE BY MYSELF TO OBTAIN SINGLE CELL STATUS. I WOULD
LIKE TO ADD THAT I HAVE BEEN SINGLE CELL FROM 1998 TO 2006,
BECAUSE OF MY DISABILITY, AND SUDDENLY THEY TAKE MY SINGLE CELL
STATUS FROM ME.

Sincerely,

*Barry Boelus*  3/21/07

RAMZI BADWI, CDC No. K-81555

cc: File

EX-2-Pg 12

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   APR 1 8 2007

In re:   Badwi, K-81555
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0611991          Local Log No.: SVSP 07-00445

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner  B. Sullivan, Staff Services Manager, I.   All submitted documentation and supporting arguments of the parties have been considered.

**I     APPELLANT'S ARGUMENT:** It is the appellant's position that he is paralyzed and has no control over his bowels. He says his assigned cellmates at the Salinas Valley State Prison (SVSP) are forced to live observing and smelling his bowel movement problems. He believes he is being watched and sneered at. He wants his permanent single cell status immediately reinstated as imminent harm and safety concerns are in jeopardy.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's incontinence does not constitute a medical need to allow him a single cell. A single cell cannot be recommended by medical staff but only by custody staff. The issue of privacy is not a medical issue. The appeal is denied at the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** At the Director's Level of Review, the appellant says he has been single-celled since 1998 and suddenly they take it away from him. He believes that the only way he can now be single-celled is to assault or attempt murder inside his cell on a cellmate.

On April 16, 2007, the examiner spoke to Correctional Counselor II (CC-II) E. Medina at SVSP. He noted the appellant is currently housed in Facility "A2," bed 142 lower. The appellant does have a cellmate at this time and CC-II Medina contacted Correctional Lieutenant (Lt.) Kessler, the appellant's housing Lt. Lt. Kessler had Correctional Sergeant (Sgt.) A. Oyarzabal interview the appellant on April 16, 2007, at 1630 hours. The appellant stated that he has no issues with his cellmate who is Inmate Bonilla, P-70348. The appellant stated that there is no threat of his injuring his cellmate. Staff in the appellant's housing unit are aware of the appellant's cellmate issues and shall ensure the safety and security of the inmates and staff.

The appellant must understand that pursuant to a departmental memorandum dated April 25, 2003, entitled, "DOUBLE-CELL HOUSING POLICY," it is departmental policy and therefore the expectation that inmates double-cell and accept housing assignments as directed by staff. This double-cell policy is to be adhered to in General Population, Administrative Segregation Unit (ASU), and Security Housing Unit (SHU) settings. If staff determine that an inmate is suitable for double-celled housing, the inmate shall be expected to accept the housing assignment and shall be held accountable and responsible for his or her actions and subject to disciplinary action as a result of staff enforcing the double-cell housing assignment.

Wardens must maximize proper bed utilization and ensure that inmates are appropriately housed. Under current single-cell policy, inmates who are identified as having a history of in-cell sexual abuse, assaultive behavior toward a cell partner, significant in-cell violence against a cell partner, or verification of predatory behavior toward a cell or dormitory partner shall be reviewed and evaluated for single-cell status. Upon determination by a classification committee that an inmate warrants single-cell status, an "S" suffix shall be affixed to the inmate's custody determination. All other inmates are expected and required to be double-celled.

(B2)
19

BADWI, K-81555
CASE NO. 0611991
PAGE 2

If an inmate conveys to staff a threat against any prospective cellmate and the threat prevents staff from double-ceiling the inmate, the inmate shall be issued a CDC Form 115 charging him or her with the specific act of "Willfully Delaying a Peace Officer in Performance of Their Duties by Means of a Threat," a Division D level offense PC Section 69).

If the inmate willfully threatens the prospective cellmate with death or great bodily injury and causes the prospective cellmate to reasonably be in sustained fear for his or her safety, the inmate shall be issued a CDC Form 115 charging him or her with the specific act of "Threatening the Life of (name of person)" or "Threatening Serious Injury to (name of person)," a Division B level offense (PC Section 422) pursuant to CCR Section 3323 (d)(7). The inmate shall also be placed in ASU and, if found guilty of the offense, shall be assessed a SHU term and referred to a Classification Staff Representative (CSR) for review of a determinate SHU term. If found guilty of multiple "Threatening the life of (name of person)" or "Threatening Serious Bodily Injury to (name of person)" offenses, the inmate shall be referred to a CSR for an indeterminate SHU term."

X In cases where single-cell status is recommended by clinical staff due to mental health or medical concerns, the classification committee shall make the final determination of an inmate's cell assignment. The classification committee shall evaluate the clinical recommendations made by the clinician who participates in the committee and review the inmate's case factors when determining the housing assignment. Staff are reminded that single-cell status based on clinical recommendation is usually a temporary, short-term measure and must be periodically reviewed.

As stated above, the appellant has not been medically approved to be single-celled. The appellant's incontinency is recognized; however, he will no longer have permanent single-cell approval based on medical need. The appellant did receive a CDC Form 128-C, Medical Chrono, dated February 8, 2007, which states he requires additional linen and is authorized to possess three extra sheets above the issued amount. It also states that the appellant is authorized to exchange linen on a one-for-one basis as needed and the appellant should be issued an extra roll of toilet paper. Staff at SVSP are providing the appellant with reasonable accommodation for his mobility needs.

**B. BASIS FOR THE DECISION:**
Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3350, 3354, 3360, 3361, 3362

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP

*EXHIBIT "L"*

*(B2)*
*14*

---

| INMATE: | BADWI, RAMZI | | CDC #: | K81555 | | HOUSING: | FC-B8-120L |

Single cell.  Duration:  Permanent.

CC: Health Records
    C-File
    Assignment Lt.
    CCII
    Housing Unit
    Inmate

Signature:  K. Nguyen, M.D.

Arrival Date: 12/30/98

**Date : 3/5/00**          **HEALTH SERVICES CHRONO**          **SATF** CDC-128-C



*EXHIBIT "9"*
*Pg 15*

**15 (B2)**
**EXHIBIT**

# CALIFORNIA DEPARTMENT OF CORRECTIONS

NAME: **BADWI**                          CDC #: K81555

CELL: B5-142L

## COMMITTEE ACTION SUMMARY

...EASE FROM ORIENTATION TO FACILITY B GP. RETAIN SINGLE CELL DUE TO MEDICAL REASONS. NOTE: DPW STATUS. REFER TO MEDICAL TO DETERMINE WORK RESTRICTIONS OR TOTAL MEDICAL DISABILITY. PSYCH: CCCMS, SINGLE CELL: APPROVED

## COMMITTEE'S COMMENTS

Inmate BADWI appeared before Salinas Valley State Prison's (SVSP's) Facility "B" Unit Classification Committee (UCC) today for his Initial GP Review. BADWI stated that he felt well enought to proceed. BADWI received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BADWI was introduced to the committee members. Based upon a review of BADWI'S Central File, case factors, and through discussion with him, committee elects to: Release from Orientation to a Facility B GP. Retain Single Cell due to Medical reasons. Note: DPW status. Refer to Medical to determine work restrictions or Total medical Disability. Psych: CCCMS, Single Cell: Approved

At the conclusion of this review BADWI was informed of his Appeal Rights with regards to this committee's actions. BADWI acknowledged his understanding and agreement with committee's actions.

STAFF ASSISTANT

Assigned: (Participant in MHSDS but able to comprehend issues) SA Present: D. Kilpatrick CCI

## INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|---------|-----|--------|--------|-----------------|
| CLOA S | 49/III | A1A - 8/28/1999 | LWOP | 4.5 | 3/2002 | 37 | OTH | 2nd | N/A |

| RECEIVED/SVSP | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---------------|---------------------------|--------------|----------------------|----------|-------------|
| 3/27/2001 | SATF - Non-Adverse | 1/16/1998 | Los Angeles | LWOP | $5000.00 |

**COMMITMENT OFFENSE**
Murder 1st

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|----------------------|----------------------|
| Possession Stolen Property, Larceny, Alluding Police, Auto Theft, Receiving Stolen Property, Burglary | Clear as of 4/13/2001 |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|--------------|----------------|---------|
| None | None | None |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---------|----------|--------------|
| Noted on CDC 812 | None | Clear |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---------|----------------|--------|-----|-----------------|
| Restricted Light Duty due to Seizures | 32 - 3/29/2001 | 2 | DPW Wheelchair User | Alcohol |

| PSYCH | MDO | DDP |
|-------|-----|-----|
| CCCMS 12/4/1999 Psychotropic Medication prescribed | Doesn't Meet MDO Criteria (Lifer) | Not Tested (NT) |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, CCRC, REST. CENTER, & SAP ELIGIBILITY |
|---------|-------------|-------------------------------------------------------|
| 270 Design | Single Cell / Medical Concerns | Camp Eligible: No LIF   CCF Eligible: No LIF   CCRC Eligible: No LIF |
| | FPTTP | MSF Eligible: No LIF   SAP Eligible: No LIF   Rest. Center Eligible: No LIF |

| | HWD | JOB ASSIGNMENT |
|---|-----|----------------|
| Inmate declines to participate in the FPTTP due to family in U.S. | Potential USINS hold from Saudi Arbia | Unassigned |

**INMATE COPY**

## COMMITTEE MEMBERS

1/19/01 *P. Mandeville*
CHAIRPERSON
P. Mandeville, FC

**MEMBERS**
E. Duegaw, CCII, D. Kilpatrick, CCI

*[signature]*
RECORDER
H. Randolph, CCI

Committee Date: 4/17/2001

**INITIAL GP REVIEW**

Committee: B041701HJR5

ed By: HRJ - Distribution: C-File & Inmate          SALINAS VALLEY STATE PRISON          Classification Chrono CDC 128G (Rev: 1/00)

**P9/6**

EXHIBIT "2"

Exhibit "C"

(B2)
16

NAME: BADWI, RAMZI                    CDC#: K-81555          HSG: B1-109L

Because of his DPP status this patient is to receive the following medical supplies:

WEEKLY:                        WEEKLY:                    BIWEEKLY:
8 condom catheters (medium)    2 small bio bags           urine extension tube
7 chucks                       10 small trash bags        2 urine leg bags
1 pack of diapers
This chrono cancels all previous medical supply chronos. This chrono does not expire while housed at Salinas Valley
State Prison.

ROBERT BOWMAN, M.D.            Date
Staff Physician

cc    Orig Unit Health Record      Medical Supplies
      C-file
      Facility housing Sgt.
      R & R
      GCII
      Inmate

November 1, 2002        RB/tg        11/02/02

Pg 17

EXHIBIT "2"

Exhibit "D"
(B2) 17

## SALINAS VALLEY STATE PRISON MEDICAL CHRONO

| INMATE: | BADWI, RAMZI | | CDC NUMBER: | K81555 | HOUSING: | A2-142 |
|---|---|---|---|---|---|---|

As ordered by Dr. Bowman:

Inmate Badwi CDC# K81555 has a disability requiring the use of a catheter and other medical devices to respond to his incontinance.

Because of this he requires additional linen. He is authorized to possess 3 extra sheets above the issued amount and is authorized to exchange linen on a one for one basis as needed. He should also be issued one extra role of toilet paper.

_Robert Bowman, MD_  2/15/07
ROBERT BOWMAN, MD               Date
STAFF PHYSICIAN

_CHARLES D. LEE, MD_  2/14/07
CHARLES D. LEE, MD               Date
HEALTHCARE MANAGER

| Orig: | Health Record | FAX TO: |
|---|---|---|
| cc: | C-file | Yard Program Office |
| | CCII | Yard Medical Clinic |
| | Inmate | |

DATE ORDERED:    02/08/07        RB/jm     DATE TYPED:    02/08/07

MEDICAL CDC-128-C

Pg 18

EXHIBIT "2"

| DATE | CDC# | NAME | SENDER |
|------|------|------|--------|
| 11/21/06 | K81555 | BADWI | J.PRICE A.A.L. SANTA MONICA CA 90401 |
| 11/27/06 | K81555 | BADWI | D.O.J. WASHIGNTON DC 20530 |
| 01/11/07 | K81555 | BADWI | D.SPECTOR P.L.O. SAN QUENTIN CA 94964 |
| 01/26/07 | K81555 | BADWI | AAL PRICE SANTA MONICA CA 90401 |
| 02/02/07 | K81555 | BADWI | OFF OF CLRK SF CA 94119 |
| 02/05/07 | K81555 | BADWI | CRT. OF APPEALS SF CA 94119 |
| 02/27/07 | K81555 | BADWI | M.DELONE ESQ. NEW YORK NY 10011 |
| 03/13/07 | K81555 | BADWI | D.SPECTOR P.L.O. SAN QUENTIN CA 94964 (FWD 3-13-07 TO A2-142) |
| 03/15/07 | K81555 | BADWI | PRISON LAW OFFICE; SAN QUENTIN, CA 94964 |
| 04/03/07 | K81555 | BADWI | CHIEF INMATE APPEALS SAC CA 94283 |
| 04/25/07 | K81555 | BADWI | CHIEF INMATE APPEALS SAC CA 94283 *APPEAL* LOG NO: 07-00445 |
| 06/08/07 | K81555 | BADWI | PRISON LAW OFFICE, SAN QUENTIN |
| 07/24/07 | K81555 | BADWI | PRISON LAW OFFICE; SAN QUENTIN, CA 94964 |
| 07/30/07 | K81555 | BADWI | D.SPECTOR P.L.O. SQ CA 94964 |
| 08/07/07 | K81555 | BADWI | D.SPECTOR P.L.O. SQ CA 94964 |
| 08/09/07 | K81555 | BADWI | ELIZABETH H. HARRIS, AAL; LA, CA 90012 (RTS UTF) |
| 08/16/07 | K81555 | BADWI | RICHARD DANGLER, AAL; SACTO, CA 95816 (RTS UTF) |
| 08/20/07 | K81555 | BADWI | OFC. OF CLERK,U.S. DIST. CRT., SAN FRAN., CA. 94102 |
| 08/20/07 | K81555 | BADWI | DEPT OF JUST LA CA 90013 |
| 08/21/07 | K81555 | BADWI | D.O.J. ATTY GNL LA CA 90013 |
| 08/21/07 | K81555 | BADWI | S.ROZANSKI A.A.L. LA CA 90025 RTS |
| 08/28/07 | K81555 | BADWI | D.O.J. PAROLE COMM CHEVY CHASE MARY LAND 20815 |
| 08/31/07 | K81555 | BADWI | G.MARTIN A.A.L. BAKERSFIELD CA 93303 RTS |
| 08/31/07 | K81555 | BADWI | D.SPECTOR P.L.O. SQ CA 94964 |

Incoming Mail-SVSP

EX-2-Pg 19

# Exhibit

3

SENT BY: SART;                    8316488151;        JUN-12-07 11:42;              PAGE 4/4

*K815*

```
V702614678          M000519415
BADWI,RAMZI A
03/21/1964   43              M
RAMOS,DAVID MD
04/26/07    F/C   INMATE
```

**Sexual Assault Response Team (SART) Program**
**Monterey County**

Visiting Nurse Association
5 Lower Ragsdale Dr.
Monterey, CA 93940

**EXAMINATION**
This examination was performed to:
1. Determine if any injuries were present which might require treatment.
2. Discover, collect, and preserve evidence.
3. Do laboratory tests that can provide medical and legal information.

The information you provide and the evidence we collect may be used in court.

The SART examination does not take the place of an annual exam with your doctor.

**LABORATORY TESTS**
Tests for the following have been obtained:
✓ Legal evidence
____ Blood test for existing pregnancy *N/A*
✓ Blood test for existing HIV
____ Other _____

**MEDICATION GIVEN**
To prevent sexually transmitted
infections:                              *Did not give*

____ Rocephin 125 mg
____ Azithromycin 1 gm

To prevent pregnancy:

____ Plan B, 2 tablets *N/A*

**FOLLOW-UP**
A follow-up exam is recommended on *Return to prison & within 2 weeks* with your physician.

Follow-up testing for Sexually Transmitted Infections is recommended in 2 weeks, or whenever
your physician advises. This testing may be done at the Health Department. Phone (831) 755-
4500 or (831) 647-7932.

Medical support is available through the SART office. Phone (831) 648-3790, ext 2013.

Victim Witness Services (831) 755-5072 or (831) 647-7772.

Emotional support is available through your rape crisis advocate.

**SPECIAL INSTRUCTIONS:**
Contact your physician or go to the Hospital Emergency Department if you experience any of the
following:

Bleeding, Fever, Rash, Inability to Urinate, Nausea that persists beyond 24 hours, severe
abdominal pain, vomiting.
Other:

I have received and understand the written discharge information and instructions.

Patient signature: _____ Date: 4/26/07

Examiner: _____ Date: 4/26/07

EX-3-P9 1

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME Badwi, R | | CDC NUMBER K81555 | INSTITUTION SVSP A2-142 |
|---|---|---|---|
| DATE OF BIRTH 3-21-62 | EPRD DATE | | GENDER Male |
| PRINCIPLE DIAGNOSIS Sexual Assault | | ICD - 9 CODE | CPT CODE(S) |
| REQUESTED SERVICE(S) Further eval and Treatment | | | # OF DAYS RECOMMENDED |

*Please circle all that apply:*  Diagnostic Procedure/Consultation          Outpatient/Inpatient          Initial/Follow-up

Requested Treatment/Service is:     **EMERGENT**          **URGENT**          **ROUTINE**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: Natividad SAR's Team          Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (*briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant*): _____

_____

_____

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME C. Millner | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 4/26/07 | Utilization management tracking #: |

| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |
|---|---|

FINDINGS: _____

_____

_____

RECOMMENDATIONS: _____

_____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE  A. Alton, RN | DATE 4-26-07 | Badwi, R K81555 |
| PCP SIGNATURE | DATE | |

### Attach Progress Note page for additional information.
### THIS FORM MUST BE RETURNED WITH THE PATIENT!!!

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN   - TO UHR PENDING ORIGINAL
CANARY  - CONSULTANT
PINK    - UM
GOLD    - SPECIALTY SCHEDULER

755 6279

**PHYSICIAN REQUEST FOR SERVICES (RFS)**          CDC 7243 (Rev. 11/02)          EX-3-p9 2

## LABORATORY REPORT

# FOUNDATION
# LABORATORY

M.Y. Nasir, M.D., Director
Allen Jay M.D., Co-Director and Pathologist

SALINAS VALLEY STATE PRISON
31625 HWY 101
SOLEDAD, CA 93960
CONTRACT# SV03011,

| PATIENT NAME | AGE | DOB | SEX | ID NO. | ACCESSION NO. |
|---|---|---|---|---|---|
| Badwi, K81555 | 43 | 3/21/64 | M | K81555 | 1418094 |

| DRAWN DATE | DRAWN TIME | RECEIVED DATE | RECEIVED TIME | PHYSICIAN |
|---|---|---|---|---|
| 6/05/07 | 9:33 | 6/05/07 | 23:00 | MILLNER, MD (SVSP) |

| REPORT DATE | REPORT TIME | STATUS | PAGE |
|---|---|---|---|
| 6/06/07 | 12:46 | FINAL | 1 |

| TEST | ABNORMAL | RESULT | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| D8-111 | | | | |
| SEROLOGY | | | | |
| RPR QUAL | | Non- Reactive | | NON-REACTIVE |

R.N.
6/8/07

SVSP PTO LAB
08 JUN 11

RECD JUN 0 7 2007

EX-3-PG 3

1716 West Holt Ave. • Pomona, CA 91768 • (909) 623-9301 • FAX (909) 623-9306

FORM 100C

# LABORATORY REPORT

# FOUNDATION LABORATORY

M.Y. Nasir, M.D., Director
Allen Jay M.D., Co-Director and Pathologist

SALINAS VALLEY STATE PRISON
31625 HWY 101
SOLEDAD, CA 93960
CONTRACT# SV03011,

| PATIENT NAME | AGE | DOB | SEX | ID NO. | ACCESSION NO. |
|---|---|---|---|---|---|
| Badwi, K81555 | 43 | 3/21/64 | M | K81555 | 1418094 |

| DRAWN DATE | DRAWN TIME | RECEIVED DATE | RECEIVED TIME | PHYSICIAN | | |
|---|---|---|---|---|---|---|
| 6/05/07 | 9:33 | 6/05/07 | 23:00 | MILLNER, MD (SVSP) | | |
| REPORT DATE | REPORT TIME | | | STATUS | | PAGE |
| 6/06/07 | 12:46 | | | FINAL | | 2 |

| TEST | ABNORMAL | RESULT | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| **IMMUNOLOGY.** | | | | |
| HIV 1 & 2, EIA | | Negative | | NEGATIVE |

**The methodology performed is a screening test for antibody to HIV-1 and HIV-2. A negative test result does not preclude the possibility of exposure to or infection with HIV-1 and/or HIV-2.**

P.S.
6/8/07

SVSP LAB JUN 8 AM

RCD JUN 0 7 2007
EX-3-Pg 4

Signature:

1716 West Holt Ave.   •   Pomona, CA 91768   •   (909) 623-9301   •   FAX (909) 623-9306

FORM 100C

## LABORATORY REPORT

# FOUNDATION LABORATORY

M.Y. Nasir, M.D., Director
Allen Jay M.D., Co-Director and Pathologist

SALINAS VALLEY STATE PRISON
31625 HWY 101
SOLEDAD, CA 93960
CONTRACT# SV03011,

| PATIENT NAME | AGE | DOB | SEX | ID NO. | ACCESSION NO. |
|---|---|---|---|---|---|
| Badwi, K81555 | 43 | 3/21/64 | M | K81555 | 1421676 |

| DRAWN DATE | DRAWN TIME | RECEIVED DATE | RECEIVED TIME | PHYSICIAN | |
|---|---|---|---|---|---|
| 6/07/07 | | 6/07/07 | 23:00 | MILLNER, MD (SVSP) | |
| REPORT DATE | REPORT TIME | | | STATUS | PAGE |
| 6/09/07 | 9:45 | | | FINAL | 1 |

| TEST | ABNORMAL | RESULT | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| D8 111 | | | | |
| **MICROBIOLOGY** | | | | |
| CT AMP DNA, UR | | NEGATIVE | | NEGATIVE |
| GC AMP DNA, UR | | NEGATIVE | | NEGATIVE |

RG
6/13/63

REC'D JUN 1 2 2007

EX-3-P9 5

Signature:

1716 West Holt Ave.   •   Pomona, CA 91768   •   (909) 623-9304   •   FAX (909) 623-9308

FORM 100C

**CALIFORNIA DE        TMENT OF CORRECTIONS & R      ILITATION**
SALINAS VALLEY STATE PRISON – HEALTH CARE SERVICES
31625 HWY 101, P.O. BOX 1020
DIRECTOR: THOMAS L. VOLK, M.D.
HEALTH CARE MANAGER: CHARLES D. LEE, M.D.

FINAL SAMPLE REPORT                         Page:1

Patient ID: GK81555                      Reported: 06/05/07 12:26
Patient Name: BADWI, RANZI               Doctor: CARL MILLNER
DOB: 03/21/1964 Sex: M                   Location: D YARD
Comments:
-------------------------------------------------------------------
Lab No:   07156024    Drawn: 06/05/07 09:33   Tech: MR   Rec'd: 06/05/07 11:50  Tech: CC
Comments:
-------------------------------------------------------------------

| PROCEDURE | NORMAL | ABNORMAL | UNITS | REFERENCE RANGE | |
|---|---|---|---|---|---|
| *** LIVER PROFILE *** | | | | | |
| TOTAL PROTEIN | 7.3 | | g/dL | 6.4 – | 8.2 |
| ALBUMIN | 3.8 | | g/dL | 3.4 – | 5.1 |
| A/G RATIO | 1.1 | | CALC | | |
| GLOBULIN | 3.5 | | g/dL | | |
| ALK. PHOS. | 71 | | U/L | 50 – | 136 |
| ALT (SGPT) | 58 | | U/L | 30 – | 65 |
| AST (SGOT) | 29 | | U/L | 10 – | 37 |
| TOTAL BILIRUBIN | 0.29 | | mg/dL | 0.00 – | 1.00 |
| | | | | | |
| *** GENERAL CHEMISTRIES *** | | | | | |
| GGT | 70 | | U/L | 5 – | 85 |
| | | | | | |
| *** REFERENCE LAB TESTING *** | | | | | |
| HIV ANTIBODIES | SENT TO REF LAB SEE SEPERATE REPORT | | | | |
| RPR S\O | SENT TO REF LAB SEE SEPERATE REPORT | | | | |

REVIEWED BY SUPERVISING CLINICAL LABORATORY SCIENTIST_____

HIV    non ~~rea~~ reactive

Gonorhea    ⊖

Chlamydia   ⊖

SVSP CTC LAB
2007 JUN -5 PM 2:44

SX-3-P9 6

Page 1 of 1

1418094 - Badwi, K81555

**Foundation Laboratory**
1716 W. Holt Ave.
Pomona, CA 91768
Ph (909) 623 9301
Fax (909) 623 9306

**Client:**
SALINAS VALLEY STATE PRISON
31625 HWY 101
SOLEDAD, CA 93960
CONTRACT# SV03011,

**Patient Name:**
  Badwi, K81555
**Physician:**
  MILLNER,MD (SVSP)
**Patient I.D.**      **Date of Birth**      **Age:**    **Sex:**
  K81555            3/21/1964              43          M
**Accession:**       **Other ID:**
  1418094

|  | **Date:** | **Time:** | **Status:** |
|---|---|---|---|
| Collected: | 6/05/07 | 9:33 | FINAL |
| Received: | 6/05/07 | 23:00 |  |
| Reported: | 6/06/07 | 12:46 |  |

| Test | Normal | Abnormal | Units | Reference |
|---|---|---|---|---|
| D8-111 |  |  |  |  |
| **SEROLOGY** |  |  |  |  |
| RPR QUAL | Non- Reactive |  |  | NON-REACTIVE |
| **IMMUNOLOGY.** |  |  |  |  |
| HIV 1 & 2, EIA |  | Negative |  | NEGATIVE |

The methodology performed is a screening test for antibody to HIV-1
and HIV-2. A negative test result does not preclude the possibility of
exposure to or infection with HIV-1 and/or HIV-2.

Badwi, K81555

EX-3-PG 7





STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

**FROM:** AS-141   **TO:** _____

| DISTRIBUTION | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BADWI | K81555 |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[ ] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: Inmate BADWI, K81555, on 04-25-07, you are being placed in Administrative Segregation pending an investigation into your alleged safety concerns at Facility A-SNY. On 04-25-07, you were interviewed by Sgt. D. Galloway, at which time you stated that if you were allowed to remain on Facility A, your personal safety would be jeopardized. Based on these self-expressed safety concerns, your continued presence on Facility A is deemed an immediate threat to the safety and security of the institution. You will remain in Ad-Seg. pending completion of the investigation (to be conducted by Sgt. D. Galloway, and completed by 04-30-07), and ICC review for future programming and housing needs. This placement is ordered by Lt. R. Mojica, and it may effect your custody level, credit earning, privilege group and visiting status. You are not a participant in the Mental Health Serices Delivery System at any level of care.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 04-25-07 | R. Mojica | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | 2145 | | | |

[ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER
X Terry Badwi | K81555

## ADMINISTRATIVE REVIEW *(PART B)*

**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [X] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [X] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment     Any "NO" may require IE assignment

[ ] NOT ASSIGNED     [X] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE Refused to sign | DATE 4/27/07

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____ [X] RETAIN PENDING ICC REVIEW [X] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: PRESENTS THREAT TO OTHERS / INVESTIGATION

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| Hatch | C (A) | 4/27/07 | 1460 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

CX-H-B 1

CAPTAIN - HATCH



5

Page 1

ON April, 24th, 2007 At Approximately 1:00 A

my cellmate Sexually Assulted me Several time

between the hours of 1:00 AM AND 5:00 AM

iN the morning. Due to my handicap, confined

to A wheel chair, all he had to do is put

his hand around my neck and squeeze and

use his other hand to open my legs and

Sexually Assult me with his fingers in my

ANUS. Everytime I tryed to stop him he

put perssure on my throat and squeeze

until I could breathe and until I tuned red,

And then he pull my catather condom off becau

I wear A urine bag he then tryed to giv

me oral sex by grab my penis when he

were trying to suck my penis he scratated

EX-5-PG1

Case 4:08-cv-02221-SBA    Document 1-3    Filed 04/29/2008    Page 13 of 19

And bruised me around that area as well. When he were unable to suck my penis, he started using his fingers in my anus, after he did all this, he enjaculate three (3) time doing the course of the night. He were putting his hand to his nose smelling it, which had feces on it, and then he start masterbating until he cum. After that he tryed to grab my hands to force me to touch him, which I did not. The whole time he were doing this, he was on "Crystal meth, and I ask him why "are you doing this, he stated "I'm horney as a motherfucker and high off that shit and I want to fuck you in the ass. I then told him that's not going to happal. I

SX-5-PG 2

Ask him why do you want to do this to me?
Did you do this to your last cellmate? he
then stated "fuck yeah, you could ask that
Bitch, his "Nick Name" is "Conajo", he is Just A
young little Kid and I believe he did take
Advantage of him. Between the hours of
1:00 AM & 5:00 Am I was hoping & praying
A c/o would walk by and stop him from sexuall
Assulting me, but the only c/o were in the Contr
booth booth. After got done doing what he
did to me, he started cleaning hrself hands
and floor. I then just layed there scar
to death and I stayed that way all Night.
There were Seman on the floor, the sheets &
blanket too as well as sweat pants I were

PAGE # 4

WEARING at the time, so he went to layed on his bed, I were hoping when the C/O RELEASE the Kitchen worker at 5:30 am he would walk in the area of my cell, but he were to <u>FAR FOR</u> me to get his Attention, and I'm Bonilla were standing by the door, but I Just layed in my bed hoping the door will open at 6:00 then I could go out the door when they call breakfast, when the door did finally open I went to the C/O and told him that I was suicidal, I didn't want to tell them Anything about the Assult, I wanted to take this to my grave with me, so what the C/O did, he said go back to your cell at which time I Refused and

EX 5-P9 4

PAge # 5

then he said go lock up in the shower

because there is Know doctor here yet. About

15 min. later the Controll Booth c/o he Ask

me to go to medical.

Ramzi Badwi

EX-5-P5

# Exhibit

6

(1)

This is my sworn statement under
penalty of perjury. Larry Frierson C-244
5-11-07

TO: Whom it may Concern:

From: I/M Frierson C#24446a    D8-112L

ON APRIL 25th approximately 11:00 pm I/m Bonilla P#70348
(who calls himself "milo") moved in the cell with me
A2-142L He (Bonilla) started telling me how he tryes
to rape his last cellmate due to him beating a real
old lady on the street. The inmate he is talking
about is Ramiz Badwi. The following day 4-26-07
I spoke with A3-floor staff C/O Roach, which he
told me he didn't want to here it, on that same
day I/m Bonilla, came back from an interview w/
Isu. with approximately 3 pouches wroth of tobacco
and he immediately start selling cigarettes from
the cell. Three (3) pouches are worth about $400
in prison. Due to it's no longer sold in prison canteen
on- 4-27-07 I also spoke with Sgt. Hogan and
explain to him that Bonilla brought (stole) inmate
Badwi' legal work and other personal property items
which were in our cell. which he refuse to do
anything about. Then that same night about 8:00pm
Lt. R. Mojica asked me did Bonilla say anything
to me about raping Badwi. Then I said "yes"
Then Lt. R. Mojica said Badwi recanted his
story and said Bonilla did not rape him. I asked
Lt. R. Mojica why are you telling this. which
he did not answer. C/O Rincon Ask me the
same thing. But none of them tell me

EX-6 - Pg1

First Page My First Thumb Print Larry Frierson 7-10-07

②A

Why they were asking me all these question.
Then I asked Sgt. Hogan when I asked you to
move Im Bonilla out of my cell due to him
Selling Cigarettes, and you refuse to move him,
which lead to me and him getting into a
physical Altercation.. Also Sgt. Hogan did not tell
staff to come get inmate Badwi personal
property out of my cell until I and Bonilla had
a fight.

     In closing I feel something is Very
wrong will this, I think someone is trying
to cover up something.

     The Above is my swore statement

Date: May 11th, 2007

     Im. Larry Iverson    C#24469

     Salinas Valley State Prison
     P.O. Box 1050  D8-112L
2nd   Soledad, California
Second Page
Second 3- Righ Thumb Prints.    93960-1050
My 3- finger LF print Right Thumb.

     Larry Iverson
     7/12/07

EX-6- P320

# Exhibit

7

Page 1

To: Whom it may Concern:
From: I'm Larry Trierson C#24469        6-23-07

The following is Conversation (interviews) with
CCI Mr. S. Hjeiden, CCII Mr. A. Williams &
Classification:

ON 6/13/07 At approximately 10:30 Am CCI
Mr. S. Hjeiden Called me out for a interview
Regarding my future housing and program
need, he then explain to me that
"mule Creek State Prison" has a nice program
and more benefits, then the other level IV
SNY prisons and that I could go there.
I then said that's fine with me.
Then he Mr. Hjeiden said "you and inmate
Badwi K-81555 Are enemies Right? I said
with all due respect, I did not know
inmate Badwi on Fac "A", he were already
IN Ad-seg by the time I found out who
he were, and I were on orintation for
11 days I got off orintation 4-26-07.
So I explain to Mr. Hjeiden, he must b
mistaken me with someone else, and that
I'm not signing any papers he then ended
the interview then acople week (1½) later on
6/21/07 CCII Mr. A. Williams Call me
out for Classification  5 weeks →

First Page First Right Thumb Print 6/23/07 Larry Trierson

EX-7- Pg1

PG 2 B

before my Next schedule I.C.C.
While I were in the holding cage wait
ing to be call in for Icc MR. Willia
attempted to manipulate me into saying
stuff Regarding this Im Badwi that I
know nothing About, Again he had the
same form wanting me to sign statii
that me And Badwi Are enemies,
which I Refused to do, then when I
went in the classification Room, I wer
told I'll be Receiving a 114-D lock up ord
for a Battey on Inmate, And that I
will possibly be Receiving an indemirate
SHU Team. I explain to I.C.C that wi
back on 4-27-07 why now Icc decide to
charge me, which I were told it was a
mix up on paper work, And was told that's
it, And I were taken out.


This is A correct sworn under perjury statement
by writer: Larry Frierson C24468

*Larry Frierson*

Attention 2ND second page/second print
3 Thumb R.
my Right Thumb E.... print 3-Tim
3 Times L.F.     *Larry Frierson*

EX-7-   P92



$$8$$

C

TO: Whom it may Concern:
From: Larry Von Frierson C#24469

I think I'm being victimize, and punish
for not being part of some type of
cover-up, meaning I refuse to lie, or sign
documents, my mail from my family is being
being held, my legal mail as well. my
Brother is A Attorney and he writes me All
the time, my daughter writes me atleast
twice A week. I have not receive mail
since 4-29-07. Frankly I think JVSP
wants me to lie and say that, me and
Inmate Badwi K81555 and that are
enemies, and sign false documents, they (SVSP)
even offer to send me to A Nice Prison
if I sign there documents, they even wanted
to drop charge on me for Assulting the
inmate that rape Badwi, who consequently
were my cellmate, which he said he did rape
Badwi from his mouth, his words
       The Above is Correct, sworn under
Perjury statement by writer Larry Frierson

Larry Frierson
C#24469



Pg.1  D

July, 12th, 2007

To: whom it may Concern:

From: I/m Frierson, C#24469  D8-112L (SVSP)

ON 7/12/07 I were Called to Classification for I were told for Program Review which I didn't understand, NOR did I understand (ISU) Sgt. Gomez and (ISU) Ms. McKinnly tell me when they Release me back to Fac "A" For me to keep my mouth Closed About while I was placed in Administrative Segregation on 4-27-07. I tryed to ask (ISU) Sgt Gomez to explain his meaning, which he said "you know what I'm talking About. When I was told Classification were over, and I was taken back to my Cell. IN closing, the following staff were in my Classification:

Acting (A.W) Mr. E. Jones
Fac "A Captain Mrs. D. Mantel
CCII - Mr. A. Williams
ISU Sgt. Mr. Gomez
ISU Ms. McKinnly
Psych- Dr. Card.
C/o  Byrant

Attention above is my L.F print My Right Thumb 3-Times 7-12-07  Larry Frierson

Respectfully Submitted
I/m Larry Frierson C#24469

SX-9-P91

# Exhibit

10

SPECIAL AGENT  M. SICHLER

( Mr. SICHLER his WRITEING Above )

I was Interview by SPECIAl AGENT Mr. M. SICHLER ON October 30, 2007 Regarding the RAPE that happened on APRIL 24, 2007. ~~THE RAPE~~ I was RAPED in my Cell by INMATE Bonilla CDC# P-70348. Mr. M. SICHLER SPECIAL AGENT he is from Internal ~~Affairs~~ that with he stated.

Ramy Badir
CDC# K81555
Date: 10-30-2007

EX-10-P9 1

# Exhibit

## 11



# PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

7/27/2007

Ramzi Ahmed Badwi, K-81555
SVSP
PO Box 1050
Soledad, CA 93960-1050

Dear Mr. Badwi:

Thank you for meeting with me on Wednesday.

I write today with the information you requested on hunger strikes. I will write later regarding whether I can notify the Office of Internal Affairs about SVSP's failure to investigate your case fully.

I enclose information regarding CDCR policy on prisoner hunger strikes. If you are deemed mentally competent, and no emergency exists, the CDCR cannot force feed you. An emergency would involve "a sudden, marked change in an inmate's condition so that action is immediately necessary for the preservation of life or the prevention of serious bodily harm to the inmate or others, and it is impracticable to first obtain consent."

I cannot imagine how painful your recovery has been, especially in a place like SVSP, where you are offered little to no support. The fact that SVSP has not taken your claims seriously and has failed to pursue a complete investigation must make your recovery even more difficult.

On Thursday morning, staff told me that you ate. I was very happy to hear this. I wish you the strength you need to recover. Please take care of yourself during this difficult time.

Sincerely,

Megan Hagler

Enclosures: ~~None~~

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

August 2, 2007

Ramzi Ahmed Badwi, K-81555
SVSP
PO Box 1050
Soledad, CA 93960-1050

Dear Mr. Badwi:

Today, I requested that the Office of Internal Affairs investigate Salinas Valley's review of your allegation of sexual abuse. I hope the OIA will address with SVSP any inadequacies it finds.

Please take care.

Sincerely,

Megan Hagler

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

EX-11-P92



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

10/9/2007

Ramzi Ahmed Badwi, K-81555
SVSP
PO Box 1050
Soledad, CA 93960-1050

Dear Mr. Badwi:

Thank you for contacting me. I am sorry to hear that you are back on hunger strike.

I contacted the Office of Internal Affairs today to find out whether it decided to investigate your allegations and SVSP's review of your allegations. I will let you know what I find out.

I enclose an authorization form, which we may need from you before the OIA lets us know whether it will or has investigated your concern. Please understand that we will not be filing a lawsuit for you.

You said you showed my letter and a 602 to someone and got an immediate response. What do you mean by this? To whom did you show the letter? Did you file another 602? What person responded to you? What was the response?

I strongly urge you to reconsider your decision to go on a hunger strike. I do not want you to hurt yourself for SVSP's failure to conduct an investigation.

Sincerely,

Megan Hagler

Enclosures: Auth. Form - English;

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

CX-11-PJ 3

TO: PRISON LAW OFFICE                                    1-of-3
ATTN: MS. MEGAN HAGLER

FROM: Mr. RAMZI AHMED BADWI CDC # K81555
        Salinas Valley State Prison
        Facility CTC Room # 10
        P. O. Box 1050
        Soledad, California 93960-1050

Date: October 12, 2007

Dear Ms. Hagler

      Thank you very much for responing and
Representing me in this difficult time.

      Please, Ms. Hagler this is NOT about filing a lawsuit
for me. This is about Justice. I am willing to take
a Polygraph test to prove of the RAPE occurred.
      Enclose I Signed the uthorization document that
you sent to me to Sign for Attorneys, to be reprsented
neby the Prison law office.
      I never showed you the document's attached to
this letters they or from inmate LARRY FRIERSON, CDC
# C-24469 MR. FRIERSON he hide phyiscal Altercation
with inmate BONILLA, the one who RAPED me they were
cellmates. I meet Mr. FRIERSON in (Ad-Seg) and this is
his statement about being victimize and punish for
                                        Ex-II-Pg 4

2-of-3

not being part of the cover-up he refuse to lie and sign documents, that me and inmate FRIERSON ARE enemies and sign false documents they (SVSP) even offer to send MR. FRIERSON to a nice prison. they even wanted to dorp charges on hem for assutting inmate Bonilla that RAPED me. Inmate FRIERSON write SWRON statement with hes thumb print (see six pages attached).

In my letter of September 27, 2007 I sent to you, I said I received a immediate response when I attached your August 2, 2007 letter to my 602. What I meant is I been waiting for six months for the Appeals coordinator to receiv or to respon to my 602, because whan I mail my 602 to the Appeals coordinator it gets lost in the mail and I dont receive or hear a response from the Appeals coordinator, But whan I attached your letter I received immediate response back. Thank you very much for your help.

Can you stop me from being transfer to (SATF) I have enemies in (SATF) prison I speak to my counselor and Lieutenat McCall he investigated the RAPE I was interviewed on JULY 17, 2007 it was Taped Recored I made a statement about the RAPE and that I have enemies in (SATF) prison. Can you stop the transfer with a court order.

EX-11-P9 5

3-of-3

Thank you very much for your help and assist in this matter, I'll be waiting for your Response on the Internal Affairs. Thank You

cc: File

Respectfully Submitted

*Ramzi Badwi*

RAMZI BADWI
K81555

SX-1A-P9 6

## AUTHORIZATION

    This document, or photocopy thereof, will verify that the Prison Law Office is my legal representative and will authorize its agents and employees to communicate with my previous attorneys, the California Youth Authority, the California Department of Corrections, the California Board of Prison Terms, probation and parole officers, and all other persons or agencies having information which the Prison Law Office deems necessary in representing me; and to examine and photocopy all communications, correspondence, investigation reports, probation reports, custodial files, medical evaluations, employment records, and other documents pertaining to me in the possession of such persons or agencies.

    Further, this document authorizes my previous attorneys, the California Youth Authority, the California Department of Corrections, the California Board of Prison Terms, probation and parole officers, and all other persons and agencies, to release to the Prison Law Office, and its agents and employees, for examination and photocopying, all such communications, correspondence, investigation reports, probation reports, custodial files, medical evaluations, employment records and other documents pertaining to me in their possession.

    This authorization is valid for two years from the date below.

Date: _OCTOBER 12, 2007_    _Ramzi Badwi_
                                   (Signature)

                                  _RAMZI BADWI_
                                   (Please Print Name)

                                  _K81555_
                                   (Number)

CX-11-P9 7



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

October 12, 2007

Razmi Badwi, K-81555
SVSP

Dear Mr. Badwi:

Staff from the Office of Internal Affairs has begun investigating your case. Staff reported to me that they have re-reviewed all tapes, documents, and interviews from SVSP. They will keep me posted.

I again discourage you from pursuing the a hunger strike to compel the CDCR to investigate your case. The Office of Internal Affairs has begun to investigate your case, and it will take time before the investigation is completed. Whether you are on hunger strike will not affect this process. Please reconsider your decision.

I hope it gives you some comfort to know that OIA is investigating your case. Also, please know that you may call me collect about this matter. Collect calls are not confidential, which may limit what we can discuss. But, please know that option is available to you. Please take care.

Sincerely,

Megan Hagler

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

EX-11-PG 8

# Exhibit



April 9, 2008

TO: Eloy Medina, CC-11
Appeals coordinator

FROM: RAMZI BADWI K81535
Facility D-2-111 AD/seg

I HAVE AN outstanding 602 Appeal, ~~which~~ Log No: D-07-04152 which you may have in your possescon.

ON FEBRUARY or MARCH I ~~Mail a inm~~ Mailed Inmate Request to you **Inquiring** the **Status** Off the 602 Log No: D-07-04152, YOU Said it was Lost.

ON MARCH I MAIled A copy of the 602 Log No D-07-04152 to you, I Did Not Receive a Responds Back, AS of this date. Please Return a Respond to the above Thank YOU

Ramzi Badwi
K81555 Facility D-2-111 AD/seg

5x-12-P9 1

State of California

Department of Corrections
Salinas Valley State Prison

# Memorandum

Date    :    November 1, 2007

To    :    BADWI, K81555
        ~~D2/120~~    H1 B1 - 10W

Log Number: SVSP-D-07-04152

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

☑ Unavailability of the appellant, or staff or inmate witness.

☐ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

This notification is required per California Code of Regulations, Section 3084.6(b)(6). The new estimated completion date is ___10/8/07_____.

Appeals Coordinator
Salinas Valley State Prison



EX-12-P9-2

INMATE / PAROLEE APPEAL SCREENING FORM

CDCR-695

INMATE: _Brdwi_    CDC #: _K-81555_    CDC HOUSING: _D2-120_

THIS IS *NOT AN APPEAL RESPONSE* – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[✗] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362. If necessary, sign up for sick call.

[ ] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally through the informal appeals process

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**

Comments: You may write on back of this form to clarify or respond to the above.

_need requested action in section B._

Eloy Medina, CC-II
Appeals Coordinator

DELIVERED SEP 1 3 2007

Date: _8/9/07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached. *(4/30/07)*

<u>PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*</u>

_Cx 12-PJ-3_

EMERGENCY APPEAL

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

D2    Location: Institution/Parole Region

Log No. _____    Category _____
SVSP-D-07-04152    5

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME BADWI, R.    NUMBER K81535

Segregation    wants property

ASSIGNMENT D2-Ad-SeG    UNIT/ROOM NUMBER D2-120W

A. Describe Problem: Please, Don't Lose this form. This is a copy of the Similar 602 Appeal form. Because the first one was lost in D-8 Staff's office or at Appeal coordinator office, Because I Did Not Receive a Responds since MAY 7, 2007. I was RAPED in my cell on APRIL 24, 2007, at Salinas Valley State Prison at A-2-142. I'm paralyzed from the waste down. I'm in the Hole (Ad-SeG) since the RAPE because the Prison Staff's want me to keep my mouth Closed about the RAPE and away from the telephones, Law Library and

If you need more space, attach one additional sheet.    (See Attach Additional Sheet) →

B. Action Requested: UNTIL I meet with the FBI or Internal Affairs, I will not eat. to investigate ~~about~~ my case fully of sexual abuse. I will eat.

RECD AUG 0 8 2007

Inmate/Parolee Signature: Ramy Badwi    Date Submitted: 8-7-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____

DELIVERED SEP 1 3 [illegible]

Note: Property/Funds Appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    Date Submitted: _____    CDC Appeal Number: _____

8/9/07 first seen by me.
I called Lt. Bocella regarding no prop. she completed
I/m's statement of : being on hunger strike
Lt. Bocella stated they try to issue
everytime they try he isn't
in his prop, he isn't
she will ensure I/m gets prop MEDON
SX-12 PG-4

First Level: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)    Date: _____

Ox-17-P9 5

EMERGENCY APPEAL

LOG NUMBER: SVSP-D-07-04152

my personal property and legal material so that I could not precede and prepare my case for my court deadlien. I was EXAMINATION, this was performed on APRIL 26, 2007. By Sexual ASSAUT Response TEAM "SART". At NATIVIDAD MEDICAL CENTER, Legal evidence was obtained Injuries were present and photographs, Blood test and D.N.A. evidence was test.

When I found out, inmate Bonilla how RAPED ME is Roaming in the yard and NEVAR been Charge for the RAPE, and the prison staff refuse to turn over the evidence to the District Attorney. So on June 17 2007. I want on Honger Strike. UNTIL, I meet With the FBI or Internal Affairs, I will eat not.

This Documents has been MAIL to the fulling:

| | |
|---|---|
| U.S. DEPARTMENT OF JUSTICE WASHIGNTON, DC 20530 | WARDEN: Mr. EVANS Salinas Valley State Prison P.O. BOX 1050 Soledad, CA 93960-1050 |
| DEPARTMENT Corrections P.O. BOX 942883 Sacramento, CA 94283-0001 | *Ramzi Badwi* RAMZI BADWI, K81535 AUGUST 7, 2007 |
| PRISON LAW OFFICE Director: Donald Specter General Delivery San Quentin, CA 94964-0001 | |

cx-12-p.5 6

Page 1

ON April 24th, 2007 At Approximately 1:00 A

my cellmate sexually assulted me several time

between the hours of 1:00 Am and 5:00 Am

in the morning. Due to my handicap, confined

to a wheel chair, all he had to do is put

his hand around my neck and squeeze and

use his other hand to open my legs and

sexually assult me with his fingers in my

ANUS. Everytime I tryed to stop him he

put perssure on my throat and squeeze

until I could breathe and until I turned Red,

and then he pull my catanther condom off becau

I wear a urine bag, he then tryed to giv

me oral sex by grab my penis when he

Were traying to suck my penis he scratched

and bruised me around that area as well. When he were unable to suck my penis, he started using his fingers in my anus, after he did all this, he enjaculate three (3) time doing the course of the night. He were putting his hand to his nose smelling it, which had feces on it, and then he start masterbating until he cum. After that he teyed to grab my hands to force me to touch him, which I did not. The whole time he were doing this he were on "crystal meth", and I ask him why "are you doing this, he stated "I'm horney as a motherfucker and high off that shit and I want to fuck you in the ass. I then told him that's not going to happal. I

Ex-12-09 8

Page 3

Ask him why do you want to do this to me?
Did you do this to your last cellmate? he
then stated "Fuck yeah, you could ask that
Bitch, his "Nick Name" is "Conajo", he is Just a
young little kid and I believe he did take
advantage of him. Between the hours of
1:00 am & 5:00 am I was hoping & praying
a c/o would walk by and stop him from sexual
assulting me, but the only c/o were in the control
booth. After got done doing what he
did to me, he started cleaning hisself, hand
and floor. I then Just layed there scar
to death and I stayed that way all Night.
There were seman on the floor, the sheets &
blanket too as well as sweat pants. I wa

SX-M-029

wearing at the time. So he went to layed
on his bed, I were hoping when the c/o release
the Kitchen worker at 5:30 am he would walk
in the area of my cell, but he were to <u>far for</u>
me to get his attention, and I'm Bonilla
were standing by the door, but I just
layed in my bed hoping the door will open
at 6:00 then I could go out the door
when they call breakfast, when the door
did finally open I went to the c/o and
told him that I was <u>suicidal</u>, I didn't wan
to tell them anything about the assult, I
wanted to take this to my grave with me,
so what the c/o did, he said go back to
your cell at which time I Refused, and

5 Pg#5

then he said go lock up in the Shower
because there is Know doctor here yet. About
15 min. later the Contrell Booth C/o he told
me to go to medical.

Danj Badri
K81555

EX-12-PG-11

(i) #2

This is my Sworn Statement Under
Penalty of Perjury
Larry Frierson C-244
5-11-07

TO: Whom it may Concern:
From: I/M Frierson C#244169    D8-112L

ON April 25th at approximately 11:00pm I/m Bonilla P#70348 (who calls himself "milo") moved in the cell with me to Ø A2-142u He (Bonilla) started telling me how he tryes to rape his last cellmate due to him beating A real old lady on the street. The inmate he is talking about is Ramiz Badwi. The following day 5-26-07 I spoke with A3-floor Staff C/O Roach, which he told me he didn't want to here it. on that same day I/m Bonilla came back from an interview with ISU with approximately 3 pouches wreth of tobacco and he immediately start selling cigarettes from the cell. Three (3) pouches are worth about $1,000 in prison. Due to its no longer sold in prison canteen on 4-27-07 I also spoke with Sgt. Hogan and explain to him that Bonilla Bonilla brought (stele) inmate "Badwi" legal work and other personal property items which were in our cell. which he refuse to do anything about. Then that same night About 8:00pm Lt. R. Mojica Asked me did Bonilla Say anything to me About raping Badwi. Then I said "Yes" Then Lt. R. Mojica Said Badwi recanted his story and said Bonilla did not rape him. I asked Lt. R. Mojica Why are you telling this. which he did not Answer. C/O Rincon Ask me the same thing. But None of them tell me

First Page — my First Thumb Print Larry Frierson 7-12-07

②

Why they were asking me All these question.
Then I asked Sgt. Hogan When I Asked you to
move I/m Bonilla out of my Cell due to him
Selling Cigarettes, and you refuse to move him,
Which lead to me And him getting into a
Physical Altercation. Also Sgt. Hogan did not tell
Staff to come get inmate Badwi Personal
property out of my Cell until I and Bonilla had
A fight.

    I N closing I feel something is Very
Wrong Will this, I think someone is trying
to Cover up something.

    The Above is my Sware Statement

Date: MAY 11th, 2007

    I/m. Larry Trierson    C#24469

    Salinas Valley State Prison
    P.O. Box 1050   D8-112L
    Soledad, California
2nd                              93960-1050
Second PAGE
Second 3- Righ Thumb Prints.
My 3- print Right Thumb.
                    , Larry Trierson
                      7/12/07

SX-12- Pg 13

# Exhibit

## 13

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

D2-111

DEPARTMENT OF CORRECTIONS

**From:** CTC-10W    **To:**

DISTRIBUTION:
WHITE - CENTRAL FILE        CANARY - WARDEN
BLUE - INMATE (2ND COPY)    PINK - HEALTH CARE MGR
GREEN - ASU                 GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BADWI | K-81555 |

## REASON(S) FOR PLACEMENT *(PART A)*

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

Inmate BADWI, K-81555, on 03/28/08, you are being placed in Administrative Segregation due to "Safety Concerns." Specifically, on this date, you were released from CTC to be housed on Facility "A". However, you expressed to staff that you had safety concerns within Facility "A". Based on this, your presence in the Facility "A" SNY-General Population is deemed a threat to your safety and the security of the institution. You will remain in Ad/Seg pending ICC review of your future housing/program requirements. This placement will affect your Custody Level, Credit Earning, Privilege Group and Visiting Status. Your placement is ordered by Lt. N. Walker.

Inmate BADWI IS / IS not a participant in the MHSDS.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03/28/08 | N. WALKER | | LIEUTENANT |
| DATE NOTICE SERVED 4-2-08 | TIME SERVED 1410 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE R. Roses    SIGNATURE | STAFF's TITLE 7o |

☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE Bay Bader | CDC NUMBER K8-1555

## ADMINISTRATIVE REVIEW *(PART B)*
**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| STAFF ASSISTANT'S NAME    TITLE | INVESTIGATIVE EMPLOYEE'S NAME    TITLE |

### IS THIS INMATE:

| | | |
|---|---|---|
| LITERATE? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY ☒ YES ☐ NO |
| FLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS ☒ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☒ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED ☒ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | |

Any "NO" requires SA assignment ☐ NOT ASSIGNED    Any "NO" may require IE assignment ☐ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY    ☐ RETAIN PENDING ICC REVIEW    ☐ DOUBLE CELL    ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION: UPON BED AVAILABILITY RELEASE TO AFORMENTIONED FACILITY IDOX CDCS ENDANGERS SEC ICC REVIEW

| ADMINISTRATIVE REVIEWER'S PRINTED NAME D. CAPLAN | TITLE CPT(C) | DATE OF REVIEW 4/3/08 | TIME 1650 | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

CAPLAN

See Chronological Classification Review document (CDC 128-G) for specific hearing information

CX-12-09    1

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

From CTC-10W    To:

| INMATE'S NAME | CDC NUMBER |
|---|---|
| PADWI | K-81555 |

## REASON(S) FOR PLACEMENT (PART A)

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

Inmate PADWI, K-81555, on 03/28/08, you are being placed in Administrative Segregation due to "Safety Concerns." Specifically, on this date, you were released from CTC to be housed on Facility "A". However, you expressed to staff that you had safety concerns within Facility "A". Based on this, your presence in the Facility "A" IN-General Population is deemed a threat to your safety and the security of the institution. You will remain in Ad/Seg pending ICC review of your future housing/program requirements. This placement will affect your Custody Level, Credit Earning, Privilege Group and Visiting Status. Your placement is ordered by Lt. N. Walker.

Inmate PADWI is / is not a participant in the MHSDS.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03/28/08 | N. WALKER | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)

**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | | |
|---|---|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

[ ] NOT ASSIGNED    Any "NO" may require IE assignment

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

EX-13-09    1

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information.

EX-13-09    2

# Exhibit

## 14

California Department of Corrections and Rehabilitation                                                     Salinas Valley State Prison

# *M E M O R A N D U M*



**Date:**    August 3, 2007

*Copy in file*

**To:**    Inmate Records
Salinas Valley State Prison

**Subject: DISMISSAL OF RULES VIOLATION REPORT FD-07-06-0017**

Effective immediately Rules Violation Report (RVR) Log FD-07-06-0017 is dismissed in the
interest of justice by the Chief Disciplinary Officer.  Remove all documentation pertaining to
this disciplinary report from inmate Badwi K-81555 Central File.

M. P. MOORE, III
Correctional Administrator
Complex II

*Return to I/M Badwi K81555*

*INMATE COPY*

*EX-14-PG 1*

804 to Records: _____ Date: _____
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| K-81555 | BADWI | | LWOP | SVSP | D8-111 | FD-07-06-0017 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | REFUSING ORDER | D8 'A' Pod | 06/04/07 | 1700 hours |

CIRCUMSTANCES

On 06/04/07, at approximately 1700 hours, I informed Inmate BADWI (K-81555, D8-111), that he would be receiving a compatible cellmate per S.V.S.P. Operational Procedure #42 Double Celling signed by the Warden. This states in part, "Inmates are expected to share occupancy of living quarters, either in a dormitory setting or within an individual cell." A review of Inmate BADWI 114 file reflects that Inmate BADWI was cleared and approved for double celling by the (ICC), on 05/11/07. Inmate BADWI refused to except the assigned compatible cellmate stating, "I'm not taking a cellie." Inmate BADWI was given a direct order to submit to handcuffs so the other inmate could be placed in the cell and he refused. This refusal is in direct violation of O.P.#42, and disrupted the normal operations of the ASU is crucial to the daily operational, were the demand for bed space is critical. Inmate BADWI refusal to except a compatible cellmate has caused a negative impact on the ASU. Inmate BADWI was informed of this documentation. This concludes my report.

  Inmate BADWI **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ Tran, Correctional Officer | | | D8-S&E #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ | | | | |
| | | DATE _____ LOC. _____ | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | I | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | | | ▶ | | |

HEARING

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ | | | | |

| | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ | | | |

CDC 115 (7/88)

Hearing on 7-2-07 90 days no yard EX-14-pg 2

STATE OF CALIFORNIA

## RULES VIOLATION REPORT - PART C

DEPA...

PAGE **1** OF **2**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-81555 | BADWI | FD-07-06-0017 | SVSP | 07/02/07 |

☐ SUPPLEMENTAL   ☒☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

Hearing Date: 07/02/07.          Time: 1840 hours.          Any Postponement Explained: N/A.

**Inmate Plea and Statement:** Inmate BADWI entered a plea of NOT GUILTY and stated, "Officer Tran was not the one who gave me the order."

**Inmate's Health:** Inmate BADWI claims to be in good health and prepared to proceed with the disciplinary process.

**MHSDS:** Inmate BADWI **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate BADWI exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate BADWI did not demonstrate any strange, bizarre, or irrational behavior.

**DUE PROCESS:**  Date of Discovery: 06/04/07.
Initial RVR copy served on: 06/12/07.
Incident Package served on: N/A.
D.A. results issued date: N/A.

Hearing started on: 07/02/07.
CDCR-115-MH served on: N/A.
Supplemental served on: N/A.
Last document served on: 06/12/07.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(b). Inmate BADWI was provided a copy of the CDCR-115 within 15 days after the discovery of information leading to the charges. Hearing was held within 30 days of the date the inmate was provided a copy of the CDCR-115. Inmate BADWI acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate BADWI TABE Reading Score was Above 4.0 as noted in the Central File. Inmate BADWI read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Investigative Employee was not assigned per CCR §3315 (d)(1)(A).

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.                    Video Tape Evidence: N/A.

**Witness Requested:** Inmate BADWI did not request witnesses to be present at the hearing.

**Witness Testimony at Hearing:** N/A.                    Confidential Information: N/A.

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

INMATE COPY

L.A. Negron Jr., Correctional Lieutenant

(DISPO CON'T SEE CDCR-115C PAGE 2)

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 07/02/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | 7/2/07 | 2000 |

CDC 115-C (5/95)

SX-14-89 3

 OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-81555 | BADWI | FD-07-06-0017 | SVSP | 07/02/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

**Findings:** Inmate BADWI is found GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #FD-07-06-0017, authored by Reporting Employee (R.E.) Correctional Officer Tran, wherein states:
   a) Reporting Employee Officer Tran informed Inmate BADWI K-81555 that he is expected to and would be receiving a compatible cellmate per O.P. #42.

   b) Officer Tran was an eyewitness to Inmate BADWI refused to accept the assigned compatible cellmate, stating "I'm not taking a cellie."

   c) A review of Inmate BADWI 114 files reflects that he was cleared and approved for double celling by the ICC on 05/11/07.

**CONCLUSION:** Based on the aforementioned facts, this SHO finds the preponderance of the evidence relied upon has been met to render and sustain a finding of Guilt on the charged offense of Inmate BADWI violating CCR §3005(b); specifically, "Refusing Orders," a Division "F(3)" offense per CCR §3323 (h)(3).

**Appeal Rights:** Inmate BADWI was advised of his rights to appeal per CCR section §3084.1 (a). Inmate BADWI was informed that he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate BADWI was further advised of credit restoration per CCR §3327 and §3328.

INMATE COPY

L.A. Negron Jr., Correctional Lieutenant

SIGNATURE OF WRITER

DATE SIGNED
07/02/07

☐ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature)

DATE SIGNED

TIME SIGNED

CDC 115-C (5/95)

EX-14-P3 4



OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-81555 | BADWI | C.C.R. §3005(b) | 06/04/07 | SVSP | FD-07-06-0017 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | DATE |
|---|---|---|
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| ☐ **I REVOKE** my request for postponement. | INMATE'S SIGNATURE ▶ N/A | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☐ NOT ASSIGNED | REASON DOES NOT MEET CRITERIA PER CCR §3315(d)(2)(A), GPL 4.5 | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☑ NOT ASSIGNED | REASON Dame 3315 (d)(1)(A) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:
NONE                                    None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☑ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INMATE COPY

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 0815 | DATE 6/12/07 |

CDC 115-A (7/88)          *— If additional space is required use supplemental pages* EX #4-P5 5          OSP 03 74845

# Exhibit

15

California Department of Corrections and Rehabilitation                    Salinas Valley State Prison

*M E M O R A N D U M*



Bartur
K81555

**Date:   10/18/2007**

ADDENDUM

5/98

43-year-old Muslim male with a history of Hemiplegia secondary to a fall at Lancaster on 05/08.  Pt. reports history of progressive LE weakness prior to being in custody and reports he was to have surgery, back surgery.  Pt. in custody since 11/02/96.  After being in custody, 0 surgeries.  Weakness continued until 05/08.  Apparently there was a fight on the yard and I/M had to "get down".  When he attempted to, he fell backwards he struck his back against an edge on a concrete wall and has been paralyzed since.

Arrived @ SVSP 03/01.  Pt. was in G.P. B-yard prior to it becoming an SNY yard.  Pt. was a single cell status until 02/06.  His first roommate ended up leaving secondary SI after 2-3 weeks.  Pt. had no roommate prior to this.  Then in 03/06 he injured right rotator cuff and was transferred to CTC.  He went to A-yard prior to discharge from CTC.  He was in-patient from 03/06 to 10/06.  Pt. then sent back to yard.  Was housed with a "child molester".  He reports that he immediately experienced problems with this roommate.  He states that whenever he would have to expose his private area to change his "diapers" out of necessity his cell mate would climb from the top bunk and sit on the toilet with a magazine in front of his face pretending to read it while peeking around the side to view what he was doing in hopes of getting a glance at his private area.  He reports complaining to CO's and requesting the removal of this I/M but says this did not occur.

He then reports that a CO recommended he speak with another inmate in "#104".  He was in building A2-142.  He approached the I/m in A2-104 to see if a swap could occur.  I/M Bonilla agreed to become his cell mate but Bonilla's "cellie" nicknamed "Courage" did not want "the child molester"!  He says he had previously purchased a gold necklace with a cross and sine he is Muslim he did not wear it so he gave the necklace to Courage as payment and he then accepted the "child molester".  Pt. says he then obtained Bonilla P70348 as his cellie.  They were cell mates for 2.5 month before "raped" occurred.  After this he received single cell status again.

Pt. reports I/M obtained "crystal meth" and while under that influence "raped" him.  He has provided me with a copy of his complaint.  Pt. has been on Hunger Strike since 06/17/07.

Pt. reports that he feels like he has been ignored and treated like a criminal.  The perpetrator has been allowed to roam freely on the yard.  He is angry that no charges have been brought against Bonilla.  He states specifically that he feels like his pleas will eventually be heard through an investigation of his death.  He again states that if he dies he does not care because either way he wants the truth to come out.  Even if it means his death he will pursue this.

Pt. c/o feeling very weak, "very weak" reporting also that the weakness has been progressive and now has difficulty getting out of bed, c/o depression, and now says he

will refuse H20.  He drank one cup in my presence secondary to his belief that I am above CMO.  He thinks the refusal of the return of his property is an attempt to get him to drop his case.

Pt. also c/o abd. pain and ? mass right lower abd. noticed prior to weight loss.  C/o of left ear pain associated with h/o chronic recurrent External ear infections.   C/o right "Athlete's foot".  Abd. pain is non-specific

He also c/o depression associated with the issue of "rape" but doesn't want an physical evaluation.

GAD:
Pt appears NAD, sl. flat affect, animated when disc of his perceived "_____" occurs.
CV:
RRR, 0M.
LEGS:
CTA right.
ABD:
Pain right mid abd /SI periumbilical ? mass 7.5 X 7.5 cm seems attached to AA but is *non pulsatile*.
DERM:
SL inflammatory ∆'s with dry skin between toes of right foot.
HEENT:
+ grayish white exudate EAC and adherent to the membrane.  0 Erythema of tympanic membrane.

## ASSESSMENT:

1.  Hunger Strike
2.  Possible abdominal mass
3.  Tinea Pedis
4.  Otitis Externa

## PLAN:

1.  Misc: pt  is now not drinking H20 and has stated specifically he does not care if he dies for his cause and has had significant weight loss.  Don't think best timing for transfer.
2.  GI: Abdominal CT without contrast disc results when *study* complete.
3.  Derm: *Clotrimazole* 1% apply bid X7-14 days.
4.  ENT: *Ceftisporih otre* drop qid x 10 days will read 1 wk.

Note: end of visit pt requested increase of pain meds after review, based on wt and *eating! No intake*
*very unadvisable (risk of ↑ toxicity)*
*(e.l.intob)*

GX-15 P5 2

SALINAS VALLEY STATE PRISON
SOLEDAD, CA 93960

(1A)

DATE/TIME OF ADMISSION: 07/13/2007 @ 1525

TB CODE: Unknown at this time no UHR          ALLERGIES: NKDA

**CHIEF COMPLAINT:**
None.

**HISTORY OF PRESENT ILLNESS:**
43 year old male who is on a hunger strike. Inmate stated this day number 28, and that he started on 06/17/2007. He states the reason he is on a hunger strike he is protesting that he is being punished after being raped. He states that he the rapist still remains on the yard while he is put into isolation, and that he wants the situation to be resolved. He does state that he does comply with his medications; he does take two sips of water when he takes his medications. Currently he has no complaints.

**PAST MEDICAL HISTORY:**
Seizure he is a paraplegic, he also has chronic back pain, and right shoulder pain.

**PAST SURGICAL HISTORY:**
Shoulder surgery.

**CURRENT MEDICATIONS:**
Dilantin 300mg qhs, OxyContin 400mg qid.

**FAMILY HISTORY:**
Non-contributory.

**SOCIAL HISTORY:**
He does smoke he does drink and he has used marijuana.

**REVIEW OF SYSTEMS:**
Does have poor vision but does not wear any glasses, no SOB or wheezing, no angina PND or Orthopnea, no Melena Hematochezia, no syncope all the systems are negative.

**PHYSICAL EXAMINATION:** Vitals are pending at this time.

| | |
|---|---|
| **GENERAL:** | Well developed well nourished male in no acute distress. Inmate is wheelchair bound. |
| **SKIN:** | Good turgor. |
| **HENT:** | Oropharynx is moist. |
| **HEART/ BP:** | RRR no murmur rubs or gallops. |
| **LUNGS:** | Clear to auscultation bilaterally. |
| **ABDOMEN:** | Positive abdominal sounds soft and non-tender. |
| **EXTREMITIES:** | No edema cyanosis or clubbing. |
| **NEUROLOGICAL:** | He is alert and oriented x3 his upper extremities are intact, his cranium nerves are intact and there appears to be no focal deficit. |

**ASSESMENT:**
1. Hunger strike according to inmate day number 28. There is not evidence of dehydration at this time.

CDC #: K81555          DOB: 03/21/1964

INMATE NAME:  Badwi, Ramzy

HEALTH RECORD REPORT

SX-15 Pg 3

(2A)

SALINAS VALLEY STATE PRISON
SOLEDAD, CA 93960

**PLAN:**
Will admit to CTC for closer observation will also go ahead and check CNP and CBC.
I did warn inmate that I will start him on a regular diet and Gatorade. While here in CTC
in any time he decides to end his hunger strike.

2. History of seizures and chronic pain will resume him back on his Dilantin and his
OxyContin also add Colace for constipation.

| TYPE OF REPORT (Check One) | | Signature of Provider **DUC NGUYEN, M.D.** | |
|---|---|---|---|
| ☒ History and Physical CDC 7206 | ☐ Discharge Summary CDC 7218 | Patient's Name (Last, First, MI) **Badwi, Ramzy** | Date of Birth **03/21/1964** |
| ☐ Progress Note CDC 7230 | ☐ Death Report CDC 7229 | CDC Number **K81555** | Date Dictated **07/13/2007** · Date Typed/Initial/Job# **07/16/2007/am/6293** |
| ☐ Consultation Report CDC 7243 | ☐ Transfer Summary CDC 7295 | Institution **Salinas Valley State Prison** | |
| ☐ Operation Report CDC 7205 | ☐ Other (Specify) | Unit/Wing/Bed # **BED-** | Hospital **CTC** |

**HEALTH RECORD REPORT**

CDC 7292 (11/89)
STATE OF CALIFORNIA

Page 2 of 2

DEPARTMENT OF CORRECTIONS

GX-15-Pg 4

## SALINAS VALLEY STATE PRISON
### SOLEDAD, CA 93960

**DATE AND TIME OF ADMISSION:**     09/11/2007

**DATE AND TIME OF DISCHARGE:**     10/04/2007

**ADMITTING DIAGNSOS:**
Hunger strike.
**SPECIAL OPERATION AND PROCEDURES:**
None.
**DISCHARGE DIAGNOSIS:**
Hunger strike, paraplegia, history of seizure not on anti seizure medication, chronic pain and history of non-Hodgkin lymphoma.
**HOSPITAL COURSE:**
43 year old inmate admitted for hunger strike. His hunger strike started on June 17th 2007, and the reason for his hunger strike was due to custodial situation. He was admitted to the CTC back on 07/13/2007 and was discharged on 07/31/2007. At that time he was discharged due to stable condition and then he was eating on and off. This inmate does admit to taking fluid daily since the start of his hunger strike. During this CTC admission inmate complained of chronic pain mostly in his shoulder and back. He is paraplegic his initial pain medication was immediate release morphine and this was increased as needed to control his pain. Inmate also requested to be taken off Dilantin stating that he had not had a seizure since 1996. The Dilantin was discontinued on 09/14/2007. Inmate also complained when he was on Dilantin of abdominal pain. Inmate had a comprehensive metabolic panel done on 09/12/2007 which showed a WBC of 3.2, total protein of 7.3, albumin of 4.1. He also had a urinalysis done which showed greater than 80mg key tones, he had a repeat comprehensive metabolic panel on 09/25/2007 which shows a WBC of 2.3, with low differentials, total protein of 6.8 and albumin 3.8, magnesium 2.14. Because, of his low WBC a review of his UHR was done which shows inmate had a history of non-Hodgkin lymphoma. A request for service was done on 07/30/2007. I did speak with the scheduler at SVSP and it was noted that inmate refused to follow up with the oncologist because, during that time he was on his hunger strike. On 09/26/2007 a Probate 3200 § was done and has been sent off to the appropriate authority. Inmate also received treatment for a left ear infection which occurred during this CTC course. His vital signs remained stable during his stay in the CTC. His admission weight on 09/12/2007 was 145.8 pounds his weight on 10/03/2007 was 136.6. He had a weight of 177.6 on 07/13/2007. Reviewing his labs shows normal total protein level and albumin which I find unusual for a patient who has been on a hunger strike for so long. He also was noted on this admission to be taking a snack on and off eating crackers, soup and ice cream. Again this was not daily, but on and off basis.

| NAME:  BADWI, RAMZI | CDC#:  K81555 | DOB: 03/21/1964 |
|---|---|---|

### HEALTH RECORD REPORT
Page 1 of 2

5X-15-P9.5



## SALINAS VALLEY STATE PRISON
### SOLEDAD, CA 93960

**DISCHARGE ORDER:**
Condition is fair activities as tolerated, diet is regular.

**DISCHARGE MEDICATIONS:**
Morphine immediate release 30mg qid, Colace 100 mg daily.

| | | | Signature of Provider **NGUYEN, DUC M.D.** | | |
|---|---|---|---|---|---|
| TYPE OF REPORT (Check One) | | | Patient's Name (Last, First, MI) **Badwi, Ramzi** | | Date of Birth: **03/21/1964** |
| ☐ History and Physical CDC 7206 | ☒ Discharge Summary CDC 7218 | | CDC Number **K81555** | Date Dictated **10/04/2007** | Date Typed/Initial/Job# **10/04/2007/am/6418** |
| ☐ Progress Note CDC 7230 | ☐ Death Report CDC 7229 | | Institution **Salinas Valley State Prison** | | |
| ☐ Consultation Report CDC 7243 | ☐ Transfer Summary CDC 7295 | | | | |
| ☐ Operation Report CDC 7205 | ☐ Other (Specify) | | Unit/Wing/Bed # **BED- 20** | Hospital **CTC** | |

### HEALTH RECORD REPORT
Page 2 of 2

CDC 7292 (11/89)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

EX-15-P3 6

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 2/8/07 | | | Chrono — Inmate Badwi K81555 has a disability requiring the use of a catheter and other medical devices to ~~handle~~ respond to his incontinence. Because of this he requires additional linen. He is authorized to possess three extra sheets above the issued amounts and is authorized to exchange linen on a one for one basis as needed. |
| | | | Bowman |
| | | | Noted (Cardenas) ~ 2.8.07  1500 |
| | | | Because of incontinence he should also be issued on extra roll of toilet paper. |
| | | | Noted & Cardenas ~ Bowman 1500 |

ALLERGIES:

INSTITUTION: SVSP

ROOM/WING: A2-142

Confidential
client information
See W & I Code, Sections 4514 and 5328

CDC NUMBER, NAME (LAST, FIRST, MI)

BADWI, RAMZI
K 81555

EX-15-P9 7

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA          OSP 05 93416          DEPARTMENT OF CORRECTIONS

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication<br>(Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 2/8/07 | | | D/c methadone + Oxycodone. |
| | | | Oxycodone 20mg in Arg |
| | | | + 40mg in evening |
| | | | DOT x 100 days. |
| | | | Noted @Cardenas — Bowman |
| | | | 1500 |

ALLERGIES:    INSTITUTION SVSP    ROOM/WING A2·142

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

BADWI, R

K81555

EX-15-Pg 8

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA    OSP 05 93416    DEPARTMENT OF CORRECTIONS

| DATE | TIME |
|------|------|
| 2/8/07 | |

inmate appeals.
Patient is incontinent. He is
requesting additional linen and
toilet paper - This is granted.

He is also requesting me D/c his
methadone and change his
Oxycodone schedule. This
will be done

Bowman

INSTITUTION
SVSP

HOUSING UNIT

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Bodwin

K 81555

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

SX-15-P.9  9

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

EX-1A

| NAME OF INSTITUTION SVSP | FACILITY/UNIT AS-142 | REASON FOR REPORT (circle) | | USE OF FORCE    INJURY | ON THE JOB INJURY | DATE 3/20/06 |
|---|---|---|---|---|---|---|
| | | | | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | |

| THIS SECTION FOR INMATE ONLY | NAME    LAST Badwi | FIRST R | | CDC NUMBER K81555 | HOUSING LOC. AS-142 | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME    LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs | |
| THIS SECTION FOR VISITOR ONLY | NAME    LAST | FIRST | MIDDLE | DOB | OCCUPATION | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE AS-142 | DATE/TIME OF OCCURRENCE 3/20/06 1200 | NAME OF WITNESS(ES) Custody | | |
|---|---|---|---|---|
| TIME NOTIFIED 1200 | TIME SEEN 1210 | ESCORTED BY C/o | MODE OF ARRIVAL (circle)    LITTER    WHEELCHAIR    AMBULATORY    ON SITE | AGE 41 | RACE Arab | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I fell trying to get on my wheelchair, I hit the sink, & then hit the ground" "I am unable to use my right arm"

| INJURIES FOUND?    YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other    bump | 17 |
| | 18 |
| | 19 |

#1 #14
#14 #17



| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES / NO |
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME Bey NP 1210 |
|---|---|

DISPOSITION 1210
TO CTC for further eval

| REPORT COMPLETED BY/TITLE    (PRINT AND SIGN) M Garcia    Garcia LVN | BADGE # 850 500 | RDOs Wed Thurs |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 11/02)    DISTRIBUTION:    ORIGINAL - UHR    CANARY - CUSTODY    PINK - HEALTH AND SAFETY/RTW COORDINATOR

EX-1A-pg 10

California Department of Corrections                                          Salinas Valley State Pri:

# EMERGENCY MEDICAL TRANSFER



| FROM: E.R. / INPATIENT | DATE: 10 P-1 /20 0.7 | Time: 1100 |

| 1. Inmate Name | CDC# | Date of Birth |
|---|---|---|
| Badwi, Ramzi | K81555 | 3/21/64 |

(43) age

**2. Sending Direct Contacts:**

Sid          M.D.          Larron          R.N.

SVSP                        SVSP

**Accepting Direct Contact Physician**

Rawlanzi     M.D.    Date: 10/21/07  Time: 1100

[X] NMC  [ ] SVMH  [ ] other _____

**3.** BP 126/90 PULSE 97 O2sat 98% Respirations 18 Temp 97.9

**4. Current Medications (Drug, dose, times per day)**

see profile attached.

**5. Transfer Diagnosis**

Neck pain, abrasions forehead, bruising (R) arm, (R) face

**Event History:**

While taking shower sitting on shower seat - fell to shower floor

**SVSP Emergency Dept. Tx:**

C-spine precautions. Monitor. B.S. (85) Morphine 6 mg IV I.V. NS 100ml = 22, & AC-

**6. Previous Historical Diagnosis**

paraplegia - 1998 inj., Hunger strike to 3 months / taking fluids blood cd -

5-

| 7. Allergies NKA | 8. Tetanus < 1yr. | 9. TB Status 32 |

WARNING: Telling an inmate about future appointments creates a risk of ESCAPE. Please contact SVSP Utilization Review or the Direct Contact M.D. to schedule appointments. DO NOT ENDANGER YOURSELVES OR YOUR COLLEAGUES,

EX-15-P911

State of California, Departm[ ] [C]orrections -- Institution: _____    Prior Page Number : ___ ___

CHRONOLOGICAL INTER[DIS]CIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

| Date/Time: | ⟨4MD⟩     (CFRB - LTC)     Use Name & Title Stamp. |
|---|---|
| 4/4/07 0900 | ⑤ "I just felt depressed, don't have energy. Just tired. It's easier if you let me go." Pt. presented yesterday evening after cutting left wrist with a razor. Cellie called staff to report his cellie was cutting his wrist. Gets along ō cellie, no problems in yard. Felt "relief" when he cut his wrist. |
|  | PHHx: Was on Zoloft in 2005, which helped his depression. Previously cut his wrist in order to stay in CTC |
|  | PMHx: Reported paraplegia, rotator cuff injury (R), Lymphoma in remission |
|  | Ⓞ MSE: well-groomed, calm, soft speech, cooperative. Articulate. Affect: engaged, full. TP: linear. TC: denies AVH/SI/HI. I/J: fair. IC: fair. Isolating. |
|  | Ⓐ/Ⓟ MDD, moderate, recurrent. Most recent episode × 2 wks. |
|  | ① Agrees to risks, benefits, alt's, & SE's of Effexor XR for depression |
|  | ② Release to yard - denies suicidality. |
|  | ③ 5d follow-up (suicide assessments). R. Peterson |
|  | Page # |

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES MH 3 [3/21/96] Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE Inpatient Outpatient | Last Name: Badwi    First Name: K81555    MI: CDC # __-__ __ __ __ __    DOB __/__/__ |
|---|---|---|

EX-15-B 12

5 504
5514
5524

| DATE | TIME | COMMENTS (USE S. O. A. P. E. FORMAT) |
|------|------|-------------------------------------|
| 4.24.07 | 8:10 am | Pt SEEN ON BEHALF OF HIS PRIMARY Clinician FOR BEING suicidal or hurt Somebody. Pt - A 43 yr. old Middle Eastern on a WHEEL-CHAIR pt. Reports FELL BACK D/T SOME VAGUE NUMBNESS in 1998 and since then he WAS been a wheel chair bound; pt looked up for Murder pt An LWOP. Pt. DENIES Any drugs but Says Smoked mj daily. pt was DX'ed w/ Leuchemia in 2005, pt states His Cancer is in Remission Since then has tried to Survive; pt Reports racing thoughts, pt. in SNY pre he claims he volunteered for it. Pt. STATES that HE WAS DISCHARGED from MH in 2005 - pt. speculate that if things are going the way it is for him (the way he feels) pt requests to get back to MH placement. During the interview pt keeps making Confusing & Contradictory statement DEMANDING THAT I SHOULD FIND OUT WHAT HAS BEEN GOING ON inside his head or why HE HAS BEEN BEHAVING AS SUCH? OR HOW COME I DIDNT ask him this question that question. pt will BE Referred to Dr. SANDERS FOR A Through Yeval and re-admission for MH placement |
| | | AXIS I  296.33  MDD  (Provisional) |
| | |          304.30  Cannabis Dep |
| | | AXIS II  301.7, 301.81 narcissistic pers + Borderline organization |
| | | AXIS III  Hemiplegic and leuchemia |
| | | AXIS IV  Incarceration          pt is referred to CTC for Suicide watch |
| | | AXIS V: GAF 55          and immediate thx intervent     E. Eskandari, Ph.D. |

| INSTITUTION | CLINICIAN | BED NUMBER | CDCR NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|-------------|-----------|------------|------------------------------------------------------|
| S.V.S.P. | E. Eskandari, Ph.D. | | BADWI, RAMZI  RAMZI, BADWI  ERRAM DREW  K 81555  D.O.B.  3.21.64 |

**INTERDISCIPLINARY PROGRESS NOTES**
CDCR 7230-MH (Rev. 06/06)
Confidential Client/Patient Information

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS AND REHABILITATION

EX-15-PG 13

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order & Medication | (Orders must be dated, timed & signed) |
|---|---|---|---|---|

**Triage & Treatment Area (TTA) Orders:**

4/24/07  1050

1. Refer to Mental Health Crisis Bed for Admission
Evaluation
Time/Date HCPU called: 4/24/07  1050

2. Diagnosis: Adjustment D/O

3. Suicide Watch  or Suicide Precaution (circle one)

4. Safety Smock: Yes / No

Safety Blanket: Yes / No

Safety Mattress: Yes / No

(Justify denial of any of the above in your MH3 note)

5. Shorts: Yes / No    Socks: Yes / No    T-Shirt: Yes / No

Other:

6. Medications (with #days, dose, route, frequency):

7. LABS:

8. Drug/Blood levels:

TO Dr Herbert
g Ramzi

9. Diet: Reg

10. Vital Signs: Routine

11. Activities: ad lib

| ALLERGIES | INSTITUTION | ROOM/WING |
|---|---|---|
| NKA | SVSP | HEGE 115 |

CDC NUMBER, NAME

K81555
Ramzi Badwi
BADWI & Ramzi
3/21/61

Confidential
Client information
See W & I code, Sections 4514 and
5328

PHYSICIAN'S ORDERS

EX-15-B-14

State of California, Department of Corrections -- Institution: __SVSP__      Prior Page Number : _____

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

| Date/Time: | Use Name & Title Stamp. |
|---|---|
| 4-25-07 0740 | 43 yo S Middle Eastern male serving LWOP (1° murder, appeal denied 01/07), who presents c̄ c/o "tired of living... want to kill myself" & don't want to live anymore" b/c not happy c̄ prospect of having to be in prison the rest of his life. Cut wrist ~1 mo ago, and claims it was for the same reasons.<br><br>O - Fully alert & oriented. Cognitive and clear. Appears to be trying to affect a dysphoric appearance, c̄ serious & unhappy countenance and low speaking tone, but no tearfulness, vocal tremulousness or genuine signs of dysphoria/sadness. He refused to specifically contract for safety, but indicated he thought it would be hard for him to actually kill himself and that he wanted the P.T. to make certain that his anti convulsant and pain med Rx's were current. He was advised that he would be returned to his regular housing and he just said "ok."<br><br>Page # |

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE | Last Name: BADWI       First Name:        MI: |
|---|---|---|
| MH 3 [3/21/96] | | |
| Confidential Client/Patient Information See W & I Code, Section 5328 | Inpatient | CDC # K81555   DOB 3,21,64 |
| | Outpatient | |

EX-15-PG-**15**

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 4/25/07 | 1000 | | ① D/C from CTC holding cell, d/c suicide precautions, and return to regular housing unit |
| | | | ② 5-day stepdown f/u |
| | | | ③ No change in psych meds |
| | | | noted Attrequetten  4/25/07 1055 |

| ALLERGIES: NKDA | INSTITUTION SVSP | ROOM/WING A2-142  (CTC) |
|---|---|---|

Confidential
client information
Sec W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

BADWI, RAMZI

K81555

SX-15-P3/16

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA        OSP 05 90611        DEPARTMENT OF CORRECTIONS

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication<br>(Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 4/26/07 | 1750 | | Place Pt on suicide watch |
| | | | T.O. Dr. Navum / I.C. Foster Rn |
| 4/26/07 | 1750 | | noted I.T. Foster R |
| 4/27/07 | 0848 | ① | Return to housing  D.H. MD |
| | | | natul |
| | | | A0845 |
| | | | 4-27-07 |
| | | | w Gu |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| ALLERGIES: | INSTITUTION JVSP | ROOM/WING |
|---|---|---|

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

Badwi R

K81555

EX-15-PJ-17

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA          OSP 05 80611          DEPARTMENT OF CORRECTIONS

State of California, Department of Corrections -- Institution: _____    Prior Page Number : _____

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

| Date/Time: | Use Name & Title Stamp. |
|---|---|
| 4/27/08 0831 | _[handwritten clinical note, largely illegible cursive]_ |

43 y/o Middle Eastern inmate who was seen by Dr. Exum on 4/25/07 with S/O Suicidality, having made superficial cuts of his wrist. If evident he also presents an ambiguous story about having been raped. Alleges it & then retracts it. He complicated Ad-Seg status being in back in Ad-Seg and placed on lock-up status on A-yard. Evidently on 6/25/07 he alleged having been raped & was sent out to O status hospital for forensic exam. Since then Art/pt claims that he is not suicidal, that he was attempting to be removed from situation to cell he who allegedly raped him & that he was seeking to avoid being labeled a "snitch." Having this subsequently resigned his cell & so is not subjected to threats as a "snitch." Having been returned from Hospital pt admits no potential suicidality, He denies any intention to commit suicide & Expresses only needs for Safety.

Page #: _____

(Cont'd)

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES MH 3 [3/21/96] Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE Inpatient Outpatient | Last Name:    First Name:    MI: Bedwi, Ramzi CDC # K81555  DOB _/_/_ |

State of California, Department of Corrections -- Institution: _____    Prior Page Number : ___ ___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

Use Name & Title Stamp.

| Date/Time: | |
|---|---|
| 1/27/04 0830 | MSE — _alert & Verbose_ eye contact. Now Claiming rope all dry. Collared perseverated claims plot to get the story straight + left to dry... "no rope." Thinking organized. Mood/Affect + full. Ideation of exits — ambivalent. "If I only had two weeks with CDC" Denies Suicidal Ideation or intention |

Imp: Adjustment Disorder
      Suspect Exits — ambivalent

Plan: Assure Safety
      Return to Lock UP P C
           situation
      2 YL / 5 dy F/u

                    _signature_, MD

                                        Page #

---

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE | Last Name: Badwi      First Name: Ramzi      MI: |
|---|---|---|
| MH 3 [3/21/96] | | |
| Confidential Client/Patient Information See W & I Code, Section 5328 | Inpatient | CDC # K-81555  DOB __/__/__ |
| | Outpatient | |

EX-15-Pg 9

## SUICIDE RISK ASSESSMENT CHECKLIST

**LOC:** ☐ NONE ☐ CCCMS ☒ EOP ☐ MHCB  **HOUSING:** ☐ RC ☒ GP ☐ CTC ☐ ASU ☐ PSU/SHU ☐ OTHER

Marital Status: S   Ethnicity: Othr   Controlling Offense: Murder   Custody Level: IV   EPRD: Unov

**Reason for Suicide Risk Evaluation (check one of the following):**
☒ To determine the need for referral to the Crisis (MHCB) program     ☐ To formulate treatment planning
☐ To assist with the discharge planning from CCCMS, EOP, or MHCB program     ☐ Other:_____

**Sources of Information:** ☐ C/O or Staff Interview     ☐ I/M Interview     ☐ UHR     ☐ C-File

USE THIS CHECKLIST AS A GUIDE FOR THE CLINICAL ASSESSMENT OF SUICIDE RISK:

### Static Risk Factors - (unchanging, historical):

☐ Ethnicity
☐ Sex Offender
☒ History of Violence
☐ History of substance abuse

☒ Suicide ideation/threats in past, Dates: Apr 07 (superficial cut to wrist)
☐ Previous suicide attempts (when and method):_____
☐ Family history of suicide
☐ History of mental illness, Axis I Dx:_____

### Slowly Changing Risk Factors - (long-term risk factors):

☐ First prison term
☒ Long or life sentence, three strikes
☐ Hx of poor impulse control or poor coping skills
☐ Early in prison term

☐ Known new court proceedings/disciplinary actions
☒ Current ASU, SHU or PSU terms
☒ Level 4 custody score
☐ Chronic, serious or terminal illness

**Protective Factors:**
☐ Family support
☐ Children at home
☒ Religious support
☐ Spousal support
☐ Supportive friends
☐ Helping others
☐ Insight into problem
☐ Realistic life plan
☐ Exercises regularly
☐ Group activities
☐ Job assignment
☐ Other:_____

### Dynamic Risk Factors - (short-term risk factors; continue to assess):

☐ Recent suicidal ideation, acute/chronic
☐ Recent release from psychiatric hospital
☐ Sudden calm following suicidal ideation/attempt
☐ Anxious, agitated or fearful
☐ Disturbance of mood (depression or mania)
☐ Affective instability or lability
☐ Current insomnia, poor appetite or anorexia
☐ Lack of perceived support system
☐ Hopelessness or helplessness
☐ Feelings of guilt or worthlessness
☒ Fearful for safety

☐ Anniversary of important loss
☐ Recent rejection or loss
☐ Single-cell placement
☐ Significant current impulsivity
☒ Recent suicide attempt or self-injury
☐ Well planned or highly lethal attempt / ideation
☐ Hoarding or cheeking medication
☐ Poor compliance with treatment or medication
☒ Recent trauma or threat to self-esteem
☐ Recently assaultive or violent
☐ Pre-death behavior e.g. note, give things away

### Evaluation of Risk Based On Above Factors, Interview of Inmate and other information:

Summarize: I/m states he was sexually assaulted by his cellie. He states he is not suicidal & wants to be celled (P.C.) & continue to program.

☐ No Apparent Significant Risk   ☒ Low Risk   ☐ Moderate Risk   ☐ High Risk   ☐ Conditional Risk

### Recommendation / Plan  (check all that apply):

☐ No referral needed
☒ Referral to Primary Clinician/Case Manager
☐ Referral to Psychiatrist for medication review

☐ Discharge to lower level of care
☐ Crisis bed placement on suicide precaution
☐ Crisis bed placement on suicide watch

☐ DMH referral
☐ IDTT/TX plan to address risk factors

Additional Comments: I/m will be returned to housing unit c̄ a 24hr observation & 5 days F/u.

Clinician Name/Title: Dr. Gange, Psy.D   Signature: Dr. Daryl Psy D   Date: 4·27·07   Institution: SVSP

---

**MENTAL HEALTH
SUICIDE RISK ASSESSMENT**
CDC XXXX (1/04)
Confidential Client/Patient Information
STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS

Last Name: BADWI   First Name:_____ MI:_____

CDC # K81555   DOB:_____

REV. 09/04

SX-15-P9-20

State of California Department of Corrections Institution-SVSP          Prior Page Number_____

| CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES: | All Staff, Clinicians, Treatment Teams. | | |
|---|---|---|---|
| **Date/Stamp** | **FIVE DAY SUICIDE FOLLOW-UP** | | *Use Name & Title* |
| | Date/Time Discharged from CTC/MHCB: | 4/27/07 | 850 AM Hrs. |
| **DAY 1** | IS INMATE RECEIVING MEDICATION | ☐ Y ☐ N ☐ N/A | |
| | ☐ Consult with Custody Staff RE:  24/48 Hour Observation | | |
| Date: 4/28/07 | Returned from hospital & placed in D-9. Seen @ cellfront. He said he was doing well — "I'm ok, I'm all right." Looks forward | | |
| Time: 1320 | to seeing his CCM/clinician. Clinicians Signature: _____, MD | | |
| **DAY 2** | Denies SI/plan. He was recently started on psych meds but is not M | | |
| Date: 4/29/07 | I/M seen. He is a "GP", non-Mental Health inmate who was removed | | |
| Time: 1047 | from CCCMS last year.  He must: 1) Stop ↑ meds and stay GP in D9 or 2) Be re-admitted to CCCMS via IDTT and | | |
| **DAY 3** | Removed from D9  V. Norum, MD | | |
| Date: 4/30/07 | | | |
| Time: | | Clinicians Signature: | |
| **DAY 4** | | | |
| Date: 5/1/07 | I/M new admit to D9 - remains stable. | | |
| Time: | No SI. Clinicians Signature: _____ | | |
| **DAY 5** | | | |
| Date: 5/2/07 | I/M spoke 10 mins to analyst — no SI. | | |
| Time: | | Clinicians Signature: | |

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES **CDC MH3** CONFIDENTIAL CLIENT/PATIENT INFORMATION SEE W & I CODE SECTION 5328 | LEVEL OF CARE ☐ ASU ☐ CCCMS ☐ EOP ☐ MHCB ☐ GP | LAST NAME: Badwi | FIRST NAME          MI |
|---|---|---|---|
| STATE OF CALIFORNIA    DEPT OF CORRECTIONS | | CDC# K81555 | DOB: |

SX-15-pg 21

State of California        Department of Corrections        Salinas Valley State Prison        AdSeg CCCMS Program

Additional Page and/or update page. Use with Assessments, Data Base, Treatment Plan

Add to Top as Update: Top Form: MH 2    IDTT UPDATE FOR SVSP AdSeg CCCMS

| | |
|---|---|
| **Date:**<br>5/09/07 | **BACKGROUND INFORMATION:** I/M is a 43 year old Other (Saudi Arabian) male who was placed in ASU for safety concerns-allegations of potential sexual assault. I/M currently incarcerated for murder 1st - ERPD LWOP. I/M has a legal hx of poss of stolen property, larceny, alluding p/o, GTA, burglary. I/M requesting 3CMS due to recent events as well as some depressive sx. I/M reports he currently does utilize Effexor to minimize his issues and continues to remain stable. I/M reports no MH services prior to incarceration. I/M observed stable no evidence of SI / HI. I/M reports a hx of polysubstance abuse specifically marijuana and ETOH. I/M currently SNY. I/M observed to be average intellectual functioning, reports completing 10th grade. TABE 4.5. I/M remains stable and is observed to be functioning adequately.<br><br>Presenting Problem: Substance Dependence<br><br>**DIAGNOSIS :**  Axis I:  309.0  Adjustment D/O- depressed mood<br>                  Axis II:  799.9 Deferred<br>                  Axis III:  See UHR<br>                  Axis IV:  Incarceration/Adseg<br>                  Axis V:   68<br><br>**CURRENT COMPLIANCE WITH TREATMENT (INCLUDING MEDICATION COMPLIANCE):**<br>I/M to attend OOC CM contacts.<br><br><br>**CURRENT TREATMENT PLAN/GOALS:**<br><br>See attached.<br><br>**IDTT SIGNATURES:**<br><br>Dr. Orling, Ph. D., Supervising Psychologist<br>P. BONILLA, Psy.D., Staff Psychologist, CF/Case Manager<br>Psychiatrist:<br>Counselor II: |

| MENTAL HEALTH ASSESSMENT<br>MENTAL HEALTH DATABASE<br>MH 2<br><br>Confidential Client/Patient Information<br>See W & I Code, Section 5328 | LEVEL OF CARE:<br><br>ADSEG<br><br>CCCMS | Last Name: BADWI<br>First Name:<br>CDC#: K81555<br>DOB: 3/21/64 |
|---|---|---|

EX-15-pg-22

# MENTAL HEALTH TREATMENT PLAN

☒ **Special AdSeg Review**     ☐ 90 Day AdSeg Review     ☐ 30 Day Modified EOP Treatment

☐ Bi-Weekly MHCB Review     ☐ Quarterly Review     ☐ Annual Review

| I. General Information | | Current Level of Care: NONE CCCMS EOP | TODAYS DATE: 8/29/07 |
|---|---|---|---|
| Treatment Setting: **AdSeg** | | ☐ MHCB ☐ OTHER | NEXT UPDATE |
| Age: **43**  Race: Other  Points: **52** | | DDP = NCF 3/23/03 | INMATE ID NUMBER |
| Arrival Date This Treatment Setting: | | Current Housing: RC GP CTC ASU | |
| From: **A yard—Allegations that cellie raped him** | | TABE Score: **4.5** | |
| Custody Level: I/ II / III / **IV** / AdSeg / SHU | | | |
| Date Reviewed:     Initials:  Date:  Initials:  Date:  Initials: | | | |

**II. CLINICAL SUMMARY:** I/M is serving an LWOP sentence for 1ˢᵗ Degree Murder. Appeal was denied on 1/07. I/M has been off psychotropic medications since 1/06—has taken Zoloft and Remeron. Hx of depression. Dx with leukemia in 2005. Cut wrist in 2005 to stay at CTC. (per UHR). I/M has had following dx: Depressive Disorder NOS, Adjustment Disorder, Antisocial Personality Disorder, Cannabis Dependence, Major Depressive Disorder.

**I/M was discharged from mental health program on 8/26/06. I/M on A yard (SNY) and alleged that cellie raped him and was place in ASU in 4/07. Included in mental health program on 5/9/07. I/M has been on/off a hunger strike as a form of protest because he does not feel that what he reports happened to him is being taken serious by administration. I/M demanding an internal affairs officer come and interview him and will not eat until this happens. I/M angry that in the I/M he says raped him is "walking the yard out there and I'm here." Also angry that the investigation by ISU did not support his allegations. I/M is being monitored by medical personnel for weight loss.

## III. PROBLEM LIST

| Number | Problem | Intervention/Clinician | Goal | Progress / Date |
|---|---|---|---|---|
| 1 | Mood | Practice appropriate and constructive communication of moods | I/M able to identify triggers that may cause sudden, extreme mood swings. | |

## IV. PSYCHOTROPIC MEDICATION

| Number | Problem/Target Symptom | Medication | Goal | Progress / Date |
|---|---|---|---|---|
| | Mood | Effexor 37.5mg | Elevate mood | |

**V. CURRENT RISK FACTORS/BEHAVIORAL ALERTS:** ☐ Suicidal ☐ Self Injurious ☐ Assaultive ☐ Keyhea/Date Expires:

| See Form | Dated | For Detailed Summary: | Description |
|---|---|---|---|
| Intake Form: | | Dated: | |

Last SRE date: 4/27/07     Last SRE rating:     History of Suicide Attempts:

**VI. RECOMMENDED HOUSING:** Single Cell  Double Cell  No Recommendation

**VII. TRANSFER/DISCHARGE TO:** Non-MHSDS  CCCMS  EOP  MHCB  APP  ICF  DTP  Parole

| INSTITUTION: **SVSP**  CLINICIAN: **S. Torrez, Psy.D.** | LAST NAME: **Badwi** |
|---|---|
| MENTAL HEALTH TREATMENT PLAN<br>CDCR 7388 (Rev. 06/06)<br>Confidential Client/Patient Information<br>Page 1 of 6 | FIRST NAME: **Ramzi**<br><br>CDC #: **K81555**<br><br>DOB: |

from LA county
Received CDC 4/16/98 and at SVSP 3/27/01 from SATF
2nd term   o gang aff.
Escape from San Rafael sheriffs office w/ unknown force
5/31/86
Disciplinary hx — 12/29/03 — Ref to report to work

SEP 05 2007

SX-15-P9-23

SVSP

State of California, Department of Corrections and Rehabilitation - Institution:  Prior Page Number: _____

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:  All Staff, Clinicians, Treatment Teams.

Use Name & Title Stamp

| DATE AND TIME: | |
|---|---|

8/27/07
0831

F/U
**PSYCHIATRY CONSULTATION**
Patient seen. File reviewed & noted.
Psychiatric evaluation done.
Medications reviewed.
Psychotherapy given.
VANCE NORUM, M.D.

CRIME: PC 187 Murder
Wt = 154    CS = 52

I/M is a 43 y/o hemiplegic who has been
on/off a "Hunger strike" over his perceived
unfairness of CDCR handling of his case
involving an incident of alleged rape by his
former cellie —

MSE: Denies SI/HI or plan, dysphoric, nonpsychotic,
in no acute distress

Stable

Dx: 309.28 Adjustment d/o c̄ Mixed emotional feature

Plan: ① Return to AD-SEG
② 24° Custody F/U
③ 5 Day MH F/U (Torrez)
④ Rx Effexor XR 37.5 mg QAM
Consent signed — Keep at low dose until off of
his "hunger strike"

Vance Norum, MD

Page# _____

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE | Last Name: BADWI    First name: RAMZI    MI: |
|---|---|---|
| MH 3 [3/21/96] | CTC/MHCB (Inpatient) | |
| Confidential Client/Patient Information See W & I Code, Section 5328 | Outpatient | CDCR# K81555  DOB: 3/21/64 |

SX-15-pg-24

| | | | |
|---|---|---|---|
| State of California | Department of Corrections and Rehabilitation | | Salinas Valley State Prison |
| | CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES | | All Staff, Clinicians |

**CELL:**

Sleep: Good (Fair) Poor          Appetite: Good (Fair) Poor          Energy Level: Good (Fair) Poor

Date: 8/29/07
Time:

Taking Medications: (Yes) No  No Rx    Disciplinary Problems: Yes (No)  Homicidal Ideation: None noted or stated

Effexor (he reports)

Medication Problem: Yes   No   Not getting   **I/M requesting change**   Intermittent Compliance

---

Out of Cell
Refusal f/u
Cell Front

**S** Issues Discussed: I'm seen at IDTT today as well. I'm reporting he will not eat until administration proceeds w/ the investigation into his sexual assault by cellie. Medical is monitoring his hunger strike. Rpts it's been a long time since he ate & he is no longer hungry.

Problem 1:                                    Progress:

---

**O** Mental Status:
General Appearance: (WNL) Poorly Groomed  Odor Apparent  Disheveled  Bizarre  Effeminate
Eye Contact: (Appropriate)  Averts gaze  Minimal  None  Glaring/Intense
Speech: (WNL) Excessive  Incoherent  Mute  Rapid  Slow  Stammer  Slurred  Disorganized  Poverty
Behavior: (Cooperative) Dismissive  Evasive  Guarded  Menacing  Withdrawn  Enraged  Restless  Silliness
Agitated  Argumentative  Passive  Resistant  Suspicious  Intimidating
Mood: Euthymic (Dysphoric) Irritable  Anxious  Angry  Elevated  Expansive          Stated:
Affect: (Appropriate) Inappropriate  Flat  Blunted  Constricted  Labile  Sad  Angry  Anxious  Elated
Thought Process: (WNL) Circumstantial  Tangential  Flight of Ideas  Word Salad  Slowed  Blocking
Loosening
Thought Content: WNL  Compulsions (Obsessions) Ruminations (Phobias) Anxieties (Distortions) Exaggerations
Delusions: (WNL)  Withdrawal  Insertion  Outside Control  Paranoid  Grandiose  Erotic  Religious
Perceptual Disturbance: (Denied) AH  VH
Suicidal Ideation: Absent / Present But No Plan / Has Current Plan / Recent Attempt / History of Attempt

**A** Assessment: I'm still on hunger strike as a result of

**P** Plan: SEE WEEKLY AND PRN I/M REQUEST    what he considers lack of

**E** Education of the Patient:    concern by administration over his sexual assault.

S. Torrez, Psy.D.

Signature:

---

INTERDISCIPLINARY PROGRESS NOTES
CDCR 7230-MH (Rev. 06/06)
Confidential Client/Patient Information
See W & I Code, Section 5328

LEVEL OF CARE:

ADSEG

CCCMS

Last Name: Badwi

First Name: Ramzi

CDC #: K8555

DOB: 3/21/64

RECD SEP 06 2007

SX-15-P9- 25

State of California, Department of Corrections – Institution: **SVSP**        Prior Page Number: ___  ___

**CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:**        All Staff, Clinicians, Treatment Teams.

| Date/Time | Weekly CM Contact      Referral      1-Day Follow-up      Office Visit      Seen at Cell Front |
|---|---|
| AUG 31 2007 | I/M  was seen at the request of Dr. Scaramozzino after finding that a computer problem had kept this inmate in AdSeg for a time without a CCCMS case manager. |
| | A case manager has now been assigned and Mr. Badwi. will see her once a week or more often as the situation requires. |
| | Mr. Badwi was cooperative, alert, attentive and oriented.  He is paraplegic and confined to a wheel chair. He is receiving daily medical attention because he is on a hunger strike that he describes as an attempt to draw attention to a poorly done rape investigation while he was on A yard. Mr. Badwi claims the investigation amounts to a cover-up, and wants Internal Affairs or the FBI to look into his charges. |
| | He is from Saudi Arabia, and says that because of his culture, he is honor bound to fight |
| | for justice in this matter, even at the cost of his health or even his life. |
| | This inmate details his alleged rape in a convincing manner, and his concerns were reported to Internal Affairs.  Lt. Mc Call reported back that a thorough rape exam was done with negative results. |

R. Greene, Ph.D.

Senior Psychologist (A)

Salinas Valley State Prison

Page # _____

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE | Last Name:                    First Name:                    MI: |
|---|---|---|
| CSDR 7230 – MH (Rev. 06/06) | EOP | **BADWI** D2-120 |
| Confidential Client/Patient Information See W & I Code, Section 5328 | CCCMS | **K81555** |
| | Inpatient | CDC # __ - _ _ _ _ _        DOB __/__/__ |

RECD SX-15-A0 26

State of California, Department of Corrections and Rehabilitation - Institution:    Prior Page Number: _____

## CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:  All Staff, Clinicians, Treatment Teams.

Use Name & Title Stamp

| DATE AND TIME: | |
|---|---|
| 9/19/07 1300 | Psych / CTC / medical IDTT |
| | (S) Pt. continues to engage in volitional hunger strike |
| | 2° to anger re alleged sexual assault + perceived |
| 43 y.o. | lack of custodial investigation + handling of same. |
| middle Eastern ♂ | The IDTT discussed what legal care options |
| | are available including possible initiation of |
| | keyhea 2° to DTS via starvation &/or PC 3200 for |
| | involuntary medical care if he continues + becomes |
| | unstable either medically or psychiatrically. |
| | "I just want someone outside of here to investigate |
| | the sexual abuse + I will start eating. I'm gonna |
| | stick to this until it happens. Everyone is entitled |
| | to a 2nd opinion, especially when they've been |
| | raped. I'm informed of legal rights re: keyhea process |
| | (O) mood - angry; Affect - labile; T/P - clear, |
| | coherent, + goal directed; Speech - WNL; |
| | Bx - cooperative, but demanding; I/J - poor |
| | (A) Stable - Ø acute distress or decompensation. |
| | Strong Axis II pathology + resistant to Tx offered. |
| | (P) Retain @ CTC as med. patient only w/ C3mg |
| | f/u according to current Tx plan. |

Page#: _____  hc KKLok, R2

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES MH 3 [3/21/96] | LEVEL OF CARE C3mg CCTC Inpatient | Last Name:      First Name      MI: BADWI, RANZI K 81555 |
|---|---|---|
| Confidential Client/Patient Information See W & I Code, Section 5328 | Outpatient | CDCR#:  5/21/64      DOB: |

CV-1C-P9- 27

BRIEF MENTAL HEALTH EVALUATION                    CClyS

| Reason for Evaluation: | ☐ Self Referral | ☐ Staff Referral | ☐ Medication Review | ☐ CTC Pre-Admission | ☒ Update |

Current Level of Care:   ☐ None   ☒ CCCMS   ☐ EOP   ☐ MHCB   ☐ Other _____

Current Housing:   ☐ DRC   ☐ GP   ☒ CTC   ☐ ASU   ☐ PSU   ☐ SHU   ☐ Other _____

Ethnicity: Indian        Non English Speaking: ☒ Yes ☐ No _____    Custody Level: 4

CDCR Arrival Date:          CDCR Release Date:          Level of Cooperation: ☐ Neg:   ☐ Pos:

Sources of Information: ☐ Inmate Interview   ☒ UHR   ☐ C-File   ☐ Staff Interview   ☒ Other:

**A. Presenting Problem:** Paranoia, Depression + Anxiety 2nd to Hunger Strike, PTSD related to sexual assault (alleged)

**B. MH Past History:** ☐ No Significant MH History   ☐ No Hx Psychiatric Medication   ☐ Outpatient Psychiatric   ☐ Inpatient Psychiatric   ☐ Outpatient Substance Abuse   ☐ Inpatient Substance Abuse   ☐ Suicide Attempts

CCCMS / MH since 2006 off / on.

**C. Results of Risk Assessment:** ☐ Suicidal   ☐ Assaultive   ☐ Other   ☐ See detailed documentation: Form _____ Date _____

Denies SI/HI, Not eating due to protest over "they are investigating my rape"

**D. Present Mental Status:** ☐ Appearance   ☒ Orientation   ☒ Behavior   ☐ Speech   ☐ Mood   ☐ Affect   ☒ Cognition   ☐ Memory   ☐ Concentration   ☐ Delusions   ☐ Insight and Judgment   ☐ Sleep   ☒ Appetite

**E. Evaluation and Formulation:** Very thin, from 188 to 140's, cooperative, A+O, Paranoid, ↑ depress., ↑ anxiety.

**F. Diagnostic Impression:** ☐ No DSM Diagnosis - Axis I   ☐ No change - Copied from CDCR Form 7386   New Diagnosis: ☐ No previous diagnosis   ☐ Referred to IDTT for change in diagnosis

Axis I:   R/o PTSD, Adjustment Disorder

Axis II:                                          GAF:

**G. Recommendation/Psychotropic Medications and Target Symptoms:** Continue to monitor MH symptoms.

☐ Referral to MHSDS   ☐ Change Level of Care: ☒ CCCMS   ☐ EOP   ☐ MHCB   ☐ APP   ☐ DTP   ☐ ICF
☐ Place in OHU
☐ Followup:                          CB   Clinician's Signature:

| INSTITUTION SVSP | CLINICIAN Isaacs | Inmate's Name (Last, First, MI), CDC Number, DOB |
| INMATE BED NUMBER 10 | DATE 9/17/07 | Badwi |

MHS.

**BRIEF MENTAL HEALTH EVALUATION**
**CDCR 7389 (Rev. 06/06)**
Confidential Client/Patient Information

K81555

EX15-P9 28

**Salinas Valley State Prison**
**Correctional Treatment Center**
**Inmate Patient Rules**

1. **Dress Code:** Inmates must be dressed at all times, (shirts, pants, gowns, etc) when outside their rooms, otherwise noted in the nurses care plan for medical reasons. Shoes or slippers must be worn.

2. **Smoking:** There will be no smoking in the Correctional Treatment Center (CTC) at any time. Inmates will not possess matches or lighters. "Violations of this rule will result in a serious CDC 115.

3. **Dayroom Activities:** Only inmates with a physician's order for dayroom activities will be allowed in the activity room. Inmates must remain in the activity area and may not leave without an escort. No more than four inmates will be allowed in the activity room at one time. Activities will be conducted at posted times from 1000 to 2100. Inmate patients that present a management problem shall be returned to their rooms and issued appropriate disciplinary documentation. Activity hours and program content may be modified based on staff facility needs.

4. **Food and Drink:** Inmates will receive only diets ordered by the physician. All food is to be consumed during the mealtime and returned with the tray.

5. **Shower/Bath:** May be taken from 0800 to 1200 hours at staff discretion. Inmates will dispose of soiled linens in the proper way and not leave on the floor in the shower room. Linen is to be placed in a plastic bag and collected by staff or porter.

6. **Care of Room:** It is the responsibility of each inmate in the CTC to keep his room clean and neat according to his ability. Supervised inmate porters will provide regular housekeeping services. Inmates will be held financially liable for any intentional damage to state property.

7. **Out of Bounds:** All out of bounds areas will be strictly enforced and CDC 115's will be issued. (Kitchen, Nurses Station, Staff Bathrooms, Linen Room, Medication Room, Dirty Utility Rooms and other patient rooms).

8. **Inmate Property:** All inmates' property will be returned on discharge from the CTC. Inmates are not allowed to have personal property while housed at CTC. Access to personal property may be granted after 30 days of inpatient status in the CTC.

9. **Phone Calls:** No phone calls will be allowed by inmate patients at any time, except as allowed by institution policy, with the Warden's permission and M.D. orders.

10. **Visits:** There will be no visits while an inmate is a patient in the CTC, except as allowed by institution policy, and the Warden's permission.

# I ACKNOWLEDGE RECEIPT OF THE ABOVE RULES

Inmate Signature X _____

CDC # K-81555

Date 9/11/07

*Refused to sign*

BADWI, RAHZI

K 81555

## MEDICAL AND SURGICAL CONSENT

The undersigned consents to the procedures which may be performed during this episode of care, which may include but are not limited to laboratory procedures, x-ray examinations, medical or surgical treatment or procedures, anesthesia services, and other clinical services rendered to the patient under the general and special instructions of the patient's physician or surgeon. The undersigned recognizes that some of the health care providers furnishing service to the patient may be independent contractors, and not employees or agents of CDC. The patient is under the care and supervision of his/her attending physician, and it is the responsibility of the institution and its nursing staff to carry out the instructions of such physician. It is the responsibility of the patient's physician or surgeon to obtain the patient's informed consent, when required, to have medical or surgical treatment, special diagnostic or therapeutic procedures.

## NURSING CARE

This institution provides only general duty nursing care unless, upon orders of the patient's physician, the patient is provided more intensive nursing care.

## RELEASE OF INFORMATION

Upon inquiry, the institution may make available to those persons with a need to know certain basic information about the patient, including name, address, age, sex, general description of the reason for treatment (whether an injury, burn, poisoning, or other condition), general nature of the injury, burn, poisoning, or other condition, and general condition. If the patient does not want such information to be released, he/she must make a written request for such information to be withheld. The institution will obtain the patient's consent and his/her written authorization to release information, other than basic information, concerning the patient, except in those circumstances when the facility is permitted or required by law to release information. Special permission is needed to release any information if the patient is treated for alcohol, drug abuse, or HIV.

*Refused to sign*

| X | | |
|---|---|---|
| PATIENT'S NAME  (PLEASE PRINT) | PATIENT'S SIGNATURE | DATE/TIME |

| _D Allen RN_ | _RN_ | _9/11/07_ |
|---|---|---|
| WITNESS'SIGNATURE | TITLE/RELATIONSHIP TO PATIENT | DATE WITNESSED |

| INTERPRETER/READER NEEDS (Complete only if needed) |
|---|
| **Every word of this form needs to be** (Check the appropriate box): |
| ☐ interpreted into _____ |
| or |
| ☐ read to inmate. |
| Interpreted/Read by: _____ Date _____ |
|  _Signature of Interpreter/Reader_ |
| Inmate's Signature _____ Date _____ |

CDC NUMBER, NAME (LAST, FIRST, MI), BIRTHDATE

BADWI, RAHZI

K-81555

03/21/64

EX-15-P9 30

**Distribution:**
Original: Unit Health Record
Copy:     Inmate-Patient

## CONDITIONS OF ADMISSION/PLACEMENT
CDC 7293 (Rev 1/00)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

*California Department of Corrections*                                    *Salinas Valley State Prison*

*Correctional Treatment Center*



## INMATE-PATIENT'S RIGHTS

Each inmate-patient admitted to the Correctional Treatment Center shall have the following rights and be notified of the Treatment Centers obligation: You may expect without regard to sex or cultural, economic, educational, or religious background during the course of you stay,

1.  To be fully informed prior to or at the time of admission and during his or her stay, of these rights and of all rules and regulations governing Inmate-patient conduct.

2.  To be fully informed, prior to or at the time of admission and during his or her stay, of services available in the Correctional Treatment Center.

3.  To be fully informed by a physician of his or her medical condition and be afforded the opportunity to discuss medical treatment.

4.  To give informed consent or to refuse any treatment or procedure or participation in experimental research.

5.  To be informed of and provide access to grievance forms and procedures.

6.  To be free from mental and physical abuse.

7.  To be free from chemical and (except in emergencies) clinical and treatment restraints, expect when necessary to protect the patient from injury to himself and others.

8.  To be assured confidential treatment of personal and medical records and to approve or refuse their release to any individual outside the Correctional Treatment Center, except in the case of transfer to another health care facility or as required by law or third party payment contact.

9.  To be treated with consideration, respect, and full recognition of dignity and individuality, including privacy in treatment and in care of personal needs, when not in conflict with security and custodial policies.

10. To refuse convulsive treatment including, but not limited to, any electroconvulsive treatment and treatment of a mental condition which depends on the induction of a convulsion by any means and insulin coma treatment?

11. To refuse psychosurgery as defined in Section 5325 of the Welfare and Institution.

12.  A.  To review his or her medical or psychiatric record upon request and consistent with statutory and State Law.

     B.  An inmate-patient's rights, as set forth above, may be denied or limited for good cause which shall be evidenced by the written order of the attending physician or other person lawfully authorized to prescribe care, and may only be denied or limited if such denial or limitation is required by the reasonable application of security procedures or is otherwise authorized by law or regulation. Reasons or denial or limitation of such rights shall be documented by the attending physician in the inmate-patients health record.

     C.  If the patient lacks the ability to understand these rights and the nature of the consequences of the proposed treatment, a patient's representative shall have the rights specified in this section to the extent the right may devolve to another, unless the representative's authority is otherwise limited. The patient's incapacity shall be determined by a court in accordance with State law or by the patient's physician, unless the physician's determination is disputed by the patient or patient's representative.

     D.  These rights, written in English and Spanish shall be prominently posted.

     E.  Sections 863.1, 863.2 and of Title 9 of the California Code of Regulations pertaining to the assignment and duties of patient's advocate(s), good cause for denial of rights, and restoration of rights shall apply to every Correctional Treatment Center, including the appointment of the patients advocate or Correctional Treatment Center. These provisions are hereby incorporated by reference.

*Note:* Authority Cited: Sections 200(a) and 1267.10(a), Health and Safety Code. Reference: Sections 1250(.J) and 1254, Health and Safety Code; and Section 5325, Welfare and Institution Code.

*Refused to sign*

X _____    K-81555    9/11/07
Patient's Signature            CDC#            Date

*D. Allen RN* _____    9/11/07
Signature of Witness            Date

EX-15-Pg **31**

BADWI, RAMZI
K81555
03/21/64

FROM :D MEDICAL                 FAX NO. :6777            Sep. 10 2007 08:38PM P1

## REFUSAL OF EXAMINATION AND / OR TREATMENT

| PATIENT NAME *(TYPE OR PRINT CLEARLY)* | CDC NUMBER | INSTITUTION |
|---|---|---|
| BADWI , RAMZI | K81555 | SVSP |

Having been fully informed of the risks and possible consequences involved in refusal of the examination and/or treatment i the manner and time prescribed for me, I nevertheless refuse to accept such examination and/or treatment. I agree to hold the Department of Corrections, the staff of the medical department and the institution free of any responsibility for injury c complications that may result from my refusal of this examination and/or treatment, specifically:

Describe the examination and/or treatment refused as well as the risks and benefit of the intervention: Refuse To Be Transported for Admit to ctc _____

☐    I hereby refuse to go to a scheduled sick call appointment with the:

    ☐ Doctor  ☐ Psychiatrist  ☐ Dentist  ☐ Nurse  ☐ Other___ _____on_____(date).

☐    I hereby refuse to go to take my medication (s) namely:__ _____ _____ as prescribed by :
      The Salinas Valley State Prison's Health Care Services physician/dentist.

☐    I hereby refuse to accept further medical/psychiatric/dental treatment form the Salinas valley State Prison Health Care Services for the treatment of:_____
      I do not relinquish my rights for treatment of other medical, psychiatric or dental conditions.

☐    I hereby refuse to be transported to a Salinas Valley State Prisons' contracted or subcontracted hospital/provider/contracted agent such as NMC, or UCSF, for my scheduled_____ clinic appointment.

I am taking this action against medical advice and I have been informed of the risk to my health as a result of the action. I accept the full consequences of my action that is contrary to the recommendations of the medical, psychiatric or dental staff treating my case. I hereby release the Salinas Valley State Prisons' Health Care Services Department from all the responsibility for any ill effects that may result as a consequence of this action.

Reason for refusal_____ _____ _____

Referred to:  ☐ RN   ☐ MD   ☐   Other_____

| PATIENT SIGNATURE *Ray Badwi* | DATE 9/10/07 | ☐ PATIENT REFUSES TO SIGN | DATE |
|---|---|---|---|
| NAME OF WITNESS *(PRINT/TYPE)* | | NAME OF WITNESS *(PRINT/TYPE)* | |
| WITNESS SIGNATURE | DATE | WITNESS SIGNATURE | DATE |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

BADWI , RAMZI

K81555

REFUSAL OF EXAMINATION AND / OR TREATMENT

EX-15-P9   32

CDC 7225 (Rev 04/03)            DEPARTMENT OF CORRECTIONS
STATE OF CALIFORNIA

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) Regular | (P) T Renewal |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| ysis Peritoneal | P / T _____ | Other _____ | P / T _____ |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) _____ | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | | |
| | | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other _____ | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☐ No

If yes, specify: _____ Long term care _____

| INSTITUTION SVSP | COMPLETED BY (PRINT NAME) NGUYEN | TITLE mD |
|---|---|---|
| SIGNATURE | DATE 10/10/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 10/4/07 | BADWI, RAMZI |
| (CIRCLE ONE)  APPROVED / DENIED | | K81555 |
| | | 03/21/64 |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

CTC 33

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | | Other | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | | Wheelchair: (type) | P / T _____ |
| Limb Prosthesis | P / T _____ | | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | | Special Garment: | |
| Cane: (type) _____ | P / T _____ | | (specify) _____ | P / T _____ |
| Walker | P / T _____ | | Rx. Glasses: | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | | Cotton Bedding | P / T _____ |
| Shoe: (specify) | P / T _____ | | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | | Other | P / T _____ |

## C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | | Therapeutic Diet: (specify) | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | | Transport Vehicle with Lift | P / T _____ |
| | | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | | Other | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☑ Yes   ☐ No

If yes, specify: _No Team Cane Status_

| INSTITUTION _NSP_ | COMPLETED BY (PRINT NAME) _Brannon_ | TITLE _(MD)_ |
|---|---|---|
| SIGNATURE | DATE _10/18/__ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE _5/27/05_ | _Badwi, R_ _K 81555_ _3/21/64_ |
| (CIRCLE ONE)  (APPROVED)  DENIED | | BADWI, RAMZI  K 81555 |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:    Original - Unit Health Record    Canary - Central File    Pink - Inmate (if applicable)

34

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P/T _____ |
| Barrier Free/Wheelchair Access | P/T _____ | Single Cell (See 128-C date: ____ ) | |
| Ground Floor Cell | P/T _____ | Permanent OHU / CTC (circle one) | |
| Continuous Powered Generator | P/T _____ | Other | P/T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) | P/T _____ |
| Limb Prosthesis | P/T _____ | Contact Lens(es) & Supplies | P/T _____ |
| Brace | P/T _____ | Hearing Aid | P/T _____ |
| Crutches | P/T _____ | Special Garment: | |
| Cane: (type) | P/T _____ | (specify) _____ | P/T _____ |
| Walker | P/T _____ | Rx. Glasses: _____ | P/T _____ |
| Dressing/Catheter/Colostomy Supplies | P/T _____ | Cotton Bedding | P/T _____ |
| Shoe: (specify) | P/T _____ | Extra Mattress | P/T _____ |
| Dialysis Peritoneal | P/T _____ | Other | |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T _____ |
| Attendant to assist with meal access and other movement inside the institution | P/T _____ | Communication Assistance | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | |
| Wheelchair Accessible Table | P/T _____ | Short Beard | P/T _____ |
| | | Other | P/T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☐ No

If yes, specify: _Medical hold X 6 months,_

| INSTITUTION _SVSP_ | COMPLETED BY (PRINT NAME) _Brannon_ | TITLE _MD_ |
|---|---|---|
| SIGNATURE | DATE _10/8/07_ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE _10/22/0_ | _Baduir R_ |
| (CIRCLE ONE) (APPROVED) DENIED | | _K81555_ BADUI, RAHZI |
| | | _3/21/64_  K81555 |
| | | 03/21/64 |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Goldenrod - Inmate

_Ex-14 Pt 35_

## SALINAS VALLEY STATE PRISON MEDICAL CHRONO

| INMATE: | **BADWI, RAMZI AHMED** | CDC NUMBER: | **K81555** | HOUSING: | **HB1    10W** |
|---------|------------------------|-------------|------------|----------|-----------------|

Inmate Badwi, has been discharged from his long - term care status and may be returned to general population.

_____

**CHARLES D. LEE, M.D.**          **Date: 03/28/08**
Health Care Manager

Original: Health Record

Cc:    C-file                          **FAX TO:**
         CCII                           Yard Program Office
         Inmate                         Yard Medical Clinic
                                             Inmate Assignments
                                             Central Control

DATE ORDERED:      03/28/08          CDL/MP      DATE TYPED: 03/28/08

MEDICAL  CDC-128-C

EX-15pg-36



16

# CALIFORNIA DEPARTMENT OF CORRECTIONS

**NAME: BADWI**                    **CDC #: K81555**

**BED: D8-111W**

## COMMITTEE ACTION SUMMARY

RETAIN ASU PENDING COMPLETION OF INVESTIGATION INTO SAFETY CONCERNS. REFER TO CSR RX 90 DAY EXT., CONFIRM DOUBLE CELLING/PLACE ON WALKALONE YARD. PSYCH. CLEAR.

## COMMITTEE'S COMMENTS

Inmate BADWI appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Initial ASU Review. BADWI stated that his health was good and was willing to proceed. BADWI received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BADWI was introduced to the committee members. According to BADWI'S CDC 114D, he was placed into SVSP's ASU on 4/25/2007 for: Safety Concerns due to Enemies. ICC notes that the inmate was placed in ASU for self expressed safety concerns. ICC notes that SVSP-ISU is conducting the investigation and the inmate will be reschedule next week to make an determination for inmate's programming needs.

Based upon a review of BADWI'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Retain ASU pending completion of investigation into safety concerns. Refer to CSR rx 90 Day ext., confirm double celling/Place on walkalone yard. Psych. Clear.

At the conclusion of this review, BADWI was informed of his Appeal Rights with regards to this committee's actions. BADWI acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Not Assigned: (Issues not complex and non-participant in MHSDS)

### INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | TERM | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|------|--------|-------------------|-----------------|
| MAX | 52/IV | D1D - 4/25/2007 | LWOP | 4.5 | 6/1/20 | OTH | Clear 8/21/2002 | N/A |

### COMMITTEE MEMBERS

**CHAIRPERSON**
G. Lewis, CDW (A)

**MEMBERS**
E. Jones, FC.; R. Orling, Psy.D

**RECORDER**
A. Williams, CCII (Sup)

Committee Date: 5/3/2007

## INITIAL ASU REVIEW

Typed By: ALW - Distribution: C-File & Inmate

SALINAS VALLEY STATE PRISON

Committee: A050207ALW1

Classification Chrono CDC 128G (Rev: 1/05)

EX-16-P1

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: **BADWI**    CDC #: **K81555**    BED: **CTC-002W**

## COMMITTEE ACTION SUMMARY

RETAIN IN ASU PENDING TRANSFER, CONTINUE MAX CUSTODY, WG/PG D1/D EFFECTIVE 4/25/07, ASU W/A YARD, P/O SINGLE CELL STATUS, PSYCH IS CLEAR, GPL OF 4.5 IS NOTED, DPW NOTED.

## COMMITTEE'S COMMENTS

Inmate BADWI appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Special Review. BADWI stated that his health was good and was willing to proceed. BADWI received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BADWI was introduced to the committee members.

According to BADWI'S CDC 114D, he was placed into SVSP's ASU on 4/25/2007 for: Safety Concerns due to Enemies. The investigation has been completed and BADWI was subsequently endorsed for transfer to SATF-IV (SNY). ICC elects to place BADWI on Single Cell status noting Confidential Memorandum dated 7/13/07 in which BADWI alleges that he was sexually battered by his cellmate.

Based upon a review of BADWI'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Retain in ASU pending transfer, Continue MAX Custody, WG/PG D1/D effective 4/25/07, ASU W/A Yard, P/O Single Cell Status, Psych is Clear, GPL of 4.5 is noted, DPW noted. At the conclusion of this review, BADWI was informed of his Appeal Rights with regards to this committee's actions. BADWI acknowledged his understanding and agreement with committee's actions.

STAFF ASSISTANT

Not Assigned: (Issues not complex and non-participant in MHSDS)

## INMATE CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|---------|--------|-------------------|-----------------|
| MAX S | 52/IV | D1D - 4/25/2007 | LWOP | 4.5 (R) | 9/1/2007 | OTH | Clear 8/21/2002 | N/A |

## COMMITTEE MEMBERS

CHAIRPERSON

M. Moore, CDW (A)

MEMBERS
G. Pontier, EC
LCSW Issacs, Mental Health

RECORDER
A. Meden, CCII (Sup)

Committee Date: 7/19/2007    SPECIAL REVIEW    Committee: D071907AKM3

Typed By: AKM - Distribution: C-File & Inmate    SALINAS VALLEY STATE PRISON    Classification Chrono CDCR 128G (Rev: 10/06)

Ex-16-Pg 2

## CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: BADWI | CDCR #: K81555 | BED: D-2-120W

### COMMITTEE ACTION SUMMARY

REFER TO CSR RX RESCIND TX ENDORSEMENT TO SATF-IV (SNY) AND ENDORSE TO KVSP-IV (SNY), RETAIN IN ASU PENDING TRANSFER, CONTINUE MAX S CUSTODY, WG/PG D1/D EFFECTIVE 4/25/07, ASU W/A YARD, SINGLE CELL, PSYCH IS CLEAR, GPL OF 4.5 IS NOTED.

### COMMITTEE'S COMMENTS

Inmate BADWI appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. BADWI stated that his health was good and was willing to proceed. BADWI received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BADWI was introduced to the committee members.

According to BADWI'S CDC 114D, he was placed into SVSP's ASU on 4/25/2007 for: Safety Concerns due to Enemies. The investigation was completed and BADWI was subsequently endorsed to SATF-IV (SNY). Through discussion with R. Lewis, CCI (ADA), who in turn contacted CSU, it has been determinent that KVSP-IV (SNY) has DPW beds available. ICC is therefore referring this case to CSR to rescind the SATF-IV (SNY) transfer approval and endorse to KVSP-IV (SNY). This transfer is non-adverse. BADWI will be eligible for Close B Custody and WG/PG A1/A effective 10/23/03. ICC notes that BADWI was placed on Single Cell status due to his allegations that he was the victim of a in-cell sexual battery. Single Cell remains appropriate at this time.

Based upon a review of BADWI'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Refer to CSR RX rescind TX endorsement to SATF-IV (SNY) and endorse to KVSP-IV (SNY), retain in ASU pending transfer, Continue MAX S Custody, WG/PG D1/D effective 4/25/07, ASU W/A Yard, Single Cell, Psych is Clear, GPL of 4.5 is noted. At the conclusion of this review, BADWI was informed of his Appeal Rights with regards to this committee's actions. BADWI acknowledged his understanding and agreement with committee's actions.

STAFF ASSISTANT

Not Assigned: (Issues not complex and non-participant in MHSDS)

## INMATE COPY

### INMATE CASE FACTORS

| CUSTODY | PSI/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---------|-----------|-------------------|--------------|-----|---------|-----|--------|--------|-----------------|
| MAX S | 52/IV | D1D - 4/25/2007 | LWOP | 4.5 (R) | 9/1/2007 | 43 | OTH | 2nd | N/A |
| RECEIVED SVSP | RECEIVED FROM & TYPE OF TX | | RECEIVED CDCR | COUNTY OF COMMITMENT | | | SENTENCE | | RESTITUTION |
| 3/27/2001 | SATF - Non-Adverse | | 1/16/1998 | Los Angeles | | | LWOP | | $5000.00 |

COMMITMENT OFFENSE
Murder 1st w/ Special Cuircumstances

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|----------------------|----------------------|
| Possession Stolen Property, Larceny, Alluding Police, Auto Theft, Receiving Stolen Property, Burglary | 115: 12/29/03: Refuse to Report to Work |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|--------------|----------------|---------|
| Clear as of 3/17/2005 | Clear as of 3/17/2005 | Escape from San Rafael Sheriffs Office W/Unknown Force-5/31/86 |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---------|----------|--------------|
| Noted on CDC 812 | No Gang | Clear |
| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
| Restricted Duty | 32 - 3/26/2007 | 2 | DPW | Alcohol, Cocaine |
| PSYCH | MDO | | DDP |
| Clear | Doesn't Meet MDO Criteria | | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, SAP, CCRC, REST. CENTER, & MCCF ELIGIBILITY / VIO Review | |
|---------|-------------|----------------|----------------|
| 270 Design | Single Cell 7/19/2076 Victimization Concerns | Camp Eligible: No VIO - LIF | |
| INTEGRATION | | MSF Eligible: No VIO - LIF | SAP Eligible: No VIO - LIF | MCCF Eligible: No VIO - LIF |
| N/A | | CCF Eligible: No VIO - LIF | CCRC Eligible: No VIO - LIF | |
| FPTTP | | | Rest. Center Eligible: No VIO - LIF | VIO Review Date: Automatic VIO |
| US Citizen | HWD | | |
| | None | | JOB ASSIGNMENT |
| | | | Unassigned |

### COMMITTEE MEMBERS

CHAIRPERSON

MEMBERS
B. Rankin, FC    Dr. Torrez, Mental Health

RECORDER

G. Lewis, CDW (A) | | A. Meden, CCII (Sup)

Committee Date: 8/23/2007 | **PROGRAM REVIEW** | Committee: ICC

Typed By: AKM - Distribution: C-File & Inmate

SALINAS VALLEY STATE PRISON

Classification Chrono CDCR 128G (Rev: 4/07)

SX-16-P9 3

# Exhibit

## 17

CTT -1- 10

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

September 25, 2007

**BADWI, K81555**
*D2/120*

Log Number: SVSP-D-07-04117
(Note: Log numbers are not assigned to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c).*

*Your appeal issue has received consideration and the issue presented on appeal has been completed in April 2007.*

Appeals Coordinator
Salinas Valley State Prison

REC'D SEP 2 5 2007

REC'D OCT 1 1 2007

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

SX-17-P9 - 1

LOG NUMBER: SVSP-D-07-04117                    PAGE 2 of 2

RECEIVED MY 602 INMATE APPEAL FORM FOR A LOG NUMBER, BUT I DID NOT RECEIVE OR HEAR A RESPONS BACK FROM THE APPEALS COORDINATOR (See EXHIBIT (D) ATTACHED.) ON SEPTEMBER 13, 2007, I Received MY 602 INMATE APPEAL FORM COPY BACK FROM SACRAMENTO APPEALS BRANCH WITH A LETTER ATTACHED (See EXHIBIT (B) AND Two EXHIBIT (C) ATTACHED) THE APPEALS BRANCH ASKEING ME TO CONTACT MY ASSIGNED COUNSELOR OR THE APPEALS COORDINATOR REGARDING THE STATUS OF MY LOST OF THE TWO 602 FORM'S.

WHAN I RECEIVED MY 602 COPY FROM APPEALS BRANCH I MAILED IT TO THE APPEALS COORDINATOR AND FINALLY I Received A RESPONDS BACK AND I Received AN INMATE APPEAL ASSIGNMENT NOTICE WITH A LOG NUMBER D-07-04117 AND MY 602 FORM WAS SENT TO CTC MEDICAL FOR A RESPONDS AT FIRST LEVEL, BUT IT WAS RETURNED BACK TO ME THE 602 FORM WITH A LETTER STATED THAT TIME LIMITS EXPIRED.

WHAN I MAILED MY FIRST AND SECOND 602 FORM TO APPEALS COORDINATOR, DID ON MAY 7, AND ON AUGUST 7, OF 2007, I DID NOT HAAR AN ANSWER BACK FROM THE APPEALS COORDINATOR. SO THIS 602 FORM IS TIMELY BECAUSE THE STAFF HAD POSSESSION OF THE 602 FORM, AT SACRAMENTO APPEALS BRANCH AND I RECEIVED ON SEPTEMBER 13, 2007. Rams Badasi

K81555

OCTOBER 8, 2007

Ex-17-P9   2

LOG NUMBER: SVSP-D-07-04117                    PAGE 1 of 2

FROM: INMATE BADWI CDC K81555          OCTOBER 8, 2007
        FACILITY CTC ROOM #10
        SALINAS VALLEY STATE PRISON
        P.O. BOX 1050
        Soledad, CALIFORNIA 93960

TO: APPEALS COORDINATOR

RE: RESPONDING TO YOUR LETTER DATE SEPTEMBER
    25, 2007 ON CDC FORM 695.

    I BELIEVE THIS SCREENING ~~OUT~~ IS IN ERROR.
THE RAPE OCCURRED ON APRIL 24, 2007. I FILED MY
FIRST 602 INMATE APPEAL ON MAY 7, 2007, BUT
I DID NOT RECEIVE OR HEAR A RESPONSE BACK.

    SO ON AUGUST 7, 2007, I FILED MY SECOND 602
INMATE APPEAL ONE COPY TO DIRECTOR OF CORRECTIONS
AT SACRAMENTO, APPEALS BRANCH, PRISON LAW OFFICE
U.S. DEPARTMENT OF JUSTICE, WARDEN, MR. EVANS AT
SALINAS VALLEY STATE PRISON AND APPEALS COORDINATOR
AT SALINAS VALLEY STATE PRISON. "I DID NOT RECEIVE
OR HEAR A RESPONSE BACK" FROM WARDEN MR. EVANS
AND INMATE APPEALS COORDINATOR" ON THE FIRST AND
SECOND 602 INMATE APPEAL FORM. I SPOKE TO THE
NURSE ON SEPTEMBER 7, 2007, ASKEING FOR HER HELP
TO OBTAIN THE 602 FORMS BUT NO HELP (See EXHIBIT
E) ATTACHED.) ON AUGUST 24, 2007, I FILED AN INMATE
REQUEST FORM ASKEING THE APPEALS COORDINATOR IF

PLEASE, PERMANET APPEAL ATTACHMENT - DO NOT REMOVE
                              Ex-17-P.9  3

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



September 4, 2007

BADWI, RAMZI, K81555
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

RE: IAB# 0704227        STAFF COMPLAINTS

Mr. BADWI:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The CDC 602, Inmate/Parolee Appeal Form, must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.

Please contact the Appeals Coordinator at your institution for information regarding the status of your appeal.

*signature*

N. GRANNIS, Chief
Inmate Appeals Branch

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

EX-17-19

# INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE BADWI, K81555                    Date: September 18, 2007
Current Housing: D2/120

From: **INMATE APPEALS OFFICE**

Re: APPEAL LOG NUMBER: SVSP-D-07-04117

ASSIGNED STAFF REVIEWER: **CTC**
APPEAL ISSUE: MEDICAL

### DUE DATE: 10/29/2007

Inmate BADWI, this acts as a notice to you that your appeal has been sent to the above staff for FIRST level response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for SECOND level review.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison



*ADA*

EMERGENCY RESPOND
PLEASE,

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

D2

1. Location: Institution/Parole Region ___ SVSP-D  Log No. 07-04117  Category 8

2. _____  2. _____  CTC 1st

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Mental health

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| BADWI    R. | K81555 | D2 - Ad-ScG | D2-120w |

A. Describe Problem: Please, Don't Lose this form. This is a copy of the same 602 Appeal form. Because the first one was Lost in D-8 staff office or at Appeal Coordinator office, Because I Did not here a Responds Since MAY 7, 2007. I was RAPED in my Cell on APRIL 24, 2007, at Salinas Valley State Prison at A-2-142. I'm paralyzed from the wasted own. I'm in the Hole (Ad-ScG) Since the RAPE because the Staff's want me to Keep my mouth Closed about the RAPE and away from the telephones. There Was EXAMINATION was Performed on APRIL 26, 2007, by SEXUAL ASSAUT→

If you need more space, attach one additional sheet.    (See Attach additional Sheet )  →

B. Action Requested: UNTIL, I meet with the FBI or Internal Affairs, I will ate eat.

RECEIVED SEP 14 2007

Inmate/Parolee Signature: *Barry Badwi*    Date Submitted: 8-7-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

**BYPASS**

DELIVERED SEP 14 2007

APPEALS BRANCH AUG - 9 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds Appeals must be accompanied by a completed Board of Control form BC-1, Inmate Claim

CDC Appeal Number: EX1719-6

RET'D OCT 18 2007

REC'D OCT 10 2007

1st seen by me submitted on 10/10/07, to Hiring Authority

3-5

10-10-07
9-18-07      11-26-0   10-18-07

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

0704226

Response TEAM "SART" at NATIVIDAD MEDICAL Center, Legal evidence was obtained Injuries were Present and Photographs, Blood test and D.N.A. evidence was test.

When ~~WAS~~ I found out the inmate RAPED ME is in the yard and Nevar been charge for the RAPE, and the Prison Staff refuse to turn over the evidence to the District Attorney. So on June 17, 2007, I want on Honger Strike. UNTIL I meet with the FBI or Internal Affairs. I will ~~ate~~ eat.

This Documents has ben MAIL to the Fulling:

WARDEN: mr. EVANS. of Salinas Valley State Prison

Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Chief, Inmate Appeals

PRISON LAW OFFICE          Director: Donald
General Delivery                      Specter
San Quentin, CA 94964-0001

Appeals Coordinator at
Salinas Valley State Prison

U.S. Department of Justice
WASHIGNTON, DC 20530

RAMZI BADWI
K81555

August 7, 2007

EX-17-Pg 7

STATE OF CALIFORNIA
CA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 8/24/2007 | APPEAL COORDINATOR | BROWN, F | K 81555 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---|---|---|---|---|---|
| D2 | 120 | N/W | PORTER | N/W | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | FROM | TO |
|---|---|---|---|
| N/W | | N/W | |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On August 7, 2007 I MAiLED a 602 to the Appeal Coordinator. the
602 is Regarding a RAPE happened 11th to me on April 24, 2007
and I am on Hunger Strike. I Did Not Receive a Respons, I would
Like to Know if you Received my 602 Appeal for a Log NUMBER.

Thank You!

~Do Not write below this line. If more space is required, write on back.~

| INTERVIEWED BY | DATE |
|---|---|

DISPOSITION

EX-17-P9  **8**  ⊗⊖⊘

| DATE | TIME | |
|------|------|---|
| 1/7/07 | 1239 | C/O ON HUNGER STRIKE BECAUSE I WAS RAPED IN YARD, IT WAS COVERED UP, AND DID NOT PUNISH THE GUY WHO DID IT. PT. WAS THEN ENDORSED TO BE TRANSFERED AND PLACED IN ADSEG FOR PROTECTIVE CUSTODY. STATES DRINKS LOTS OF WATER, DENIES DRINKING JUICES. ALSO STATES HAVING INCREASED WEAKNESS & DIZZYNESS. REQUEST TO TALK WITH APPELS COORDINATOR REGARDING 602's HE DOESN'T HEAR AN ANSWER BACK ON. FILLED OUT 7362 TO HAVE LEFT EAR CHECKED FOR EAR INFECTION. EAR ACHE PROTOCOL FOLLOWED.     A. Turner R |

**INTERDISCIPLINARY PROGRESS NOTES**

| INSTITUTION | HOUSING UNIT |
|-------------|--------------|
| SVSP | D2-120 |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

K81555

BADWI

DOB 3/21/64

SX-1719

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

G 8

U.S. Department of Justice
United States Parole Commission

5550 *Friendship Boulevard*
*Chevy Chase, Maryland 20815*
Official Business
Penalty for Private Use $300

**ENTERED AUG 28 2007**

Ramzi Badwi, K81555
Salinas Valley State Prison
Facility D2, Cell 120w
P.O. Box 1050
Soledad, CA 93960-1050

93960+1050

Sx-17-Pg = 10



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*1241141-2*

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301)492-5821
Facsimile: (301)492-5525

Dear Sir/Madam:

This is to acknowledge your letter received by the U.S. Parole Commission.

The U.S. Parole Commission has no jurisdiction over inmates serving Federal or D.C. Code "new law" non-paroleable sentences or State sentences.

We regret our response could not be more helpful. Enclosed is your original correspondence.

Sincerely,
U.S. Parole Commission

SX-17-P9-11

52

**ADA**
**1241141-2**

**EMERGENCY RESPOND**
**PLEASE,**

~~INMATE/PAROLEE~~
**APPEAL FORM**
CDC 602 (12/87)

USPC

US PAROLE

AUG 17 2007

COMMISSION

Location    Institution/Parole Region    Log No.    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classificatic committee actions, and classification and staff representative decisions, you must first informally seek relief ~~through discussion~~ with the appropriate sta member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supportir documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be take for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| BADWE, R, | K81535 | D2-Ad-SeG | D2-120W |

A. Describe Problem: Please, Don't Lose this form. This is a copy of the Similer 602 Appeal form. Because the first one was Lost in D-8 Staff office or at Appeal Coordinator office. Because I Did not here a Responds Since MAY 7, 2007. I was RAPED in my cell on APRIL 24, 2007 at Salinas Valley State Prison at A-2-142. I'm paralyzed from the wastedown. I'm in the Hole (Ad-SeG) Since the RAPE. Because the Prison Staff want me to keep my mouth closed about the RAPE and away from the telephones. There Was EXAMINATION was Performed on APRIL 26, 2007, by SEXUAL ASSAUT

If you need more space, attach one additional sheet. (See Attach additional Sheet →

B. Action Requested: UNTIL, I meet with the FBI or Internal Affairs, I will ~~ate~~ eat.

Inmate/Parolee Signature: *Ramzi Badwi*    Date Submitted: 8-7-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds Appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

EX-17A/12

G-3

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Response TEAM "SART" at NATIVIDAD MEDICAL Center, Legal evidence was obtained Injuries were Present and Photographs, Blood test and D.N.A. evidence was test.

When ~~won~~ I found out the inmate RAPED ME is in the yard and Nevar been charge for the RAPE, and the prison staff refuse to turn over the evidence to the District Attorney. So on June 17, 2007, I want on Honger Strike. UNDIL I meet with the FBI or Internal Affairs. I will ~~ate~~ eat.

This Documents has ben MAIL to the fulling:

U.S. Department of Justice
WASHIGNTON, DC 20530

Department of corrections
P.O. BOX 942883
Sacramento, CA 94283-0001

PRISON LAW OFFICE
Director: Donald Specter
General Delivery
San Quentin, CA 94964-0001

WARDEN: Mr. EVANS
Salinas Valley State Prison
P.O. BOX 1050
Soledad, CA 93960-1050

Appeal Coordinator
Salinas Valley State Prison
P.O. BOX 1050
Soledad, CA 93960-1050

*Ramzi Badwi*
RAMZI BADWI
K81555
AUGUST 7, 2007

EX-17-P9    13

RAMZI BADWE K81585
B-2 - 111
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

United States District Court for
the NORTHERN DISTRICT OF CALIFORNIA
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102-3483

STATE PRISON
GENERATED MAIL

STATE PRISON
GENERATED MAIL

LEGAL MAIL ONLY

RECEIVED

APR 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA