IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZI AHMED BADWI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN ANTHONY HEDGPETH, et al.,<br><br>　　　　Defendants. | No. C 08-02221 SBA (PR)<br><br>**ORDER OF SERVICE AND REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM** |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at High Desert State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, stemming from incidents, including a rape by another prisoner, which occurred while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

Plaintiff filed the present complaint and alleges that he attempted to properly exhaust his administrative remedies as to all his claims, which are discussed below. (Compl. at 2.) In his complaint, Plaintiff names the following Defendants: SVSP Warden Evans; Acting CDW Moore and G. Lews; Chief Medical Officer Dr. Charles Lee; Medical Appeals Analyst C. Kates; Acting Facility Captain E. Jones; Correctional Counselors S. Hjeiden, E. Medina and Mantel; Lieutenant Kessler and R. Mojica; Sergeants D. Galloway, Hogan, Oyarzabal, Hubbard, and Gonsan; Captain Hatton; Physicians Robert Bowman and Kumar; and Doe Defendants.[1] Plaintiff seeks injunctive relief. Specifically, he seems to be seeking injunctive relief compelling prison officials to place him in a single cell. He also requests the Court to "oppointe [sic] U.S. Federal District Attorney" because the rape alleged below was "not [an] accident." (Id. at 3.) However, such a request is DENIED because the Court cannot compel the State Attorney General's Office to instigate criminal prosecution.

---

[1] Under the section labeled "Parties," Plaintiff lists the following Defendants: "John Doe 1 to 60." (Compl. at 3.) The Court construes these Defendants to be Doe Defendants.

1  Finally, Plaintiff asks about several procedural aspects to be ordered by the Court, including: "the identification of Defendants John Doe's Number 1 to 18"; for "Defendants to respon[d] to Plaintiff['s] complaint"; for a copy of his 602 appeal form "so [he] can exhaust[] his administrative remedies as required under the (PLRA)"; for "defendant[t] to provide Plaintiff with all completion of discovery"; for the Court "to grant[] Plaintiff request [for] leave to amend his civil rights complaint after completion of discovery of the evidence investigation of identification of John Doe's Number's 1 to 18"; and for a "court order for access to law library."  (Id. at 4-1 - 4-2.)  Below, the Court will be serving certain Defendants in this case; therefore, some of his requests will be resolved during the course of the proceedings.  At this time his requests are DENIED without prejudice to pursuing any discovery requests with Defendants during discovery and to raising any denial of access to the courts claim in a new action only if prison officials still do not grant him access to the law library after this action has been served.

Because Plaintiff seeks only injunctive relief and does not allege facts showing the named Defendants' involvement in the alleged constitutional violations, it appears he is suing the Defendants in their official capacity.  It therefore is appropriate to substitute Warden Anthony Hedgpeth, the current holder of the position formerly held by Defendant Evans.  See Fed. R.Civ.P. (d)(1).  The caption shall be amended to show Defendant Hedgpeth as a defendant, and the amended caption shall be used by the parties in future filings.

## DISCUSSION

### I.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

1  (2) that the alleged violation was committed by a person acting under the color of state law. West v.
2  Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Eighth Amendment and Conspiracy Claims

Plaintiff claims that on April 24, 2007, he was "raped in his cell by his cellmate, inmate Bonilla." (Compl. at 3.) Plaintiff, who is "handicap[ped] and confined to a wheelchair," was sexually assaulted "between the hours of 1:00AM to 5:00 AM." (Id. at 3-2.) Plaintiff further states: "On April 26, 2007, inmate Bonilla was paid $1,000 doller [sic] werth [sic] of tobaco [sic] from ISU staff at Salinas Valley State Prison after a night time interview with ISU staff John Doe's number (1 to 4)." (Id. at 3-1.)[2]

Plaintiff claims that "[b]efore the rape . . . [he] was asking for emergency help because [his] safety [was] in eminent [sic] danger whenever inmate Bonilla [was] on crystal meth." (Id.) On April 16, 2007, Plaintiff was interviewed by Defendant Oyarzabal "that Bonilla is on crystal meth and Plaintiff told sergeant if he can move I/M Bonilla out of the cell, sergeant response was no . . . ." (Id.)

On April 25, 2007, Plaintiff told Sergeant Galloway about the rape and "Sergeant Galloway want [sic] to his Lieutenat [sic] staff John Doe number (9) [and] Sergeant Galloway told Plaintiff that I/M Bonilla well [sic] move to building 3 (three) and Plaintiff well [sic] go back to the cell in A-2-142." (Id.) Plaintiff claims that since April 25, 2007, he has "been in solitary confinement ad/seg for safety concerns from A yard inmates." (Id. at 3-6.)

On April 26, 2007, Plaintiff was transported for a medical examination at Natividad Medical Center. Plaintiff states: "When Plaintiff was being examinat [sic] by sexual assault response team, legal evidence was obtainad [sic], injuries were present and pictures wore [sic] takeing [sic], blood test for transmitted diseases [sic] or infections, and tested for D.N.A. evidence for inmate Bonilla['s] semen. (Id. at 3-5.) Plaintiff claims that "ISU staff John Does number (12 and 13) refused the doctor from turning the evidence to the attorney general . . . ." (Id.) Plaintiff claims there was a

---

[2] Plaintiff has attached fifteen handwritten pages to page three of his complaint; therefore, the Court has numbered these pages 3-1 through 3-15.

3

"cover-up of the rape and no documentation of the investigation [and] no documentation from Natividad Medical Hospital examinat[ion] of the rape[] . . . ." (Id. at 3-7.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. See Farmer, 511 U.S. at 834. Deliberate indifference occurs when an official knows of and disregards an excessive risk to inmate health or safety. See id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Neither negligence nor gross negligence are sufficient to constitute deliberate indifference. See id. at 835-36 & n.4; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). Liberally construing the allegations in the complaint, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Hedgpeth, Oyarzabal and "John Doe's number (1 to 4);" however, the Doe Defendants will be dismissed without prejudice as directed below.

Plaintiff also alleges that SVSP prison officials violated his rights under 42 U.S.C. § 1985, which proscribes conspiracies to interfere with certain civil rights. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A cause of action under § 1985(3) arises when two or more persons conspire to deprive another of equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). This requires a showing of some racial or class-based discrimination. The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000). Liberally construed, Plaintiff's allegations -- that SVSP prison officials covered-up the rape by denying him access to "documentation from Natividad Medical Hospital

4

examinat[ion] of the rape[]," (compl. at 3-7), and prevented him from having access to the courts -- state a cognizable claim for relief against Defendants Hedgpeth and Oyarzabal.

Plaintiff contends he attempted to file an administrative grievance relating to his Eighth Amendment and conspiracy claims; however, he never received responses to his 602 appeal forms filed on May 7, 2007 and on August 7, 2007. Plaintiff then mailed a copy of the August 7, 2007 602 appeal "to the U.S. Department of Justice asking for there [sic] help to investigate[] . . . sexual abuse and cover-up by Salinas Valley State Prison of the rape." (Id. at 3-11.) He has attached a letter in response to his 602 appeal from the United States Parole Commission of the U.S. Department of Justice, stating that it had "no jurisdiction over inmates serving Federal or D.C. Code 'new law' non-paroleable sentences or State sentences." (Id., Ex. 17 at 11.) Plaintiff claims that he submitted another copy of the August 7, 2007 602 appeal to the appeals coordinator, but it was "rejected because there ha[d] been a time lapse between the rape and the appeal filed log no. 07-04117." (Id. at 3-11, Ex. 17 at 1-3.) Furthermore, Plaintiff alleges that "every time [he] file[d] a 602 appeal regarding the rape, the staff . . . deliberately disposed of [his] 602 appeal." (Id. at 3-11.) It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

**B.     Due Process Claim**

Plaintiff claims his due process rights were violated because of the failure of prison officials at SVSP to place him in a single cell.

Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of

5

1 prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the
2 liberty in question is one of "real substance." See id. at 477-87.

3       California Code of Regulations title 15, section 3377.1 provides that inmates are classified
4 into nine custody designations to alert staff as to where an inmate may be housed and assigned, and
5 the level of supervision required of the inmate. An inmate may also be affixed an "R" or "S" suffix
6 to indicate a history of sex offenses or need for single cell housing, respectively. Generally, these
7 regulations do not contain substantive predicates or mandatory language requiring any specific
8 outcome when a custody classification or reclassification is conducted. See Kentucky Dep't of
9 Corrections v. Thompson, 490 U.S. 454, 461-62 (1989) (finding no protected liberty interest in
10 Kentucky regulations). The regulations state no set of circumstances or behavior, for example,
11 which must be found before an inmate is eligible for maximum custody. Cf. Neal v. Shimoda, 131
12 F.3d 818, 830 (9th Cir. 1997) (finding a protected liberty interest under Thompson when regulation
13 provides that once an inmate is labeled as a sex offender (the substantive predicate) it is statutorily
14 mandated that the inmate successfully complete a specified treatment program in order to become
15 eligible for parole and there is no room for prison officials' discretion)). Because the statutory
16 language does not meet the first prong of the Sandin test, no protected liberty interest requiring
17 constitutional protection is created. Accordingly, Plaintiff's allegations -- relating to the failure of
18 prison officials at SVSP to place him in a single cell -- fail to state a cognizable claim for relief, and
19 his due process claim is DISMISSED.

20 **III.   Defendants**

21     **A.   Claim Against Doe Defendants**

22       Plaintiff identifies Doe Defendants whose names he intends to learn through discovery. The
23 use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637,
24 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to
25 the filing of a complaint the plaintiff should be given an opportunity through discovery to identify
26 them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson,
27 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against Doe Defendants are
28 DISMISSED without prejudice. Should Plaintiff learn Doe Defendants' identities through

6

1  discovery, he may move to file an amended complaint to add them as named defendants.  See Brass
2  v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### B.    Claim Against Defendants Not Linked to Claims

In the section of the complaint form where Plaintiff is asked to write the names of all Defendants, he lists Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumar.  (Compl. at 2-3.)  However, these aforementioned Defendants are not linked specifically to the allegations in the body of the complaint.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

7

Plaintiff has not linked the aforementioned Defendants to his claims, therefore, no claim for damages can proceed against them unless Plaintiff amends his claim to cure this pleading deficiency. Accordingly, Plaintiff's claim against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare DISMISSED with leave to amend.

**IV.     Pro Se Prisoner Settlement Program**

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall take place within **one-hundred twenty (120) days** after the date of this Order. Magistrate Judge Vadas shall coordinate a time, date and place for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's request for the Court to "oppointe [sic] U.S. Federal District Attorney" because the rape alleged was "not [an] accident" (compl. at 3), is DENIED because the Court cannot compel the State Attorney General's Office to instigate criminal prosecution. Plaintiff's requests relating to the procedural aspects outlined above to be ordered by the Court, supra at 2, are DENIED without prejudice to pursuing any discovery requests with Defendants during discovery and to raising any denial of access to the courts claim in a new action if prison officials still do not grant him access to the law library after this action has been served. Therefore, the only remaining request for relief is Plaintiff's request for injunctive relief compelling prison officials to place him in a single cell.

2.      Plaintiff states cognizable Eighth Amendment and conspiracy claims against

8

Defendants Hedgpeth and Oyarzabal.

3. Plaintiff's due process claim is DISMISSED for failure to state a claim.

4. The claims against the Doe Defendants are DISMISSED without prejudice.

5. Plaintiff's claims against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare are DISMISSED with leave to amend as indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file amended claims against these aforementioned Defendants as set forth above in Section III(B) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.) The amended claims must be submitted on an amendment to the complaint. It must include the caption as well as the civil case number of this action (C 08-02221 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page. Failure to do so will result in the dismissal without prejudice of any claim against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **SVSP Warden Anthony Hedgpeth and Sergeant Oyarzabal.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

(This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

       8.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

       a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.    If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

12.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

13.    This action has been referred to the Pro Se Prisoner Settlement Program. <u>The Clerk of the Court shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.</u>

14.    The caption of this action shall be amended to show Warden Anthony Hedgpeth as a

1  defendant, and the amended caption shall be used by the parties in future filings.

2      IT IS SO ORDERED.

4  DATED: 1/10/11           _____
                                SAUNDRA BROWN ARMSTRONG

5                                  UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.08\Badwi2221.service.wpd12

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAMZI BADWI,

        Plaintiff,

  v.

EVANS et al,

        Defendant.

Case Number: CV08-02221 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramzi Ahmed Badwi K-81555
High Desert State Prison
P.O. Box 270249
Susanville, CA 96127

Dated: January 11, 2011

                        Richard W. Wieking, Clerk
                        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Badwi2221.service.wpd13