IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZI AHMED BADWI,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN ANTHONY HEDGPETH, et al.,<br><br>    Defendants.<br>_____/ | No. C 08-02221 SBA (PR)<br><br>**ORDER REVIEWING PLAINTIFF'S AMENDMENT TO COMPLAINT; DENYING DEFENDANTS' MOTION TO CHANGE TIME FOR SETTLEMENT PROCEEDINGS; AND ADDRESSING OTHER PENDING MOTIONS**<br><br>(Docket nos. 22, 25, 28) |

Plaintiff, a state prisoner currently incarcerated at the Substance Abuse Treatment Facility in Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, stemming from incidents, including a rape by another prisoner, which occurred while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007.

The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). The Court initially determined that the only remaining request for relief was Plaintiff's request for injunctive relief compelling prison officials to place him in a single cell. The Court found that Plaintiff had stated a cognizable Eighth Amendment and conspiracy claims against Defendants SVSP Warden Anthony Hedgpeth and SVSP Sergeant Oyarzabal. The Court dismissed Plaintiff's due process claim for failure to state a claim. The Court also found that Plaintiff failed to allege specifically how the remaining Defendants actually and proximately caused the deprivation of a federally protected right. (Jan. 10, 2011 Order at 7-8 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).) Plaintiff named Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumar; however, these Defendants were not linked specifically to the allegations in the body of the complaint. Plaintiff was warned that a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Jan. 10, 2011 Order at 7 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).) Plaintiff also named "John Doe 1 to 60" as Doe Defendants, but the Court dismissed Plaintiff's claims against the Doe Defendants without prejudice to moving to

file an amended complaint should he learn their identities. The Court stated:

> Within **thirty (30) days** of the date of this Order Plaintiff may file amended claims against these aforementioned Defendants as set forth above in Section III(B) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.) The amended claims must be submitted on an amendment to the complaint. It must include the caption as well as the civil case number of this action (C 08-02221 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page. Failure to do so will result in the dismissal without prejudice of any claim against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare.

(Jan. 10, 2011 Order at 9.) In amending, Plaintiff was directed to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right. Finally, the Court referred this action to Magistrate Judge Nandor Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.

On February 11, 2011, Magistrate Judge Vadas scheduled a settlement conference for this matter on April 21, 2011 at 1:00 PM at Solano State Prison (Solano). On March 18, 2011, the settlement conference was rescheduled for April 20, 2011 1:00 PM at Solano.

Plaintiff subsequently filed a document entitled, "First Amended Complaint For Damages," which the Court will construe as his Amendment to the Complaint. In this document, Plaintiff includes portions of the Court's January 11, 2011 Order that are copied verbatim, including the introduction on pages 1 and 2 as well as the factual background and exhaustion information taken from the section relating to his Eighth Amendment and conspiracy claims on pages 3 through 5. Plaintiff also moves for the Court to reconsider the dismissal of his due process claim arguing "that the failure of prison officials at SVSP to place him in a single cell -- clearly state[s] a cognizable claim for relief, and his due process claim should not be dismissed." (Am. to Compl. at 10.) Finally, Plaintiff states that the aforementioned Defendants who were not linked to his claims "can only be referred to as persons who attempted to cover up the crimes against plaintiff, including covering up the wrongs that they themselves committed against plaintiff, then hid-behind what is known as "GREEN-WALL." (Id. at 13.)

The parties are presently before the Court on Defendants' motion to screen the amendment to the complaint and their "Administrative Motion to Change Time for Settlement Proceedings Under

the Pro Se Prisoner Settlement Program" (docket nos. 22, 25).  Plaintiff has also filed a motion for a copy of his amendment to the complaint (docket no. 28).

For the reasons discussed below, the Court GRANTS Defendants' motion to screen the amendment to the complaint (docket no. 22); DENIES their "Administrative Motion to Change Time for Settlement Proceedings Under the Pro Se Prisoner Settlement Program" (docket no. 25); and GRANTS in part Plaintiff's motion for a copy (of only pages 1 through 15) of his amendment to the complaint.

## **DISCUSSION**

### **I.   Defendants Not Linked to Claims**

Defendants' motion to screen the amendment to the complaint (docket no. 22) is GRANTED. The Court now reviews Plaintiff's amendment to the complaint to determine whether Plaintiff has cured the pleading deficiencies identified in the Court's January 11, 2011 Order.  While Plaintiff includes references to some of the Defendants not linked to the claims in the original complaint, including that Plaintiff told Defendant Galloway about the rape the day after it happened, (am. to compl. at 3), and that Defendant Medina contacted Defendant Kessler relating to Plaintiff's housing and Defendant Kessler "had "Correctional Sergeant (Sgt.) A. Oyarzabal interview the Plaintiff on April 16, 2007, at 1630 hours," (id. at 7).  The Court finds that Plaintiff has failed to cure the pleading deficiencies as to Defendants Galloway, Medina and Kessler because he fails to link them specifically to his Eighth Amendment and conspiracy claims.  For example, Defendants Galloway was allegedly only informed of the rape after it had already taken place.  Meanwhile, Defendants Medina and Kessler may have been contacted about Plaintiff's housing, but the only allegation is that Defendants Kessler directed Defendant Oyarzabal to conduct an interview of Plaintiff prior to the rape.  These allegations fail to show that Defendants Galloway, Medina and Kessler actually and proximately caused the deprivation of a federally protected right.  Accordingly, all claims against Defendants Galloway, Medina and Kessler are DISMISSED for failure to state a claim and without further leave to amend.  Plaintiff does not link any of the other remaining Defendants to his claims. As mentioned above, he merely states, that the Defendants who were not linked to his claims "can only be referred to as persons who attempted to cover up the crimes against plaintiff, including

covering up the wrongs that they themselves committed against plaintiff, then hid-behind what is known as "GREEN-WALL." (Am. to Compl. at 13.) This allegation is insufficient to correct the deficiencies in the original complaint as to the other Defendants who were not linked. Therefore, Plaintiff's claims against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Mantel, Kessler, Mojica, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare are also DISMISSED for failure to state a claim and without further leave to amend.

## II.     **Plaintiff's Due Process Claim**

In its January 11, 2011 Order, the Court analyzed Plaintiff's due process claim as follows:

> Plaintiff claims his due process rights were violated because of the failure of prison officials at SVSP to place him in a single cell.
>
> Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87.
>
> California Code of Regulations title 15, section 3377.1 provides that inmates are classified into nine custody designations to alert staff as to where an inmate may be housed and assigned, and the level of supervision required of the inmate. An inmate may also be affixed an "R" or "S" suffix to indicate a history of sex offenses or need for single cell housing, respectively. Generally, these regulations do not contain substantive predicates or mandatory language requiring any specific outcome when a custody classification or reclassification is conducted. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-62 (1989) (finding no protected liberty interest in Kentucky regulations). The regulations state no set of circumstances or behavior, for example, which must be found before an inmate is eligible for maximum custody. Cf. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (finding a protected liberty interest under Thompson when regulation provides that once an inmate is labeled as a sex offender (the substantive predicate) it is statutorily mandated that the inmate successfully complete a specified treatment program in order to become eligible for parole and there is no room for prison officials' discretion)). Because the statutory language does not meet the first prong of the Sandin test, no protected liberty interest requiring constitutional protection is created. Accordingly, Plaintiff's allegations -- relating to the failure of prison officials at SVSP to place him in a single cell -- fail to state a cognizable claim for relief, and his due process claim is DISMISSED.

(Jan. 11, 2011 Order at 5-6.)

In his amendment to the complaint, Plaintiff argues that the Court should reconsider its

4

dismissal of his due process claim.

Where, as here, a court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order that does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's due process claim was denied on the grounds that although Plaintiff alleged he had been wrongfully denied placement in a single cell, as explained above, he alleged no protected liberty interest requiring constitutional protection.  As explained in the Court's January 11, 2011 Order, inmates, such as Plaintiff, are classified according to California Code of Regulations title 15, section 3377.1.  The Court determined that generally, these regulations do not contain substantive predicates or mandatory language requiring any specific outcome when a custody classification or reclassification is conducted.  Because the statutory language did not meet the first prong of the Sandin test, the Court determined that no protected liberty interest requiring constitutional protection was created.  In his motion for reconsideration, Plaintiff has not shown that the Court committed clear error, that the prior decision was manifestly unjust, or that there has been an intervening change in the law.  Rather, Plaintiff claims that he is "informed and believes, and thereon alleges, that the failure of prison officials at SVSP to place him in a signed cell -- clearly state[s] a cognizable claim for relief, and his due process claim should not be dismissed." (Am. to Compl. at 10.) Such an allegation is insufficient for the Court to reconsider the dismissal of his due process claim.  If Plaintiff were granted leave to further amend his due process claim, the amendment would be futile.  Accordingly, Plaintiff has not established grounds for reconsideration of the Court's dismissal of his due process claim, and his motion for leave to file a motion for reconsideration is DENIED.

**III.    Defendants' "Administrative Motion to Change Time for Settlement Proceedings Under the Pro Se Prisoner Settlement Program"**

5

1   Because the Court has not found any cognizable claims in Plaintiff's amendment to the
2   complaint, Defendants' "Administrative Motion to Change Time for Settlement Proceedings Under
3   the Pro Se Prisoner Settlement Program" (docket no. 25) is DENIED. All parties shall be prepared
4   to attend the scheduled settlement hearing on April 20, 2011 at 1:00 PM at Solano.

**IV.  Plaintiff's Motion for a Copy of the Amendment to the Complaint**

Plaintiff's motion for a copy of the amendment to the complaint (docket no. 28) is only GRANTED in part. The Clerk of the Court is directed to copy pages 1 through 15 of his amendment to the complaint. Plaintiff must pay for the xerox copying of all other pages of the amendment of the complaint, including all attached exhibits.

This Order terminates Docket nos. 22, 25 and 28.

IT IS SO ORDERED.

DATED: 4/13/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

G:\PRO-SE\SBA\CR.08\Badwi2221.revAM2compl&denyEOT.wpd           6

RAMZI BADWI,

        Plaintiff,

  v.

EVANS et al,

        Defendant.

Case Number: CV08-02221 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramzi Ahmed Badwi K-81555
C.S.A.T.F. State Prison at Corcoran
P.O. Box 5242
Corcoran, CA 93212

Dated: April 13, 2011

                        Richard W. Wieking, Clerk
                        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Badwi2221.revAM2compl&denyEOT.wpd