IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMZI AHMED BADWI,

    Plaintiff,

v.

WARDEN ANTHONY HEDGPETH, et al.,

    Defendants.

No. C 08-2221 SBA (pr)

**ORDER REFERRING CASE TO FEDERAL PRO BONO PROJECT; APPOINTING COUNSEL; AND REFERRING CASE FOR FURTHER SETTLEMENT PROCEEDINGS**

The following background is taken from the Court's April 13, 2011 Order:

> Plaintiff, a state prisoner currently incarcerated at the Substance Abuse Treatment Facility in Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, stemming from incidents, including a rape by another prisoner, which occurred while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007.
>
> The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). The Court initially determined that the only remaining request for relief was Plaintiff's request for injunctive relief compelling prison officials to place him in a single cell. The Court found that Plaintiff had stated a cognizable Eighth Amendment and conspiracy claims against Defendants SVSP Warden Anthony Hedgpeth and SVSP Sergeant Oyarzabal. The Court dismissed Plaintiff's due process claim for failure to state a claim. The Court also found that Plaintiff failed to allege specifically how the remaining Defendants actually and proximately caused the deprivation of a federally protected right. (Jan. 10, 2011 Order at 7-8 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).) Plaintiff named Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumar; however, these Defendants were not linked specifically to the allegations in the body of the complaint.

(Apr. 13, 2011 Order at 1.) Plaintiff was directed to allege specifically how each of the above-named remaining defendants actually and proximately caused the deprivation of a federally protected right. If he failed to do so, he would risk dismissal without prejudice of any claim against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare. Finally, the Court referred this action to Magistrate Judge Nandor Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.

Plaintiff subsequently filed a document entitled, "First Amended Complaint For Damages," which the Court construed as his Amendment to the Complaint. Plaintiff also moved for the Court to reconsider the dismissal of his due process claim

In its April 13, 2011 Order, the Court found that his allegations in his Amendment to the Complaint to be insufficient to correct the deficiencies in the original complaint as to the Defendants who were not linked. Therefore, Plaintiff's claims against Defendants Evans, Moore, Lews, Lee, Kates, Jones, Hjeiden, Mantel, Kessler, Mojica, Hogan, Hubbard, Gonsan, Hatton, Bowman and Kumarare were dismissed for failure to state a claim and without further leave to amend. Because Plaintiff did not establish grounds for reconsideration of the Court's dismissal of his due process claim, and his motion for leave to file a motion for reconsideration was denied.

On April 20, 2011, the parties appeared at a settlement hearing before Magistrate Judge Vadas at 1:00 PM at California State Prison - Solano. However, the parties were "unable to reach an agreement at this time." (Magistrate J. Vadas's May 5, 2011 Report at 2.)

This case has been pending for three years and the events at issue occurred over four years ago. If the case must go to trial even further delay in resolution will be incurred, as will expenses. Further, the Court has previously determined that the only remaining request for relief is Plaintiff's request for injunctive relief compelling prison officials to place him in a single cell. Having considered these factors, the Court finds that it is in the best interests of the parties and judicial efficiency to REFER this action to a Magistrate Judge for further court-ordered settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.

The Court also finds that it would be beneficial to have counsel assist Plaintiff during the further settlement proceedings and volunteer counsel willing to be appointed to represent Plaintiff having been located by the Court,

IT IS HEREBY ORDERED that Plaintiff's claims against Defendants Hedgpeth and Oyarzabal shall be referred to the Court's Federal Pro Bono Project, and that Jessica Valenzuela Santamaria, Esq. (SBN 220934), Erin Wallace, Esq. (SBN 262377) and Kathlyn Querubin, Esq. (SBN 275085) of Cooley Godward LLP are appointed as counsel for Plaintiff in this matter (initially, during further settlement proceedings, and then with the option to consider continuing on

2

1  representation if the case does not settle) pursuant to 28 U.S.C. § 1915(e)(1) and the Court's Federal
2  Pro Bono Project guidelines.
3        The Clerk of the Court shall send a copy of this Order to Ms. Santamaria, Ms. Wallace and
4  Ms. Querubin at Cooley Godward LLP, 101 California Street, Fifth Floor, San Francisco, California
5  94111-5800.  The Clerk of the Court shall also send a copy of this Order to Plaintiff, and to
6  Defendants' counsel.
7        As mentioned above, the Court refers this action to Magistrate Judge Vadas for further
8  settlement proceedings.  The settlement conference shall take place within **sixty (60) days** after the
9  date of this Order.  Magistrate Judge Vadas shall coordinate a place, time and date for the
10 conference with all interested parties and/or their representatives and, within **ten (10) days** after the
11 conclusion of the conference, file with the Court a report regarding the conference.
12       The Clerk shall provide a copy of this Order to Magistrate Judge Vadas in Eureka,
13 California.
14       IT IS SO ORDERED.
15 DATED: 5/23/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.08\Badwi2221.ApptATTY&2ndRefer2Vadas.frm

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAMZI BADWI,

        Plaintiff,

  v.

EVANS et al,

        Defendant.

Case Number: CV08-02221 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramzi Ahmed Badwi K-81555
C.S.A.T.F. State Prison at Corcoran
P.O. Box 5242
Corcoran, CA 93212

Dated: May 27, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Badwi2221.ApptATTY&2ndRefer2Vadas.frm