1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

9   RAZMI AHMED BADWI,

10              Plaintiff,

11         vs.

12   WARDEN ANTHONY HEDGPETH, et al.,

13              Defendants.

14

Case No:  C 08-2221 SBA

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS**

Docket

15         Plaintiff Razmi Ahmed Badwi, a prisoner who is now represented by counsel, brings

16   the instant action pursuant to 42 U.S.C. § 1983, based on an incident which occurred at

17   Salinas Valley State Prison ("SVSP") on or about April 24, 2007.  The parties are presently

18   before the Court on Defendants' motion to dismiss for failure to exhaust administrative

19   remedies and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b).

20   Dkt. 35.  Having read and considered the papers submitted and the record in this action, and

21   being fully informed, the Court hereby DENIES the motion.  Pursuant to Federal Rule of

22   Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the instant motion

23   without oral argument.

24   **I.    BACKGROUND**

25         **A.    FACTUAL SUMMARY**

26         Plaintiff is an inmate at SVSP. Compl. at 2, Dkt. 19.  He is paralyzed from the waist

27   down and is confined to a wheelchair.  Id.  Despite his numerous requests to be housed in a

28   single cell for health reasons, Plaintiff was placed with another inmate identified as

"Bonilla." Id.  While residing with Plaintiff, Bonilla was often under the influence of "crystal meth," during which time Plaintiff felt his "safety [was] in eminent [sic] danger." Id. at 2.  As a result, on April 16, 2007, Plaintiff asked Sgt. Oyarzabal to move Bonilla from the cell, but his request was denied.  Id. at 2-3.  On April 24, 2007, Bonilla sexually assaulted Plaintiff for several hours.  Id. at 2.

Plaintiff reported the attack to Sgt. Galloway the next day and an investigation into the assault ensued.  Id. at 3. During the investigation, Bonilla was separated from Plaintiff and moved to another building.  Id.  On April 26, 2007, Plaintiff was transported to Natividad Medical Center for a medical examination.  Id.  During this time, "legal evidence was obtained [sic], injuries were present and pictures were [sic] takeing [sic], blood test for transmitted diseass [sic] or infections, and tested for D.N.A. evidence for inmate Bonilla['s] seme." Id.  However, Plaintiff claims no documentation of the investigation and medical examination was generated.  Id.

Thereafter on May 7, 2007, Plaintiff attempted to file a Form 602 administrative grievance relating to the assault; however, he never received a response.  Id.  Believing that his grievance may have been mishandled, Plaintiff filed a second Form 602 on August 7, 2007, which was assigned log number SVSP-D-07-04117.  Id. at 3-4.  The grievance was reviewed at the first level review and screened out as untimely.  Medina Reply Decl. ¶ 4, Dkt. 76.[1]

## B. PROCEDURAL HISTORY

Plaintiff, acting as pro se, initiated the instant action pursuant to 42 U.S.C. § 1983 on April 29, 2008.  Plaintiff alleges that Defendants violated his Eighth Amendment constitutional rights by deliberately ignoring the serious risk of assault by his cellmate, that Defendants participated in a cover-up of the sexual assault by destroying evidence and documents, and that his due process rights were violated due to the failure of SVSP

[1] Plaintiff submitted another grievance on August 7, 2007, log number SVSP-D-07-04152, which was returned because it was not properly completed.  Medina Reply Decl. ¶ 4. Plaintiff resubmitted the grievance on September 18, 2007, which the prison facility "misplaced." Id.

officials to place him in a single cell.  Plaintiff seeks injunctive relief.  As Defendants, Plaintiff named Evans, Oyarzabal, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman, Kumar, and "John Doe 1 to 60."

On January 11, 2011, the Court conducted an initial screening of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a).  1/11/11 Order at 6-8, Dkt. 9.  The Court found that Plaintiff was suing Defendants in their official capacity "[b]ecause Plaintiff seeks only injunctive relief and does not allege facts showing the named Defendants' involvement in the alleged constitutional violations."  Id. at 2.  Warden Hedgpeth was thus substituted in place of Evans.  After finding that Plaintiff had stated cognizable Eighth Amendment and conspiracy claims against Defendants Hedgpeth and Oyarzabal, the Court dismissed the claims against the remainder of the named Defendants with prejudice and the claims against Doe Defendants without prejudice.  Id. at 4-8. The Court also reserved the issue of whether Plaintiff has exhausted his administrative remedies for "a later stage of the case."  Id. at 5.  Finally, the Court dismissed Plaintiff's due process claim for failure to state a cognizable claim for relief.  Id. at 5-6.

In accordance with the January 11 Order, Plaintiff submitted his Amended Complaint.  On April 13, 2011, the Court issued an Order reviewing the sufficiency of the amended pleadings.  Dkt. 29.  In its Order, the Court affirmed its previous dismissal of the claims alleged against Defendants other than Hedgpeth and Oyarzabal, and denied reconsideration with respect to Plaintiff's due process claim.  Id. at 3-5.  After an unsuccessful settlement conference before Magistrate Judge Vadas on April 20, 2011, Defendants filed their answer to the Amended Complaint.  Shortly thereafter, the Court appointed Cooley Godward LLP as counsel for Plaintiff.  Dkt. 33.

On June 13, 2011, Defendants filed an "unenumerated" motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies, and under Rule 12(b)(6) for failure to state a claim.  Defendants support their motion with two declarations; one from SVSP Appeals Coordinator E. Medina, and the

1  other from previous SVSP Litigation Coordinator Jennifer Delaney.  Mot. to Dismiss, Dkt.

2  35; Decl. of J. Delaney, Dkt. 36; Decl. of E. Medina, Dkt. 38. In their motion, Defendants

3  contend that Plaintiff failed to exhaust his administrative remedies and failed to state Eighth

4  Amendment and conspiracy claims against Defendants.  Mot. to Dismiss at 5-9.

5  Defendants also claim that they are entitled to qualified immunity.  Id. at 9-11.  Plaintiff

6  filed an opposition to the motion on October 7, 2011. Dkt. 64; Opp'n, Dkt. 73.  Defendants

7  filed a reply along with two reply declarations, one of them being another declaration from

8  E. Medina ("Medina Reply Declaration") and the other from California Deputy Attorney

9  General Sharon Garske.  Defendants filed an amended reply after a Notice of Errata on

10  October 14, 2011.  Am. Reply, Dkt. 79.[2]

11  **II.    DISCUSSION**

12         **A.    FAILURE TO EXHAUST**

13               **1.    Legal Standard**

14         Under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners seeking relief

15  under § 1983 must first exhaust all available administrative remedies prior to bringing suit.

16  42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006).  In order to exhaust

17  administrative remedies, the prisoner must comply with all of the prison system's

18  procedural rules so that the agency addresses the issues on the merits.  Woodford, 548 U.S.

19  at 89-96.  Substantively, the prisoner must submit a complaint which affords prison

20  officials a full and fair opportunity to address the prisoner's claims.  Id. at 90, 93.

21         A federal court may nonetheless excuse a prisoner's failure to exhaust if the prisoner

22  takes "reasonable and appropriate steps" to exhaust administrative remedies but prison

23  officials render administrative relief "effectively unavailable."  See Sapp v. Kimbrell, 623

24  F.3d 813, 823 (9th Cir. 2010) ("improper screening of an inmate's administrative

25  grievances renders administrative remedies 'effectively unavailable' such that exhaustion is

26  _____

27         [2] Plaintiff filed an objection to the Medina Reply Declaration on the ground that it
presents new matter for the first time in connection with the submission of a reply brief.
Dkt. 81.  However, the declaration does not alter the Court's ultimate decision to deny

28  Defendants' motion to dismiss.  Therefore, Plaintiff's objection is overruled as moot.

not required under the PLRA."); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing prisoner's failure to timely appeal which resulted from a mistake by the warden).

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly brought as an unenumerated Rule 12(b) motion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  <u>Id.</u> at 1119-20.  When the court looks beyond the pleadings in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," it must assure that the plaintiff has fair notice of his opportunity to develop a record.  <u>Id.</u> at 1120 n.14. Failure to exhaust is an affirmative defense which must be raised and proved by the defendants.  <u>Id.</u> at 1119.  If the court concludes administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  <u>Id.</u> at 1120.

### 2.    Analysis

Defendants contend that Plaintiff failed to exhaust his administrative remedies on the ground that the only staff complaint grievance on record was not fully pursued, as it was screened out as untimely.  However, the record shows that Plaintiff timely submitted a Form 602 appeal to prison officials on May 7, 2007 – within fifteen business days of his sexual assault, as required by section 3084.6(c) of the California Code of Regulations.  First Am. Compl. at 3. In support of that allegation, Plaintiff has submitted a sworn declaration stating that he timely submitted a 602 appeal, but never received a response.  <u>Id.</u>

Defendants dispute having received Plaintiff's May 7, 2007 grievance, and assert that the only grievance he submitted in 2007 categorized as "Staff Complaint," i.e., the August 7, 2007 grievance, was screened out at the first level of review as a result of Plaintiff's failure to meet time constraints.  Mot. to Dismiss at 7.  To support their claim, Defendants proffer the declaration of E. Medina, attached to which is what is purported to be a copy of the CDCR's Inmate/Parole Appeals Tracking System Report for Level I & II ("Tracking System").  E. Medina Decl. ¶ 9 & Ex. A, Dkt. 38.  This sheet appears to be a log containing a list of Plaintiff's grievances, including the date the grievance was received and

its resolution.  Id. Ex. A.  According to Defendants, their records do not reflect that any other grievances regarding staff complaints were received.  Mot. to Dismiss at 8.

Defendants' argument is unpersuasive.  Merely because the Appeal Coordinator has no record of having received Plaintiff's Form 602 in May 2007 does not establish that Plaintiff, in fact, failed to timely submit his Form 602 appeal to the Appeal Coordinator in the first instance.  At most, it shows non-receipt rather than non-submission.  "If prison staff have disregarded or lost plaintiff's appeal, as plaintiff claims, then there would be no record of plaintiff's appeal in the databases on which defendants rely."  Sutherland v. Herrmann, No. CIV S-09-2391 WBS DAD P, 2010 WL 2303206, at *5 (E.D. Cal. June 7, 2010); Spence v. Director of Corr., No. CIV S-05-0690 GEB KJM PC, 2007 WL 61006, at 3* (E.D. Cal. Jan. 8, 2007) (noting that if prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'").  Indeed, if a claim of non-receipt were sufficient to foreclose exhaustion, prison officials, in effect, would have complete control over whether a prisoner could pursue a civil action in federal court.  Moreover, a prisoner's rights would be dependent upon the accuracy of the defendant's record-keeping priorities.

Moreover, the Tracking System is not infallible.  First, in the Medina Reply Declaration, Medina admits that the grievance that Plaintiff submitted on September 18, 2007 (log no. SVSP-D-07-04152) was misplaced by the facility.  Reply Decl. ¶ 4, Dkt. 76. This admission supports the notion that the mishandling of 602 Forms transpires in their system and that there are instances in which appeal forms are lost.  Second, Medina also stated that the SVSP-D-07-04117 grievance was received in the litigation office on September 14, 2007.  Id. ¶ 5.  Yet, according to the Tracking System log, the grievance was received on October 10, 2007, purportedly after it had already been evaluated and denied. E. Medina Decl. Ex. A at 4.  The inconsistencies in the record further undermine Defendants' contention that Plaintiff failed to exhaust his administrative remedies under the PLRA.

1    Based on the record presented, the Court finds that Defendants have failed to

2    demonstrate that Plaintiff failed to exhaust his administrative remedies.  As such,

3    Defendants' unenumerated motion to dismiss is denied.

4         **B.    FAILURE TO STATE A CLAIM**

5         Alternatively, Defendants move to dismiss the Amended Complaint for failure to

6    state a claim under Rule 12(b)(6).  However, the Court has already reviewed the sufficiency

7    of the allegations when it prescreened the pleadings in its January 2011 and April 2011

8    Orders.  The legal standard applied by the Court in its prescreening orders is the same

9    standard applicable to a Rule 12(b)(6) motion.  See Thompson v. Yates, No. 1:06-cv-

10   00763-RCC, 2011 WL 1753149, at *1 (E.D. Cal. May 6, 2011) ("The standard for

11   dismissal under Rule 12(b)(6)[,] 'failure to state a claim upon which relief can be

12   granted'[,] is identical to the standard under 28 U.S.C. § 1915A(b)[,] 'fail[ure] to state a

13   claim upon which relief may be granted'[].").  As such, Defendants' pending motion to

14   dismiss is tantamount to a motion for reconsideration.

15        In this District, a party may not file a motion for reconsideration unless it first seeks

16   and obtains leave to file such a motion.  Civ. L.R. 7-9.  Since Defendants have not

17   complied with Local Rule 7-9, the Court declines to revisit its prior prescreening Orders

18   which concluded that Plaintiff has stated cognizable claims against Defendants.  See Grove

19   v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's

20   denial of motion to tax costs which was not in compliance with the court's local rules).

21   Defendants' motion to dismiss for failure to state a claim is therefore denied.

22        **C.    QUALIFIED IMMUNITY**

23        Finally, Defendants contend that they are entitled to qualified immunity on the

24   ground that their conduct did not violate a clearly established statutory or constitutional

25   right.  Mot. to Dismiss at 9.  The defense of qualified immunity protects "government

26   officials . . . from liability for civil damages insofar as their conduct does not violate clearly

27   established statutory or constitutional rights of which a reasonable person would have

28   known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  However, this defense is

1  unavailable where, as here, the plaintiff is seeking only injunctive relief.  See Am. Fire,

2  Theft & Collission Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991)

3  ("Qualified immunity . . . does not bar actions for declaratory or injunctive relief.")

4  (quotations omitted).   Defendants' motion to dismiss on qualified immunity grounds is

5  denied.

6  **III.    CONCLUSION**

7          For the reasons set forth above,

8          IT IS HEREBY ORDERED THAT:

9          1.      Defendants' motion to dismiss is DENIED.

10         2.      The parties shall appear for a telephonic Case Management Conference on

11  **March 29, 2012 at 2:30 p.m.**  Prior to the date scheduled for the conference, the parties

12  shall meet and confer and prepare a joint Case Management Conference Statement which

13  complies with the Standing Order for All Judges of the Northern District of California and

14  the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint

15  statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to

16  set up the conference call with all the parties on the line and call chambers at (510) 637-

17  3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR

18  AUTHORIZATION OF THE COURT.

19         3.      This Order terminates Docket No. 35.

20         IT IS SO ORDERED.

21  Dated:  February 14, 2012

22                                                  SAUNDRA BROWN ARMSTRONG
23                                                  United States District Judge

24

25

26

27

28