UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAZMI AHMED BADWI,<br><br>       Plaintiff,<br><br>   vs.<br><br>WARDEN ANTHONY HEDGPETH, et al.,<br><br>       Defendants. | Case No: C 08-2221 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Docket 88 |

Plaintiff Razmi Ahmed Badwi, a prisoner who is now represented by counsel, brings the instant action pursuant to 42 U.S.C. § 1983, based on an incident which occurred at Salinas Valley State Prison ("SVSP") on or about April 24, 2007.  The parties are presently before the Court on Plaintiff's Motion Seeking Leave to File Second Amended Complaint. Dkt. 88.  Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS the motion.  The Court adjudicates the instant motion without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(a).

**I.   BACKGROUND**

Plaintiff is a disabled, wheelchair bound inmate in the custody of the California Department of Corrections.  In 2007, while housed at SVSP, Plaintiff was housed with an inmate who sexually assaulted him.  Plaintiff submitted a Form 602 administrative grievance to prison officials, but he received no response.  Plaintiff now claims that prison officials failed to process his grievances to prevent him from exhausting his administrative

remedies so that he could not file a lawsuit, and as retaliation for complaining about the assault.

On April 29, 2008, Plaintiff, acting pro se, filed the instant action in this Court, pursuant to 42 U.S.C. § 1983.  He alleges that various prison officials violated his Eighth Amendment constitutional rights by deliberately ignoring the serious risk of assault by his cellmate, that they participated in a cover-up of the sexual assault by destroying evidence and documents, and that his due process rights were violated due to the failure of SVSP officials to place him in a single cell.  Plaintiff seeks injunctive relief.  As Defendants, Plaintiff named Evans, Oyarzabal, Moore, Lews, Lee, Kates, Jones, Hjeiden, Medina, Mantel, Kessler, Mojica, Galloway, Hogan, Hubbard, Gonsan, Hatton, Bowman, Kumar, and "John Doe 1 to 60."

On January 11, 2011, the Court conducted an initial screening of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a).  1/11/11 Order at 6-8, Dkt. 9.  The Court found that Plaintiff was suing Defendants in their official capacity "[b]ecause Plaintiff seeks only injunctive relief and does not allege facts showing the named Defendants' involvement in the alleged constitutional violations."  Id. at 2.  Warden Hedgpeth was thus substituted in place of Evans.  After finding that Plaintiff had stated cognizable Eighth Amendment and conspiracy claims against Defendants Hedgpeth and Oyarzabal, the Court dismissed the claims against the remainder of the named Defendants with prejudice and the claims against Doe Defendants without prejudice.  Id. at 4-8. The Court also reserved the issue of whether Plaintiff has exhausted his administrative remedies for "a later stage of the case."  Id. at 5.  Finally, the Court dismissed Plaintiff's due process claim for failure to state a cognizable claim for relief.  Id. at 5-6.

In accordance with the January 11 Order, Plaintiff submitted his Amended Complaint.  On April 13, 2011, the Court issued an Order reviewing the sufficiency of the amended pleadings.  Dkt. 29.  In its Order, the Court affirmed its previous dismissal of the claims alleged against Defendants other than Hedgpeth and Oyarzabal, and denied reconsideration with respect to Plaintiff's due process claim.  Id. at 3-5.  After an

1  unsuccessful settlement conference before Magistrate Judge Vadas on April 20, 2011,
2  Defendants filed their answer to the Amended Complaint. Shortly thereafter, the Court
3  appointed Cooley Godward LLP as counsel for Plaintiff. Dkt. 33.

4        On June 13, 2011, Defendants filed an unenumerated motion to dismiss under Rule
5  12(b) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies,
6  and under Rule 12(b)(6) for failure to state a claim. On February 14, 2012, the Court issued
7  an Order denying Defendants' motion. Dkt. 97. The Court found that Defendants had
8  failed to demonstrate that Plaintiff had not exhausted his administrative remedies. In
9  addition, the Court rejected Defendants' arguments regarding the sufficiency of the
10  pleadings and qualified immunity.

11        Shortly before the Court issued its ruling on the aforementioned motion to dismiss,
12  Plaintiff filed the instant motion for leave to file a Second Amended Complaint ("SAC").
13  Specifically, Plaintiff seeks to add First Amendment claims based on allegations that
14  Defendants inadequately handled and responded to his grievances in order to deny him
15  access to the courts and to retaliate against him for reporting the sexual assault. See
16  Proposed SAC ¶¶ 67, 78, 79. In addition, Plaintiffs seeks to add a prayer for damages and
17  additional factual allegations to support his claims. Defendants respond that the SAC "is
18  based on the same allegations as his first amended complaint," and that Plaintiff failed to
19  exhaust those claims, as required by the Prison Litigation Reform Act ("PLRA").
20  Alternatively, Defendants contend that Plaintiff does not have a constitutional right to a
21  grievance system, and therefore, his proposed claims are futile.[1]

22  **II.**    **DISCUSSION**

23        Federal Rule of Civil Procedure 15 provides that leave to amend a complaint should
24  be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "is to be
25  applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
26  1051 (9th Cir. 2003). "Four factors are commonly used to determine the propriety of a

27
28      [1] Defendants have not expressed any opposition to the other proposed amendments.

motion for leave to amend.  These are:  bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted).  Of these factors, prejudice "carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The party opposing the amendment carries the burden of showing why leave to amend should not be granted.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  The decision to grant or deny a request for leave to amend rests in the discretion of the trial court.  See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

      Defendants do not claim that permitting Plaintiff to join additional claims would be prejudicial, or that he unduly delayed or is acting in bad faith in seeking to amend.  In fact, their only argument as to why leave to amend should be denied is that such amendment would be futile because Plaintiff allegedly failed to exhaust his administrative remedies.  Defs.' Opp. to Pl.'s Mot. for Leave to File a SAC, Dkt. No. 902012) ("Opp'n") at 4-13.  In particular, Defendants argue that Mr. Badwi failed to exhaust because he did not submit a timely grievance form following the sexual assault as required by the PLRA.  Id. at 10.  However, this is the same argument which Defendants made in their previous motion to dismiss and which the Court rejected in its order denying said motion.  2/14/12 Order at 5-7.[2]

      Defendants also argue that Plaintiff's proposed First Amendment claims are futile on the grounds that prisoners lack a liberty interest in a prison grievance system.  Opp'n at 13.  It is true that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  But Plaintiff is not alleging that the prison's grievance system itself is flawed.  Rather, he is claiming that Defendants failed to adequately process his grievances so that he could not exhaust his

---

[2] In fairness to Defendants, the Court notes that Defendants' filed their opposition to Plaintiff's motion for leave to amend before the Court issued its ruling on Defendants' motion to dismiss.

claim, and ergo, seek judicial relief. Proposed SAC ¶¶ 67, 78. Prisoners have a constitutional right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Prison officials may be sued under § 1983 for retaliating against a prisoner for exercising his or her constitutional rights. Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th Cir. 1995). As such, whether or not Plaintiff has a liberty interest in the prison's grievance system is inapposite.

### III.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion Seeking Leave to File Second Amended Complaint is GRANTED. Plaintiff shall e-file his Second Amended Complaint within two days of the date this Order is filed.

2. This Order terminates Docket No. 88.

IT IS SO ORDERED.

Dated: April 27, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge